#1407
LOUIS SPITTERS - SBN 112064
LAW OFFICES OF LOUIS SPITTERS
96 North Third Street, Suite 500
San Jose, California  95112
(408) 293-0463


Attorneys for Defendants,
EDWARD Z. BINE-STOCK, Individually,
E & E STEEL TRADING and
E & E GROUP, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THIRU J. IMMANUEL AND IMMANUEL METAL CORPORATION,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>EDWARD Z. BINE-STOCK, INDIVIDUALLY, E & E STEEL TRADING, and E & E GROUP, LLC,<br><br>　　　　Defendants. | Case No.  C 07 3402 JCS<br><br>DECLARATION OF EDWARD. Z. BINE-STOCK IN SUPPORT OF PETITION TO ENFORCE PRE-LITIGATION MEDIATION AND ARBITRATION AGREEMENT AND FOR DISMISSAL OF ACTION; AND IN SUPPORT OF ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR POSTING COST BOND BY PLAINTIFF<br><br>DATE:　　December 14, 2007<br>TIME:　　9:30 a.m.<br>CTRM:　　A<br>MAGISTRATE JUDGE: Hon. John C. Spero |

DECLARATION OF DEFENDANT EDWARD Z. BINE-STOCK IN SUPPORT OF

PETITION TO ENFORCE MEDIATION AND ARBITRATION AGREEMENT

AND MOTION TO DISMISS AND FOR POSTING OF COST BOND

I, Edward Z. Bine-Stock, declare:

　　1.　　I am one of the Defendants in this action and am a resident of the Town of Sausalito, California.  I have personal knowledge of the matters set forth herein.  If called to testify, I could and would competently testify as to the truth of the facts set forth herein.

2.  I am the CEO and Managing Director of E&E Group, LLC, one of the defendants in this action. E&E Group, LLC is a California Limited Liability Company organized and operating under the laws of the State of California, in good standing, with its principal place of business located in Sausalito, California. The defendant identified a E&E Steel Trading is a fictitious business name, properly registered in the County of Marin, and which is owned and used by E&E Group, LLC.

3.  This action arises from a contract entered into between E&E Group, LLC and Immanuel Metal Corporation, which this declarant is informed and believes is an corporation organized and operating under the laws of India with its principal place of business inTuticorin, India, and which is owned or operated by Plaintiff J. Immanuel. This declarant, based upon his communications with Plaintiff J. Immanuel is informed and believes that he is a citizen and resident of India, and is not a citizen or resident of the United States. A true and accurate copy of the parties' Agreement involved in this action, with a cover transmittal letter I understand to be signed by Plaintiff J. Immanuel, is attached hereto, incorporated by reference herein, and marked as Exhibit A. This document was received in the ordinary course of business by E&E Group, LLC from Plaintiff Immanuel Metal Corp. The only parties to the agreement are E&E Group, LLC and Immanuel Metals Corp. At all times relating to this transaction, this declarant was acting in the course an scope of the offices with E&E Group, LLC. E&E Steel Trading is a fictitious trade name owned by E&E Group, LLC and has no separate legal existence apart from the company. This declarant respectfully submits that the only proper parties to this dispute are the E&E Group, LLC and Immanuel Metal Corp.

4.  The contract, which I understand was executed by Plaintiff on February 29, 2006 and was executed by this declarant on March 31, 2006, provides for E&E Group, LLC to broker the sale of 1,000 metric tons of steel scrap for delivery to Plaintiffs in India at a price of $210,000 (in U.S. dollars), as set forth in Sections I through IV of the Agreement. The contract further provides for a 25% non-refundable deposit, or $52,500 as set forth in Section XI of the agreement. The deposit is declared to be non-refundable to cover E&E Group LLC's expenses and lost profits

in the event the buyer fails to perform its obligations under the agreement, as provide in Section XX, paragraphs 20.2 and 20.3 of the Agreement.

5. After Immanuel Metal Corp. tendered the deposit and after E&E Group, LLC commenced efforts to perform its obligations under the Agreement, Immanuel Metal Corp. breached the Agreement by failing to procure and furnish to the E&E Group a "Confirmed, Irrevocable, Assignable, Divisible and Transferable Letter of Credit" as required by Section XI, paragraph 11.2 of the Agreement.  See Exhibit A: which includes an April 29, 2006 Fax from The South Indian Bank, Ltd. to Plaintiffs stating: "We wish to inform you that as an internal policy Measure our bank has Barred issuing Draft Letter of Credit."  This document was received in the ordinary course of business by E&E Group, LLC with the executed Agreement from Plaintiffs.

