# EXHIBIT "A"

✝

Phone :        2326232
Fax    : 0461-2326234
Resi.  :        2323018

# *Immanuel Metal Corporation*

### 389/4, W.G.C. Road,
### TUTICORIN - 628 001. INDIA.

**received**
09|25|07

## *FERROUS & NON FERROUS METAL IMPORT & EXPORT*

Date: 29th April, 2006

To,

E & E Steel Trading,
1001 Bridgeway, #227
Sausalito,CA
USA

Dear Mr Edward & Mrs Shirley,

Sub: Executed Final Contract For Final Execution from E & E

I have enclosed both the duplicates of the Final Contract Ref. No. C-E&E-IMC-0001-06 received from you and also I have initialed, signed and sealed where ever indicated. Please emboss and send one of the duplicates.

Mr. D. Jebasither my father and the Vice President of the company will be coming there to California to meet you on 16th May 2006 at 5.00 Pm as you indicated through mail. Please confirm the appointment to us. He is in charge of the Scrap division. He will talk to you about the future business.

Yours truly,

Immanuel Metal Corporation

IMMANUEL METAL CORPORATION
389/4, W. G. C. ROAD,
TUTICORIN - 628 001.
INDIA.

Immanuel J
Sole Proprietor

Encl: Final Contract Ref. No. C-E&E-IMC-0001-06 2 Copies



## ANOTHER E & E CONTRACT

## FINAL SALES & PURCHASE CONTRACT

### E&E Contract Reference No.:C-E&E-IMC-0001-06

### E&E Transaction Reference No.: E&E-IMC-HMS1-1000MT-120

### Contract Construction Date: 23rd March, 2006

**SELLER**
E & E Steel Trading, a Registered Trade Name of THE E & E GROUP LLC
1001 Bridgeway, #227
Sausalito, CA 94965
U.S.A.
Represented by: Edward Z. Bine-Stock, Esq., CEO & Managing Director
Telephone: +1-415-331-4025
Fax: +1-415-331-4023
Email: EandEGroup@EandEGroup.com
Website: www.EandEGroup.com
Bank: Wells Fargo
Bank Address: 715 Bridgeway, Sausalito, California 94965 USA
Bank Telephone: +1-415-332-3355
Bank Fax: +1-415-331-5654
SWIFT Code: WFBIUS6S
Account Number: 5190165786

**BUYER**
Company Name: Immanuel Metal Corporation

**E & E Steel Trading®**
**a Registered Trade Name of THE E & E GROUP LLC**
**Telephone: (415) 331-4025    Fax: (415) 331-4023**
**Email: EandEGroup@EandEGroup.com**
**Web Site: www.EandEGroup.com**
**Address: 1001 Bridgeway, #227**
**Sausalito, Marin County, California 94965**
**U.S.A.**

**Initials of Parties:**    1. _EZBE_    2.





Address: 389/4, W.G.C. Road, Tuticorin 628 001, India
Tel.: 011-91-461-2326232; Cell: 011-91-94434-77944
Fax: 011-91-461-23226234
Email: Immanuel_imc@yahoo.com
Represented by: Mr. J. Immanuel, Sole Proprietor
Website: N/A

Originating Bank for LC: The South Indian Bank Ltd.
Bank Address: Post Box No. 102, 40-41 Pereira Street, Tuticorin 628 001, India
Bank Telephone: +91-461-2330158
Bank Fax: +91-461-2321693
Sort Code:
SWIFT Code: SOININ55090
Account Number: 81-1414
Account Name: M/S Immanuel Metal Corporation
Bank Officer: Mr. Ramesh (Manager), Code No. 1280

Confirming Bank for LC: a Corresponding Bank of Wells Fargo Bank, N.A., USA,
details of which to be advised by Buyer
Bank Address:
Bank Telephone:
Bank Fax:
Sort Code:
SWIFT Code:
Account Name:
Account Number:
Bank Officer:

Originating Bank for Wire Transfer: The South Indian Bank Ltd.
Bank Address: Post Box No. 102, 40-41 Pereira Street, Tuticorin 628 001, India
Bank Telephone: +91-461-2330158
Bank Fax: +91-461-2321693
Sort Code:
SWIFT Code: SOININ55090
Account Number: 81-1414
Account Name: M/S Immanuel Metal Corporation
Bank Officer: Mr. Ramesh (Manager), Code No. 1280

$$E \& E = mc^2 \text{ }^{SM}$$

Page 2 of 29

**Initials of Parties:**    1.    2.

EZBE



Corresponding Bank for Wire Transfer: American Express Bank, Ltd.
Bank Address: New York, NY, USA
Bank Telephone:
Bank Fax:
Sort Code:
SWIFT Code:
Account Name:
Account Number:
Bank Officer:

**EXCLUSIVE AGENT FOR SELLER**
Name: Mr. Bernie Slaughter, E&E Director of Scrap Sales
Address: c/o P.O. Box 80706, Seattle, WA 98108
Tel.: 206-992-1671
Fax: 206-763-3844
Email: bernieslaughter@seasquall.com
Website: N/A

**EXCLUSIVE AGENT FOR BUYER**
Company Name: Global Multivision
Address: Raja: 27 Royal Crest Drive, #6, Nashua, NH 03060, USA
Sampath & Vimala: 1850 Columbia Pike, #411, Arlington, VA 22204
Represented by: Mr. Raja Ramasamy ; Sampathkumar Rengarajan; Vimala Mariappan
Tel.: Raja: (603) 821-1737; Sampath: (703) 286-7959; 717-991-1326
Fax: Raja: (253) 322-5708; Sampath: (703) 286-5906
Email: raja@globalmultivision.com; sampath@globalmultivision.com;
vimala@globalmultivision.com
Website: N/A

## I. SUBJECT OF CONTRACT

This Contract is made by and between the Seller and the Buyer whereas the
Seller commits to sell and the Buyer commits to buy the under-mentioned

$$E \& E = mc^2$$ SM

Page 3 of 29

**Initials of Parties:**     1. _____   2. _____
EZBE



**E & E**
**Steel Trading** ®

goods subject to the Terms, that is, Conditions and Warranties, as stipulated below:

---

## II. DESCRIPTION OF GOODS AND SPECIFICATION

---

HMS (Heavy Melting Steel Scrap) 1 according to ISRI Code 200, 201 and 202 and the Specification in Appendix I.

