```
#1407
LOUIS SPITTERS - SBN 112064
LAW OFFICES OF LOUIS SPITTERS
96 North Third Street, Suite 500
San Jose, California  95112
(408) 293-0463


Attorneys for Defendants,
EDWARD Z. BINE-STOCK,
INDIVIDUALLY, E & E STEEL
TRADING AND THE E & E
GROUP, LLC
```

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THIRU J. IMMANUEL and IMMANUEL METAL CORPORATION, <br><br>Plaintiffs, <br><br>vs. <br><br>EDWARD Z. BINE-STOCK, INDIVIDUALLY, E & E STEEL TRADING, and E & E GROUP, LLC, <br><br>Defendants. | Case No.  C 07 3402 JCS <br><br>PETITION TO ENFORCE PRE-LITIGATION MEDIATION AND ARBITRATION AGREEMENT AND FOR DISMISSAL OF ACTION <br><br>DATE:     December 14, 2007 <br>TIME:     9:30 a.m. <br>CTRM:    A <br>MAGISTRATE JUDGE: Hon. John C. Spero |

PETITION TO ENFORCE MEDIATION AND ARBITRATION AGREEMENT

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Defendants EDWARD Z. BINE-STOCK, E & E STEEL TRADING, and E & E GROUP, LLC hereby Petition the Court for an Order Enforcing a Pre-Litigation Mediation and Arbitration Agreement and for Dismissal of the Action, as follows:

1. Defendant Edward Z. Bine-Stock is the Managing Director of E&E Group, LLC, another of the defendants in this action.  E&E Group, LLC is a California Limited Liability Company organized and operating under the laws of the State of California, in good standing, with its principal place of business located in Sausalito, California.  The defendant identified a E&E

Steel Trading is a fictitious business name, properly registered in Marin County, which is owned and used by E&E Group, LLC.

2. Defendants are informed and believe that Plaintiff, J. Immanuel is a citizen and resident of India, and is not a citizen or resident of the United States. See Complaint, paragraph 2. Defendants are informed and believe that Plaintiff Immanuel Metal Corporation is a corporation organized and operating under the laws of India with its principal place of business in Tuticorin, India, and which is owned or operated by Plaintiff J. Immanuel. See Complaint, paragraph 3.

3. This action arises from an Agreement involving a commercial transaction between citizens and residents of the countries of the United States and India. The Agreement was entered into between E&E Group, LLC and Immanuel Metal Corporation. A true and accurate copy of that Agreement, is attached, incorporated by reference and marked as Exhibit A to the Declaration of Edward Z. Bine-Stock submitted in support of this Petition, which Agreement is incorporated by reference herein.

4. Jurisdiction and venue of this action and Petition proceeding arise under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, to which the United States and India are signatories and have ratified, and under 9 U.S.C. Sections 201-208.

5. The Agreement was executed by Plaintiff on February 29, 2006 and by Defendant E&E Group, LLC on March 31, 2006. It provides for Defendant E&E Group, LLC to broker the sale of 1,000 metric tons of steel scrap for delivery to Plaintiff Immanuel Metal Corp. in India for the contract price of $210,000, as set forth in Sections I through IV of the Agreement. The contract further provides for a 25% non-refundable deposit, or $52,500 (in U.S. dollars) as set forth in Section XI of the agreement. The deposit is declared by the Agreement to be non-refundable to cover E&E Group LLC's expenses and lost profits in the event the buyer fails to perform its obligations under the Agreement, as provide in Section XX, paragraphs 20.2 and 20.3.

6. After Immanuel Metal Corp. tendered the deposit and after E&E Group, LLC commenced efforts to perform its obligations under the agreement, Immanuel Metal Corp. breached the Agreement by failing to procure and furnish to Defendants the Letter of Credit

1  required by Section XI, paragraph 11.2 of the Agreement.  E&E Group, LLC gave Immanuel Metal

2  Corp. notice of its non-compliance with this essential requirement of the agreement.  Immanuel

3  Metal Corp. thereafter failed or refused to obtain or furnish the required Letter of Credit.

4  Subsequent to Immanuel Metal Corp.'s failure and refusal to meet its obligations under the

5  Agreement, E&E Group declared that Immanuel Metal Corp. had breached the Agreement, and

6  advised Immanuel Metal Corp. that E&E Group would terminate the Agreement and retain the

7  non-refundable deposit to cover its expenses and lost profits from the transaction.