6. E&E Group, LLC gave Immanuel Metal Corp. notice of its non-compliance with this essential requirement of the Agreement mandating that it obtain a Letter of Credit.  Immanuel Metals Corp. thereafter failed or refused to produce the required Letter of Credit.  The Agreement requires this form of a letter of credit as security for the buyer's payment of the contract price.  Immanuel Metals Corp. could have obtained a letter of credit by transferring funds from its bank to another bank that would issue a letter of credit, but it failed or refused to take such action.

7. Subsequent to Immanuel Metal Corp.'s failure and refusal to meet its obligations under the agreement, E&E Group declared that Immanuel Metals Corp. had breached the agreement, and advised Immanuel Metal Corp. that E&E Group would terminate the Agreement and retain the non-refundable deposit to cover its expenses and lost profits from the transaction.

8. Prior to bringing this action, Immanuel Metal Corp. has not attempted to initiate any mediation or arbitration proceedings to resolve this dispute.  E&E Group, LLC has advised Immanuel Metal Corp. of its obligation to mediate or arbitrate this dispute, but Immanuel Metal Corp. has not agreed to do so.

9. The Agreement provides for a **pre**-litigation mediation and arbitration process, at Section XXXII, as follows:

> "32.1 Any and all disputes arising out of this Final Contract shall be attempted in good faith to be settled amicably amongst the Parties.  Should such dispute(s) not be able to be resolve through such amicable negotiation, ans said, within a reasonable

|   |   |   |
|---|---|---|
| | | period of time, then the dispute(s) arising out of or in connection with the present Agreement, including any question regarding its existence, validity, or termination, or breach or alleged breach thereof, shall be submitted to consideration and settlement in the first instance to a qualified Mediator chosen by the mutual agreement of all Parties. . . Thereafter, should the Parties fail to arrive at an amicable settlement as a result of said Mediation, the Matter shall be submitted for consideration and settlement to a triumvirate of qualified Arbitrators chosen by the mutual agreement of all Parties. . . However, the decision of the Arbitrators shall not be final and binding upon all Parties but may be appealed by any Party in [a]. . . Court of Law. |
| | 32.2 | The purpose of said adjudicatory process is two-fold: |
| | | a.   to save expense as to any an all costs and related expenses whenever possible; and |
| | | b.   to give the Parties a practical, progressive indication of the possible final and binding outcome of adjudication, thereby precluding the possibility of unnecessary expenditure as to Time and Effort, as well as to costs and related expenses of any kind." |

10.   Based upon my review of the complaint in this action, it appears that Immanuel Metal Corp. is improperly attempting to recover the $52,500 deposit paid under the contract, which deposit it forfeited by its breach in failing to obtain a letter of credit securing its payment of the contract price. E&E Group, LLC could not reasonably be expected to acquire 1000 metric tons of scrap steel and to arrange for its delivery in India without absolute assurance that it would be paid. The complaint appears to be drafted in an effort to recover the deposit without making reference to the parties' Agreement that requires the parties to attempt to resolve any dispute relating to the Agreement through Mediation and non-binding Arbitration prior the filing of any court action.

11.   The Agreement contains a venue provision calling for any proceedings to occur in London, England. Defendants do not seek enforcement of that provision, and it may be excised from the above-quoted portion of the Agreement as provided for in Section XXVIII.

12.   I therefore request the Court enforce the Mediation and Arbitration provisions of the parties' agreement, and dismiss this action, as it is premature. I also request that the Court order Plaintiffs to post a Cost Bond to secure payment of the costs and attorneys fees Defendants are likely to incur in this action. Given that Plaintiffs are non-citizens and residents of India, there is no way to assure that Defendants will be able to recover the costs and attorneys fees they are likely to incur in this action unless the Court orders Plaintiff to post a Cost Bond.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct and that is declaration is executed on October 25, 2007 at Sausalito, California.

        /s/    EDWARD Z. BINE-STOCK
Edward Z. Bine-Stock, declarant

ATTORNEY ATTESTATION

I, LOUIS SPITTERS, attest:

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed on October 25, 2007 at San Jose, California.

        /s/    LOUIS SPITTERS
LOUIS SPITTERS