---

## III. TOTAL QUANTITY

---

1,000 Metric Tonnes (One-Thousand Metric Tonnes) +- 5% of HMS 1 to be delivered within a period of approximately 30 to 45 Business Days from acceptance by Seller's Bank of Buyer's Operative Letter of Credit (LC) and according to the Delivery Schedule in Appendix II.

---

## IV. PRICE

---

The price of the Goods is established in United States Dollars (USD). The price of the goods is USD 210 (Two-Hundred-Ten USD) per Metric Tonne C&F (that is, CFR) Tuticorin Port per Incoterms 2000.

---

## V. PORT OF DELIVERY OF THE GOODS

---

Port of Tuticorin, India.

---

## VI. PACKING AND MARKING

---

**6.1** Packing: The Goods shall be packed loose in 20-foot Containers, each holding an average of 23.5 Metric Tonnes (+/- 5%). The packing shall be standard Export packing.

**6.2** Marking: The marking shall be the standard Export marking.

$$E \& E = mc^2$$ SM

Page 4 of 29

**Initials of Parties:**  1. _EZBE_  2.



## VII.    INSPECTION

**7.1** Inspection as to Quality and Quantity is to be performed by the premier independent inspection company, Messrs. Alex Stewart Assayers at the Loading Port, at the Seller's expense.

**7.2** Should the Buyer wish to be present during the Inspection at the Loading Port, he is invited to do so at his sole expense.

## VIII.    INVOICING

Invoicing is to be made on the basis of net Bill of Lading weight as duly certified by the Scrap Yard(s) and by the premier independent inspection company, Messrs. Alex Stewart Assayers.

## IX. DELIVERY

The Issuance Date(s) of the Bill(s) of Lading shall be considered the date(s) of Delivery. Delivery of the first consignment of Goods is to be made within approximately 30 (thirty) to 45 (fourty-five) Business Days from the date of acceptance of the Letter of Credit by the Seller's bank.

## X.    NOTICE OF DELIVERY

**10.1**    Within 48 hours after completion of Delivery of the Goods past the Ship's rail, the Seller shall send to the Buyer a Delivery Advice by fax or email with the following details:
- Contract Number.
- Name of commodity and its quantity/weight.
- Bill of Lading number and its date.

**10.2**    The following documents shall be presented to the Buyer for each delivered lot of Goods:

$$E \& E = mc^2 \text{ } ^{\text{SM}}$$

Page 5 of 29

**Initials of Parties:**    1. _____    2. _____

EZBE



- **10.2.1** Original signed Commercial Invoice issued by Seller (4 (four) duplicates, each having the legal force of an original) covering the quantity and net weight delivered.
- **10.2.2** Full set of original and 4 non-negotiable copies of Bill of Lading, made out to the order of the Buyer.
- **10.2.3** Original inspection certificate (1 original and 3 copies) of quantity, weight and quality issued by Messrs. Alex Stewart Assayers at Loading port. The obtaining of said certificate shall be paid for by the Seller. The inspection certificate shall be as per the format in Annexure 1 to Appendix 28 issued by the Government of India, Ministry of Commerce
- **10.2.4** Packing list.
- **10.2.5** Original or Duplicate of Certificate of Origin issued by Chamber of Commerce confirming USA origin.

The Seller shall fax or email or courier one set of non-negotiable Delivery documents enumerated in Paragraph 10.2 above to the Buyer within 7 (seven) Business Days after Bill of Lading date.

## XI. PAYMENT FOR GOODS

Payment for the Goods delivered under this Contract shall be effected in United States Dollars (USD).

**11.1.**    Upon Seller's issuance by email or fax of emailed Pro Forma Invoice/Acknowledgement of Order, the Buyer undertakes, within 3 (three) Business Days, to pay by Wire Transfer ("T/T") to the Seller via the Seller's Bank Account indicated on the face of Page 1 of this Final Contract, a Earnest Monies/Good Faith Deposit in the amount of 25% (Twenty-Five Percent) of the Total Value of this Contract. The Total Value of this Contract is USD 210,000 (Two-Hundred-Ten-Thousand USD). The Earnest Monies/Good Faith Deposit shall be in the sum of USD 52,500 (Fifty-Two-Thousand-Five-Hundred USD). The prompt payment of said Earnest Monies/Good Faith Deposit shall be a Condition Precedent of this Final Contract between or amongst the Parties.

$$E \& E = mc^2$$ SM

Page 6 of 29

**Initials of Parties:**    1.  EZBE    2.



**11.2.**    75% (Seventy-Five Percent) of the Invoice value shall be paid by the Buyer to the Seller by issuing a Confirmed, Irrevocable, Assignable, Divisible and Transferable Letter of Credit (LC) payable at Sight, confirmed by a Corresponding Bank of Wells Fargo Bank, N.A., USA, with the validity of at least 90 (ninety) days, filled by deposit of USD 157,500 (One-Hundred-Fifty-Seven-Thousand-Five-Hundred USD) plus an additional deposit of 5% of the Invoice value to allow for +/-5% in quantity/weight of Goods delivered, that is, USD 10,500 (Ten-Thousand-Five-Hundred USD), for a total of USD 168,000 (One-Hundred-Sixty-Eight-Thousand USD), covering 1,000 (One-Thousand) Metric Tonnes +/-5% of Goods and payable at Sight.

The appropriate portion of the Letter of Credit amount shall be payable immediately upon presentation of the documentation enumerated in Paragraph 10.2 above.