8       7.   Prior to bringing this action, Plaintiffs have not attempted to initiate any mediation

9  or arbitration proceedings to resolve this dispute.  Defendants have advised Plaintiffs of their

10 obligation to mediate or arbitrate this dispute, but Plaintiffs have not agreed to do so.

11      8.   The requires the parties to engage in a **pre**-litigation mediation and arbitration

12 process, as defined in Section XXXII of the Agreement, as follows:

13   "32.1  Any and all disputes arising out of this Final Contract shall be attempted in good
              faith to be settled amicably amongst the Parties.  Should such dispute(s) not be able
14            to be resolve through such amicable negotiation, ans said, within a reasonable
              period of time, then the dispute(s) arising out of or in connection with the present
15            Agreement, including any question regarding its existence, validity, or termination,
              or breach or alleged breach thereof, shall be submitted to consideration and
16            settlement in the first instance to a qualified Mediator chosen by the mutual
              agreement of all Parties. . .  Thereafter, should the Parties fail to arrive at an
17            amicable settlement as a result of said Mediation, the Matter shall be submitted for
              consideration and settlement to a triumvirate of qualified Arbitrators chosen by the
18            mutual agreement of all Parties. . .  However, the decision of the Arbitrators shall
              not be final and binding upon all Parties but may be appealed by any Party in [a] . . .
19            Court of Law.

20   32.2   The purpose of said adjudicatory process is two-fold:
         a.   to save expense as to any an all costs and related expenses whenever
21              possible; and
         b.   to give the Parties a practical, progressive indication of the possible final
22              and binding outcome of adjudication, thereby precluding the possibility of
                unnecessary expenditure as to Time and Effort, as well as to costs and
23              related expenses of any kind."

24      9.   This Agreement involves a commercial transaction as defined by the Convention on

25 the Recognition and Enforcement of Foreign Arbitral Awards, including Article II of the

26 Convention, rendering the transaction subject to the Federal Arbitration Act, 9 U.S.C. Sections 2

27 and 201 et seq., as the Agreement entails the international sale of scrap metal.

28

**PETITION TO ENFORCE MEDIATION/ARBITRATION AGREEMENT**                              **PAGE 3**

10. The dispute that has arisen pertaining to the Agreement stems from Immanuel Metal Corp.'s claim of entitlement to recover the deposit of $52,500 paid to Defendant E&E Group, LLC under the Agreement, which deposit it forfeited by its breach of the Agreement in failing to obtain a letter of credit securing its payment of the contract price. E&E Group LLC contends the court should apply the unambiguous language of the Agreement, appearing in Section XX of the Agreement, that provides the deposit in non-refundable in the event of a breach by the buyer of the any of the provisions of Section XI of the Agreement, and that any disputes relating to the Agreement shall proceed through Mediation or Arbitration prior to the commencement of litigation.

11. This Petition is further based upon the Memorandum of Points and Authorities and Declaration of Defendant Edward Z. Bine-Stock, the Exhibits thereto, the Request for Judicial Notice in support thereof, the pleadings records and papers on file herein, matters of which the Court may take judicial notice, and upon such other and further oral and documentary argument and evidence as may be presented at the hearing of the Petition.

PRAYER FOR RELIEF

Wherefore, Defendants EDWARD Z. BINE-STOCK, E & E STEEL TRADING, and E&E GROUP, LLC move for an Order directing Plaintiffs THIRU J. IMMANUEL and IMMANUEL METAL CORPORATION to proceed to Mediation and Arbitration as provided in the parties' Agreement, and for an Order dismissing this action without prejudice as having been filed prematurely, and for such other and further relief as the Court may deem just and proper.

DATED: October 25, 2007               LAW OFFICES OF LOUIS SPITTERS

                                      _____/s/_____LOUIS SPITTERS_____
                                      LOUIS SPITTERS
                                      Attorney for Defendants,
                                      EDWARD Z. BINE-STOCK, Individually,
                                      E & E STEEL TRADING and
                                      E&E GROUP, LLC