The Letter of Credit must allow for:

    **a.**    +/-5% in quantity/weight (per each lot of Goods delivered) and in LC amount.
    **b.**    Third party documents allowed except Invoice.
    **c.**    All banking charges outside Seller's Bank are for Buyer's account.
    **d.**    Confirmation by a Corresponding Bank of Wells Fargo Bank, N.A., USA, to Seller's/Beneficiary's Account.
    **e.**    Validity of 15 (fifteen) Business Days for negotiations after Bill of Lading(s) (BL) date.

The Parties agree to the following procedure:

**11.3.**    Within a reasonable period of time of final execution of this Final Contract, the Seller shall invite the Buyer's primary decision-maker, namely, Mr. J. Immanuel, to be his guest at a location in California designated by the Seller in order to discuss business matters "face-to-face". The Seller shall be Mr. Immanuel's host for said meeting (which meeting shall be mandatory).

**11.4.**    Within a reasonable period of time of exchange of originals of this Final Contract by courier (such as FedEx, DHL, UPS, etc.), and of said subsequent meeting, the Buyer shall provide the Seller with the Buyers'



$$E \& E = mc^2$$ SM

Page 7 of 29

**Initials of Parties:**    1.    2.
EZBE    JI



Bank Letter of Readiness indicating the Buyer's readiness to issue a Confirmed, Irrevocable, Assignable, Divisible and Transferable Letter of Credit payable at Sight. The format of the Bank Letter of Readiness is provided in Appendix <u>III</u> and the complete text of the Letter of Credit is provided in Appendix <u>IV</u>.

**11.5.**     Within a reasonable period of time of receipt by the Seller of the Buyer's Bank Letter of Readiness, the Buyer's Bank shall issue a Pre-Advice, informing the Seller's Bank by SWIFT that according to the Buyer's instructions, a Confirmed, Irrevocable, Assignable, Divisible and Transferable Letter of Credit (LC) will be issued within 10 (ten) Business Days by a Corresponding Bank of Wells Fargo Bank, N.A., USA, with the validity of at least <u>90 (ninety) days</u>, filled by deposit of USD <u>157,500</u> (<u>One-Hundred-Fifty-Seven-Thousand-Five-Hundred USD</u>) plus an additional deposit of 5% of the Invoice value to allow for +/-5% in quantity/weight of Goods delivered, that is, USD <u>10,500</u> (<u>Ten-Thousand-Five-Hundred USD</u>), for a total of USD <u>168,000</u> (<u>One-Hundred-Sixty-Eight-Thousand USD</u>), covering <u>1,000</u> (<u>One-Thousand</u>) Metric Tonnes +/-5% of Goods and presented to the Seller's Bank.

**11.6.**     Within a reasonable period of time of receiving the Pre-Advice indicated in Paragraph <u>11.5</u> above, the Seller's Bank shall confirm to the Buyer's Bank the Seller's readiness to accept the LC.

**11.7.**     Within a reasonable period of time of the issuance of the said Seller's Bank confirmation of readiness to accept the LC, the Buyer's Bank shall carry out the transfer of the LC to the Seller's Bank.

---

## XII.     COST OF FINANCIAL INSTRUMENTS

---

The Seller shall bear the costs of financial documents opened by the Seller. Likewise, the Buyer shall bear the cost of financial instruments opened by the Buyer.

$$E \& E = mc^2 \text{ }^{SM}$$

Page 8 of 29

**Initials of Parties:**     1. _____     2. _____

EZBE



---

### XIII.    VESSEL

---

The Seller shall be responsible for the nomination and berthing of the appropriate Vessel and the loading of the Goods onto the said Vessel according to C&F (that is, CFR) Incoterms 2000.

---

### XIV.    ACCEPTANCE OF GOODS

---

The Goods delivered under the present Contract are considered as delivered by the Seller and accepted by the Buyer in respect to quantity according to the weight certificate of the aforementioned Independent, Professional Inspector, issued in the Loading Port and Bills of Lading indicating the net weight, number of Containers; and with respect to quality according to the quality certificates of the aforementioned Independent, Professional Inspector and of the Scrap Yard(s).

The right of property of the Goods, as well as the risks of damage to or loss of the Goods shall be transferred from the Seller to the Buyer at the moment of drawing upon the Buyer's LC by the Seller in payment for the consignment(s) of Goods.

In case the Buyer does not accept the Goods after presentation of documents, the Seller has the right to terminate the Contract and the Buyer must compensate the Seller for all losses and damages suffered.

---

### XV.    STORAGE & DEMURRAGE

---

15.1    The Goods shall be stored in the Port at the Seller's expense up to the beginning of loading, except in the case of Force Majeure, wherein the payment of any lawful charges levied shall be divided equally between the Buyer and the Seller.

15.2    The Seller shall pay for Demurrage of the Vessel in the event that the Goods are not loaded within the period allowed except in the case of Force Majeure, wherein the payment of any lawful charges levied shall be divided equally between the Buyer and the Seller.



$$E \& E = mc^2 \quad \text{SM}$$

Page 9 of 29

**Initials of Parties:**    1. _____    2. _____
EZBE



---

## XVI.    LICENSES

---

The Seller is responsible to arrange the necessary licenses and documents for Delivery to the Buyer. The Buyer shall be responsible for drawing up the licenses for the import to the country of destination.

---

## XVII.    COUNTRY OF DESTINATION

---

The Buyer specifies in writing herein the country of destination to be <u>India</u>. The Goods may be exported to this country of destination only. Re-export of the Goods can be legal only under the express written approval of the Seller. In no case will the Seller permit the delivery to or re-export to a country of destination which comes within any restriction in accordance with the requirements of U.S. Law.

---

## XVIII.    FRANCHISE

---

In case weight is ascertained at Seaport of Loading to be beyond a weight franchise of +/-5%, then the value of the total weight difference is to be compensated between Buyer and Seller within a reasonable period of time of the Loading of the Goods.

---

## XIX.    FORCE MAJEURE

---

**19.1**    This Final Contract shall be subject to Force Majeure should any of the Force Majeure circumstances occur and have no less a duration than 7 (seven) days, namely: government restrictions, natural calamity, fire, act of elements, war hostilities (where war be declared or not), invasion, military operation, revolution, insurrection, civil war, riots, strikes, lockouts or break downs, blockage arising out of an act of God, verified illness of a grievous nature on the part of the person(s) responsible for this Contract within the Seller and/or Buyer Company(s), preventing the Buyer/Seller from wholly or partially carrying out the Contract, then the Contract shall be extended with mutual agreement for as long as these circumstances

$$E \& E = mc^2 \text{ sm}$$

Page 10 of 29

**Initials of Parties:**    1. _____    2. _____

EZBE



prevail. However, each of the Parties to this agreement shall have the right to terminate this agreement in the event of a government restriction on export/import of metal goods. Such aforementioned condition(s) shall be conveyed immediately in writing to the other Party in the event of Force Majeure circumstances occurring.

19.2    In the event of such Force Majeure circumstances continuing for more than 2 (two) months, either party has the right to refuse to fulfill its Contractual obligation and shall immediately advise the other Party in writing of the commencement and termination of the circumstances preventing the performance of this Final Contract.

19.3    A certificate issued by the respective Chamber of Commerce of the Seller's or the Buyer's country shall be sufficient proof of the existence and duration of such Force Majeure circumstances.

19.4    However, it is understood by all Parties to this Contract that in no case whatsoever shall any Deposit Monies of any kind paid by the Buyer to the Seller be refunded in any manner whatsoever. Nothwithstanding the above, the Seller shall apply any Deposit Monies paid to a future Order, if any, of the same or greater quantity, if placed within a reasonable period of time.

## XX.    PENALTY

20.1    In case of failure to supply any consignment of Goods within the agreed 30 to 45 Business Day time period due to the Seller's fault, the Seller shall compensate the Buyer by delivering the undelivered consignment within an additional 30 (thirty) Business Days, without the application of penalties. Should the Seller fail to fully supply the consignment of Goods within the said additional 30 (thirty) calendar days, Seller shall pay a penalty at a rate not exceeding 0.1% (zero point one percent) *per diem* of the value of the undelivered consignment of Goods, but not exceeding 1% (one percent) of the value of the undelivered consignment of Goods. If the Seller does not deliver the undelivered consignment after the said additional 30 (thirty) Business Days, the Buyer has the right to demand the cancellation of the Contract.

20.2    In case of default by the Buyer of conditions of the Contract (in particular, but not limited to, Paragraphs 11.1 through 11.7 above), the Buyer shall pay to the Seller a penalty in the amount of 0.1% (zero point one percent) of the LC amount for every full day of delay, but not



$E \& E = mc^2$ SM

Page 11 of 29

**Initials of Parties:**    1. _____  2. _____
EZBE



exceeding 1% (one percent) of the LC amount. In addition to said maximum 1% (one percent) LC amount, Buyer shall pay to the Seller the Seller's Loss of Profit and other Damages and Legal Costs and Fees including, but not limited to, Seller's Attorneys' Fees.

**20.3**    However, it is understood by all Parties to this Contract that in no case whatsoever shall any Deposit Monies of any kind paid by the Buyer to the Seller be refunded in any manner whatsoever. Nothwithstanding the above, the Seller shall apply any Deposit Monies paid to a future Order, if any, of the same or greater quantity, if placed within a reasonable period of time.

---

## XXI.    PROOF OF PRODUCT

---

**21.1**    Proof of the existence of the Goods being sold in accordance with this Final Contract shall be effected by inspection by the Buyer or the Buyer's Authorised Representative at the Loading Port(s) (at Buyer's sole expense), at the time of Professional Inspection, said inspections to be arranged by the Seller.

**21.2**    Further, proof of existence of the Goods shall be certified by the local Chamber of Commerce in the jurisdiction(s) in which the Goods are located. Said certification by the local Chamber of Commerce shall be provided within a reasonable period of time after the acceptance by the Seller's Bank of the Buyer's LC.

---

## XXII.    GOVERNING LAW: SUBSTANTIVE JURISDICTION

---

This Contract is a full recourse, commercial Contract concluded under the substantive Law of England under which applicable law the construction, interpretation, execution, validity, enforceability, performance and such other matters related hereto shall be governed.

---

## XXIII.    VENUE: GEOGRAPHICAL JURISDICTION

---

The Venue for resolving Disputes in person shall be London, England, United Kingdom.

$$E \text{ \& } E = mc^2$$ SM

Page 12 of 29

**Initials of Parties:**    1. _EZBE_    2.



## XXIV.    CONFIDENTIALITY: NCNDA AND WORKING AGREEMENT

An NCNDA (Non-Circumvention, Non-Disclosure Agreement) and Working Agreement provided by the Seller shall be executed by both Buyer and Seller and their Agent(s) as a Condition Precedent of this Contract.

## XXV.    PARTIES BOUND

This Agreement shall be binding upon all Undersigned Parties and their Heirs, Successors, Agents, Associates, Affiliates and Assignees. Each Party shall take reasonable steps to ensure that their Employees, Agents, Representatives, Officers, Independent Contractors, Shareholders, Principals, and other Third Parties whomsoever or whatsoever also abide by the provisions of this Agreement.

## XXVI.    NOTICES

All notices, demands, consents, or requests given by the Parties shall be in writing and shall be transmitted by Telecopier or other means of Facsimile transmission and/or by email with return confirmation requested, and/or by Post, Postage Prepaid, to the other Party at the last Facsimile Number or email Address or Mailing Address the Party had designated by appropriate Notification / Communication.

## XXVII.    LANGUAGE

The Language in this Agreement shall be in all cases construed simply according to its fair meaning and not strictly for or against any of the Parties.

$$E \& E = mc^2 \text{ }^{SM}$$

Page 13 of 29

**Initials of Parties:**   1. _____ EZBE   2. _____ JI



## XXVIII.  SEVERABILITY

Should any portion of this Agreement be declared invalid or un-enforceable by a Court of Law in the agreed jurisdiction, then such a portion shall be deemed to be severable from this Agreement but shall not affect the remainder thereof.

## XXIX.    INTEGRATION

This Agreement constitutes the entire Final Sales and Purchase Contract between or amongst the Parties and supersedes all prior Discussions, Negotiations and Agreements relating to such Sales and Purchase Contract, whether oral or written. The Parties further intend that this Final Sales and Purchase Contract constitutes the complete and exclusive statement of its Terms (Conditions and Warranties) and that no extrinsic evidence whatsoever may be introduced in any Judicial or Arbitration or Mediation proceedings involving this Agreement, unless such evidence, such as, but not limited to, an Agreement, is express and in writing and is signed in writing by all of the Parties thereto, attesting to its authenticity.

## XXX.     AMENDMENTS

Any change in, or amendment to, this Agreement including oral modification supported by any New Consideration, must be reduced to express written words, and must be signed by all Parties before it is considered as having become effective.

## XXXI.    WAIVER

No waiver or default of any Part of this Agreement by any Party shall be implied from any omission to take action against the Defaulting Party by the

$$E \& E = mc^2$$ SM

Page 14 of 29

**Initials of Parties:**  1. _____  2. _____
EZBE



Aggrieved Party. One or more waiver(s) of any Covenant or Term (Condition or Warranty) of this Agreement by any Party shall not be considered to be a waiver of any subsequent or similar acts of Omission and/or Commission.

## XXXII.    DISPUTES

**32.1**    Any and all disputes arising out of this Final Contract shall be attempted in good faith to be settled amicably amongst the Parties. Should such dispute(s) not be able to be resolved through such amicable negotiation, as said, within a reasonable period of time, then the dispute(s) arising out of or in connection with the present Agreement, including any question regarding its existence, validity or termination, or breach or alleged breach thereof, shall be submitted for consideration and settlement in the first instance to a qualified Mediator chosen by the mutual agreement of all Parties. The place of Mediation shall be London, England. The language to be used in the Mediation proceedings shall be English. The duration of the Mediation proceedings shall be no longer than six hours. The governing Law of this Contract shall be the substantive Law of England. Thereafter, should the Parties fail to arrive at an amicable settlement as a result of the said Mediation, the Matter shall be submitted for consideration and settlement to a triumvirate of qualified Arbitrators chosen by the mutual agreement of all Parties. The place of Arbitration shall be London, England. The language to be used in the Arbitration proceedings shall be English. The duration of the Arbitration proceedings shall be determined by the Arbitrators. The governing Law of this Contract shall be the substantive Law of England. However, the decision of the Arbitrators shall not be final and binding upon all Parties but may be appealed by any Party in an English Court of Law situated in London. The decision of the highest English Court of Law which hears an appeal by any Party shall be final and binding upon all Parties.

**32.2**    The purpose of said adjudicatory procedure is two-fold:

**a.**    to save expense as to any and all costs and related expenses wherever possible; and

**b.**    to give the Parties a practical, progressive indication of the possible final and binding outcome of adjudication, thereby precluding the possibility of unnecessary expenditure as to Time and Effort, as well as to costs and related expenses of any kind.

$$E\ \&\ E = mc^2 \text{ SM}$$

Page 15 of 29

**Initials of Parties:**    1. _____ 2. _____
EZBE



**E & E**
Steel Trading ®

---

### XXXIII.  ATTORNEY'S FEES, COURT & RELATED COSTS

Should any Party file any action, or bring any proceedings, against another
Party arising from this Agreement, the prevailing Party shall be entitled to
recover as an element of their Cost of Suit, and not as Damages, reasonable
Attorney's Fees to be fixed by the Court, Arbitrators, Mediator or Adjudicative
Authority. The prevailing Party shall be the Party entitled to recover their
Costs of Suit and/or Arbitration and/or Mediation, whether or not such a Suit
and/or Arbitration and/or Mediation proceeds to final Judgement. Any Party
not entitled to recover Costs shall not recover Attorney's Fees.

---

### XXXIV.  RELATIONSHIP

The Parties hereto shall not be deemed to be Partners-in-Joint-Venture and no
Party shall be liable for the other Party's commitments or liabilities resulting
from execution of this Agreement. However, this Agreement shall not exclude
any past, existing, or future Agreement wherein the Parties are Partners-in-
Joint-Venture, as long as said Agreement is express and in writing and is
signed by all of the Parties thereto in writing.

---

### XXXV.  FORCE AND EFFECT OF DOCUMENTS

The Parties hereto agree that a signed telefax or other Facsimile copy of this
Agreement including signed email shall have the same force and effect as the
original of these Documents.

---

### XXXVI.  OTHER CONDITIONS & WARRANTIES

**36.1**  Any amendment and/or modification and/or supplement to the present
Final Contract shall be valid only if it is made in writing and signed by
both Parties.

$$E \& E = mc^2 \text{ SM}$$

Page 16 of 29

**Initials of Parties:**    1. _____    2. _____
EZBE



**36.2**   Once fully executed, this Final Contract shall not be reproduced in any manner whatsoever, except when required for the effectuation and enforcement of this Final Contract.

**36.3**   All taxes, duties and customs fees connected with the execution of the present Final Contract and levied on the territory of the Seller shall be paid by the Seller and those levied on the territory of the Buyer shall be paid by the Buyer.

**36.4**   The Parties agree that the signing of the present Final Contract as well as each specification covering deliveries under this Final Contract may be carried out by fax and/or email, accompanied with an exchange of originals by post.

**36.5**   This Final Contract shall be valid for 90 (ninety) Business Days from the date of financial instruments coming into force. At the end of this term, this Final Contract may be extended for additional terms by express mutual agreement of the Parties in writing. Prolongation of this Final Contract may be carried out under the written approval of the Parties no less than 10 (ten) Business Days before expiration of the validity of this Contract and shall be subject to modifications necessary due to changes in appropriate markets.

**36.6**   As with any Commodity, whether Regulated or Unregulated, prices and availability shall be strictly subject to prevailing market conditions.

**36.7**   As with any Company, Seller reserves the right to change its Policies and Procedures at any time.

**36.8**   In the event of an upwards price fluctuation owing to a change in prevailing market conditions or as a result of internal Policy change(s) of the Seller Company, the difference in price shall be settled immediately by Wire Transfer ("T/T") by Buyer to Seller. Said price difference shall be settled in full and not only according to the percentage of Deposit paid, being paid, or to be paid.

**36.9**   The undersigned Parties warrant and affirm under penalty of perjury that each has the legal capacity and lawful authority vested in them to execute this Final Contract.

**36.10**  This Final Contract is drawn up in 4 (four) duplicates, in English, 2 (two) duplicates for each Party, and each duplicate having equal legal force of an original.

**36.11**  The following Appendices are integral parts of this Contract:
  - Appendix I: Specification of Goods



$$E \& E = mc^2 \text{ }_{SM}$$

Page 17 of 29

**Initials of Parties:**   1.   EZBE   2.



- Appendix II: Delivery Schedule
- Appendix III: Format of the Bank Letter of Readiness
- Appendix IV: Complete text of the Letter of Credit

**36.12** The Parties have read and understood the entire Final Contract; the signatories herein below affix their initials, signatures and seals hereto and in doing so accept the conditions and warranties herein contained in full measure. Each of the Parties hereby affirms and confirms their understanding and acceptance, and that each initial, signature and seal is hereby affixed by their decision and free will.

**36.13** During signing of the said duplicates of the Final Contract, the Parties shall exchange confirmation of authority for signing this Final Contract.

---

## XXXVII. COMMUNICATION

---

The Parties agree to initial, sign and seal said duplicates of the Final Contract and to exchange the present Final Contract by courier services (such as FedEx, DHL, UPS, etc.). However, a facsimile transmitted copy, duly initialed, signed and sealed, shall be deemed as an original if accompanied by said duplicates by courier within a reasonable period of time.

This Contract comprises 37 Articles and 4 Appendices which are integral parts of this Contract.

**IN WITNESS WHEREOF**, the **PARTIES** hereto and/or their authorized **REPRESENTATIVES UNDERTAKE TO EXECUTE** this **AGREEMENT:**

**SELLER:**                                          **DATE:** 31st March, 2006

**E & E STEEL TRADING**                              **Company Seals:**
**a Registered Trade Name of**
**THE E & E GROUP LLC**

**Edward Z. Bine-Stock, Esq.**
**CEO & Managing Director**
**Signing for and on behalf of the Seller**

$$E \& E = mc^2$$ ᴿᴹ

Page 18 of 29

**Initials of Parties:**    1. _____   2. _____
                              EZBE



---

**BUYER:**

**Immanuel Metal Corporation**

Mr. J. Immanuel
**Sole Proprietor**
**Signing for and on behalf of the Buyer**

**DATE:** 29\02\2006

**Company Seals:**

IMMANUEL METAL CORPORATION
383/4, W. G. C. ROAD,
TUTICORIN - 628 001,
INDIA.

$E \& E = mc^2$ SM

Page 19 of 29

**Initials of Parties:**   1. EZBE   2.



# APPENDIX I – SPECIFICATION

## E&E Contract Reference No.:C-E&E-IMC-0001-06

## E&E Transaction Reference No.: E&E-IMC-HMS1-1000MT-120

1. **Description of the Goods**

   HMS I in accordance with ISRI "Guidelines for Ferrous Scrap: FS-2004" provides the following general information regarding their specifications:

   a. <u>Cleanness</u>
      All grades shall be free of dirt, nonferrous metals, or foreign material of any kind, and excessive rust and corrosion. However, the terms "free of dirt, nonferrous metals, or foreign material of any kind" are not intended to preclude the accidental inclusion of negligible amounts where it can be shown that this amount is unavoidable in the customary preparation and handling of the particular grade involved.

   b. <u>Off-grade material</u>
      The inclusion in a shipment of a particular grade of iron and steel scrap of a negligible amount of metallic material which exceeds to a minor extent the applicable size limitations, or which fails to a minor extent to meet the applicable requirements as to quality or kind of material, shall not change the classification of the shipment, provided it can be shown that the inclusion of such off-grade material is unavoidable in the customary preparation and handling of the grade involved.

$$E \& E = mc^2 \text{ SM}$$

Page 20 of 29

**Initials of Parties:**    1. EZBE    2. JY



c. Residual alloys

Wherever the term "free of alloys" is used in the classifications given herein, it shall mean that any alloys contained in the steel are residual and have not been added for the purpose of making an alloy steel. Steel scraps shall be considered free of alloys when the residual alloying elements do not exceed the following percentages:

Nickel..................................................0.45
Chromium..........................................0.20
Molybdenum......................................0.10
Manganese..........................................1.65

The combined residuals other than manganese shall not exceed a total of 0.60 percent.

d. Deviations

Any deviations from the general classifications of iron and steel scrap may be consummated by mutual agreement between Buyer and Seller.

The Goods delivered shall be HMS 1 in accordance with ISRI Code Nos. 200, 201 and 202, as follows:

- ISRI Code 200:

  No. 1 heavy melting steel. Wrought iron and/or steel scrap ¼ inch and over in thickness. Individual pieces not over 60 x 24 inches (charging box size) prepared in a manner to insure compact charging.

- ISRI Code 201:

  No. 1 heavy melting steel 3 feet x 18 inches. Wrought iron and/or steel scrap ¼ inch and over in thickness. Individual pieces not over 36 inches x 18 inches (charging box size) prepared in a manner to insure compact charging.



$$E \& E = mc^2 \; \text{SM}$$

Page 21 of 29

**Initials of Parties:**    1. _____  2. _____
EZBE



- **ISRI Code 202:**

   No. 1 heavy melting steel 5 feet x 18 inches. Wrought iron and/or steel scrap ¼ inch and over in thickness. Individual pieces not over 60 inches x 18 inches (charging box size) prepared in a manner to insure compact charging.

2. **Quantity**
   1,000 Metric Tonnes +/-5%.


**SELLER:**                                            **DATE:** 31st March, 2006

**E & E STEEL TRADING**                              **Company Seals:**
**a Registered Trade Name of**
**THE E & E GROUP LLC**

**Edward Z. Bine-Stock, Esq.**
**CEO & Managing Director**
**Signing for and on behalf of the Seller**


**BUYER:**                                             **DATE:** 29\04\2006.

**Immanuel Metal Corporation**                         **Company Seals:**

                                                       IMMANUEL METAL CORPORATION
**Mr. J. Immanuel**                                     389/4, W. G. C. ROAD,
**Sole Proprietor**                                     TUTICORIN - 628 001,
**Signing for and on behalf of the Buyer**              INDIA.


$$E \& E = mc^2$$ SM

Page 22 of 29

**Initials of Parties:**   1. _____   2. _____
                              EZBE



---

## APPENDIX II – DELIVERY SCHEDULE

### E&E Contract Reference No.:C-E&E-IMC-0001-06

### E&E Transaction Reference No.: E&E-IMC-HMS1-1000MT-120

Delivery of the Goods is to be made within approximately 30 (thirty) to 45 (fourty-five) Business Days from the date of acceptance of the Letter of Credit by the Seller's bank. The total quantity of the Goods shall be 1,000 (One-Thousand) Metric Tonnes +/-5%.

**SELLER:**                                    **DATE:** 31st March, 2006

**E & E STEEL TRADING**               **Company Seals:**
**a Registered Trade Name of**
**THE E & E GROUP LLC**



Edward Z. Bine-Stock, Esq.
**CEO & Managing Director**
**Signing for and on behalf of the Seller**

**BUYER:**                                     **DATE:** 29\04\2006

**Immanuel Metal Corporation**         **Company Seals:**

IMMANUEL METAL CORPORATION
383/4. W. G. C. ROAD,
TUTICORIN - 628 001.
INDIA.

Mr. J. Immanuel
**Sole Proprietor**
**Signing for and on behalf of the Buyer**

$$E \& E = mc^2 \text{ }_{SM}$$

Page 23 of 29

**Initials of Parties:**    1.  EZBE    2.  JI

F. No.259 - 497-8/2005

Telephone :     · + 91 461 2330158

Telex :

Fax :          + 91 461 2321693

Ref. No.



**The South Indian Bank Ltd.**

102, 40-41 Pereira Street

Branch :      Tuticorin

Date :        April 29, 2006

# LETTER OF READINESS

### E&E Contract Reference No.:C-E&E-IMC-0001-06

### E&E Transaction Reference No.: E&E-IMC-HMS1-1000MT-120

Date: April 29, 2006
To:
Edward Z. Bine-Stock, Esq., CEO & Managing Director
E & E Steel Trading
a Registered Trade Name of THE E & E GROUP LLC
1001 Bridgeway, #227
· Sausalito, CA 94965
U.S.A.
Telephone: (415) 331-4025
Fax: (415) 331-4023
Email: EandEGroup@EandEGroup.com
Website: www.EandEGroup.com

### E&E Contract Reference No.:C-E&E-IMC-0001-06

### E&E Transaction Reference No.: E&E-IMC-HMS1-1000MT-120

Dear Sir,
        In providing this Bank Letter of Readiness, SOUTH INDIA BANK, does
not assume any financial liability or any contractual relationship with the Parties.

        We certify only that Immanuel Metal Corporation has, as of this confirmation,
sufficient funds in its Account of Credit to complete the transaction indicated above

**Initials of Parties:**    1. _____    2. _____
                              EZBE

Administrative Office : 'SIB House', Mission Quarters, P.B. No. 28, Thrissur - 680 001, Kerala, India.
Telephone : 2420020 (7 lines), 2424101 (4 lines), Telex : 0887-203, Fax : 0487 - 2442021
e-mail : sibtcrho@md2.vsnl.net.in    web site : http://www.southindianbank.com

F. No.259 - 497-8/2005

Telephone :  + 91 461 2330158

Telex    :

Fax      :  + 91 461 2321693

Ref. No.



**The South Indian Bank Ltd.**

102, 40-41 Pereira Street
Tuticorin

Branch  :
Date    :     April 29, 2006

for the amount of approximately USD 168,000 (One-Hundred-Sixty-Eight-Thousand USD ), the total LC amount in U.S. Dollars, should our Client wish to do so.

BANK OFFICER
Name, Title, Signature and Seal

BANK DETAILS
Bank Contact Person (English-speaking): Mr. Ramesh (Manager), Code No. 1280
Address: Post Box No. 102, 40-41 Pereira Street, Tuticorin 628001, India
Telephone: + 91 461 2330158
Fax: + 91 461 2321693
SWIFT: SOININ55090
Email: sibtuty@sancharnet.in

BUYER AND BANK ACCOUNT INFORMATION
Account Number: 81 - 1414
Account Name: Immanuel Metal Corporation
Legal Name: Immanuel Metal Corporation
Address: 389/4, W.G.C. Road, Tuticorin 628001, India
Contact Person (English-speaking): Immanuel . J
Telephone: + 91 461 2326232
Fax: + 91 461 2326234
Email: immanuel_imc@yahoo.com

BANK SEAL

For THE SOUTH INDIAN BANK LTD.

(K.RAMESH 1280)
MANAGER

**Initials of Parties:**    1. _____    2. _____
                              EZBE



**The above form of the Bank Letter of Readiness is approved by:**

**SELLER:**                                    **DATE:** 31st March, 2006

**E & E STEEL TRADING**                        **Company Seals:**
**a Registered Trade Name of**
**THE E & E GROUP LLC**

Edward Z. Bine-Stock, Esq.
**CEO & Managing Director**
**Signing for and on behalf of the Seller**

**BUYER:**                                     **DATE:** 29/04/2006.

**Immanuel Metal Corporation**                 **Company Seals:**

Mr. J. Immanuel                                IMMANUEL METAL CORPORATION
**Sole Proprietor**                            389/4, W. G. C. ROAD,
**Signing for and on behalf of the Buyer**     TUTICORIN - 628 001,
                                               INDIA.

$E \& E = mc^2$ SM

Page 26 of 29

**Initials of Parties:**     1.        2.

EZBE

F. No.259 - 497-8/2005

Telephone : 2321693, 2330158.

Telex :

Fax :

Ref. No.

To
M/S. Immanuel Metal Corporation
389/4,WGC Road, Tuticorin.



**The South Indian Bank Ltd.**
REGD. OFFICE: THRISSUR, KERALA

BR:Tuticorin
Dt:-29/04

Branch : Tuticorin

Date : 29.04.06

Dear Sir,

    Sub:- Draft Letter of Credit
    Rerf:- Your Request
    --------------------------------

We wish to inform you that as an internal policy Measure our Bank has
Barred issuing Draft Letter of credits . As such We convey our inability
To issue Draft Letter of Credit .

Please inform your Counterpart accordingly.

    Yours faithfully
For THE SOUTH INDIAN BANK LTD.,

    RAMESH 1290)
Senior Manager MANAGER

Administrative Office : 'SIB House', Mission Quarters, P.B. No. 28, Thrissur - 660 001, Kerala, India.
Telephone : 2420020 (7 lines), 2424101 (4 lines), Telex : 0887-203, Fax : 0487 - 2442021
e-mail : sibtcrho@md2.vsnl.net.in    web site : http://www.southindianbank.com



# APPENDIX IV – LETTER OF CREDIT

### E&E Contract Reference No.:C-E&E-IMC-0001-06

### E&E Transaction Reference No.: E&E-IMC-HMS1-1000MT-120

DRAFT ONLY

ON CONFIRMING BANK'S LETTERHEAD – A CORRESPONDING BANK OF
WELLS FARGO, N.A., USA

Letter of Credit No.:
Form of Credit: Confirmed, Irrevocable, Assignable, Divisible and Transferable Letter
of Credit (LC)
Date of Issue:
Date of Maturity: At Sight
Date of Expiration: 90 (ninety) Business Days from Date of Issue
Applicant:

Beneficiary:
  E & E Steel Trading
  a Registered Trade Name of THE E & E GROUP LLC
  1001 Bridgeway, #227
  Sausalito, CA 94965
  U.S.A.

We, (Name of Confirming Bank), hereby open our Confirmed, Irrevocable,
Assignable, Divisible and Transferable Letter of Credit (LC) in favour of the
Beneficiary, E & E Steel Trading, for the Amount of US Dollars USD 168,000 (One-
Hundred-Sixty-Eight-Thousand USD), which is payable at Sight on presentation of
the following documents:

  **1.** A written Demand indicating the Letter of Credit Number and Date of Issue.



$$E \& E = mc^2 \text{ SM}$$

Page 27 of 29

**Initials of Parties:**   1. _____   2. _____
          EZBE    JI



**Steel Trading** ®

2. Original signed Commercial Invoice issued by Seller/Beneficiary (4 (four) duplicates, each having the legal force of an original) covering the quantity and net weight delivered.

3. Full set of original and 4 non-negotiable copies of Bill of Lading, made out to the order of the Buyer.

4. Original inspection certificate (1 original and 3 copies) of quantity, weight and quality issued by Messrs. Alex Stewart Assayers at Loading port.

5. Packing list..

6. Original or Duplicate of Certificate of Origin issued by local American Chamber of Commerce confirming USA origin.

(This Confirmed and Irrevocable Letter of Credit must be confirmed at Applicant's expense by a Corresponding Bank of Wells Fargo Bank, N.A., USA.)

(All Demands for Payment have a Validity of 15 (fifteen) Business Days for negotiations after Bill of Lading(s) (BL) date. )

Partial Drawings and Multiple Drawings are permitted up to and including the Date of Expiration, until the total sum of this Confirmed, Irrevocable, Assignable, Divisible and Transferable Letter of Credit has been paid to the Beneficiary, E & E Steel Trading.

All Bank commissions, charges and other fees are for the account of the Applicant.

This letter of Credit is issued subject to the Uniform Customs and Practice for Documentary Credits, 1996 Revision, International Chamber of Commerce Publication No. 400/500.

By:
AUTHORIZED BANK OFFICER

By:
AUTHORIZED BANK OFFICER

$$E \& E = mc^2$$ SM

Page 28 of 29

**Initials of Parties:**  1. _____ 2._____
EZBE        JI



**The above form of the Letter of Credit is approved by:**

**SELLER:**                                          **DATE:** 31st March, 2006

**E & E STEEL TRADING**                     **Company Seals:**
**a Registered Trade Name of**
**THE E & E GROUP LLC**

_____.
**Edward Z. Bine-Stock, Esq.**
**CEO & Managing Director**
**Signing for and on behalf of the Seller**

_____

**BUYER:**                                           **DATE:** _____.

**Immanuel Metal Corporation**              **Company Seals:**

_____.
**Mr. J. Immanuel**
**Sole Proprietor**
**Signing for and on behalf of the Buyer**

## END OF FINAL SALES & PURCHASE CONTRACT

$$E \& E = mc^2$$ SM

Page 29 of 29

**Initials of Parties:**    1. _____    2. _____
EZBE          JI