#1407
LOUIS SPITTERS - SBN 112064
LAW OFFICES OF LOUIS SPITTERS
96 North Third Street, Suite 500
San Jose, California 95112
(408) 293-0463


Attorneys for Defendants,
EDWARD Z. BINE-STOCK, Individually,
E & E STEEL TRADING and
E & E GROUP, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| THIRU J. IMMANUEL AND IMMANUEL METAL CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD Z. BINE-STOCK, INDIVIDUALLY, E & E STEEL TRADING, and E & E GROUP, LLC,<br><br>Defendants. | Case No. C 07 3402 JCS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO ENFORCE PRE-LITIGATION MEDIATION AND ARBITRATION AGREEMENT AND FOR DISMISSAL OF ACTION; AND IN SUPPORT OF ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR POSTING COST BOND BY PLAINTIFF<br><br>DATE: December 14, 2007<br>TIME: 9:30 a.m.<br>CTRM: A<br>MAGISTRATE JUDGE: Hon. John C. Spero |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO ENFORCE MEDIATION AND ARBITRATION AGREEMENT
AND MOTION TO DISMISS AND FOR POSTING OF COST BOND

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants EDWARD Z. BINE-STOCK, E & E STEEL TRADING, and E & E GROUP, LLC, respectfully submit the following Memorandum of Points and Authorities in support of their Petition to Enforce Pre-Litigation Mediation and Arbitration Agreement and for Dismissal of this Action, and in support of Defendants' Motion to Dismiss for Failure to State a Claim, and Motion for Order Compelling Plaintiff to Post Cost Bond.

DATED: October 25, 2007                    LAW OFFICES OF LOUIS SPITTERS

                   /s/      LOUIS SPITTERS
                LOUIS SPITTERS
                Attorney for Defendants,
                EDWARD Z. BINE-STOCK, Individually,
                E & E STEEL TRADING and
                E&E GROUP, LLC

I

INTRODUCTION

Plaintiffs's Complaint seeks recovery of $52,500 allegedly paid to Defendants. What the Complaint conspicuously fails to disclose, however, is that these funds were paid to Defendant E&E Group, LLC as a non-refundable deposit pursuant to the terms of an Agreement for the sale and shipment of 1,000 metric tons of scrap steel to India, that Plaintiff's breached the Agreement, that the Agreement involved a commercial transaction between companies located in the United States and India, and that their Agreement includes a provision for pre-litigation Mediation and Arbitration. (See Exhibit A to Petition and Declaration of Defendant Edward Z. Bine-Stock).

Defendants ask that the Court enforce the Mediation and Arbitration Agreement and dismiss this action as premature, or alternatively dismiss the action for failure to state a claim, and further order Plaintiffs to post a Cost Bond.

II

THE COURT MUST GRANT THE PETITION

TO ENFORCE THE PARTIES' MEDIATION AND ARBITRATION AGREEMENT

Defendants petition the Court for enforcement of the parties Agreement that includes a pre-litigation Mediation and Arbitration provision. In light of the fact that this commercial transaction involves citizens of the United States and India, embodied in a written agreement that contains a pre-litigation mediation and arbitration provision (Exhibit A: Section XXXII), this Petition proceeding and the Agreement are governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, including Article II of the Convention (Exhibits B and C), as well as the Federal Arbitration Act, 9 U.S.C. Sections 2 and 201 et seq. The goal of the Convention, and the Federal Arbitration Act implementing it, is to encourage the recognition and

enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries. Scherk v Alberto-Culver Co., 417 U.S. 506, 520 n.15, 94 S. Ct. 2449, 2457 n. 15, 41 L. Ed. 2d 270 (1974). When international companies commit themselves to arbitrate a dispute, they are in effect attempting to guarantee a forum for any disputes. Such agreements merit great deference, since they operate as both choice-of-forum and choice-of-law provisions, and offer stability and predictability regardless of the vagaries of local law. "The elimination of all such uncertainties by agreeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce, and contracting." Id., at 518-519.

A party to a valid arbitration agreement may "petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement," pursuant to the Federal Arbitration Act. 9 U.S.C. Section 4. Under Section 4 of the Act, the court must order the parties to proceed to arbitration only in accordance with the terms of their agreement. See, Dean Witter Reynolds, Inc., Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). Thus, the District Court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If these facts are demonstrated, the Court must enforce the agreement. See, Chiron Corp. v Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). The Convention and its enforcement statutes, 9 U.S.C. Sections 201-208, require the Court to enforce the Agreement unless it is "null and void, inoperative or incapable of being performed." See, Exhibit C: Convention, Art. II, Sec. 3.

It is clear from the allegations of the complaint, which are a judicial admission, that the parties' commercial transaction involves citizens of the United States and India. See Complaint, paragraphs 2-3; American Title Insurance Co. v Lacelaw Corp., 861 F.2d 224, 226 (9thCir. 1988) (parties are conclusively bound by factual allegation in their pleadings).

The parties' transaction for the sale of 100 metric tons of scrap steel and its delivery to India (Exhibit A: Sections I-IV) involves an international commercial transaction within the scope of the Federal Arbitration Act. Allied-Brude Terminix Companies v G. Michael Dobson, et al., 513 U.S. 265, 273-275, 115 S. Ct. 834, 130 L.Ed.2d 753 (1995) (the term commercial transaction

must be broadly construed).  See also, Star-Kist Foods, Inc. V Diakan Hope, S.A., 423 F.Supp. 1220, 1222-1223 (C.D.Cal. 1976) (charter of cargo ship held a commercial transaction).

It is also beyond dispute that the parties' transaction is embodied in a written agreement that includes a pre-litigation mediation and arbitration provision (Exhibit A, Section XXXII).  See, Exhibit C: Convention, Art. II, Sec. 2.  The mediation and arbitration provision broadly includes any dispute "arising out of" the Agreement, "in connection with" the Agreement or including "any question regarding [the Agreement's] existence, validity, or termination or breach." (Exhibit A, Section XXXII, paragraph 32.1).  Such expansive mediation and arbitration provisions have been upheld as enforceable.  See, e.g., Lifescan, Inc. v Premier Diabetic Services, Inc., 363 F.3d 1010, 1012-1013 (9thCir. 2004); AT&T Corp. v Vision One Security Systems, 914 F. Supp. 392, 394-395 (S.D.Cal. 1995) (multi-phased negotiation - mediation - binding arbitration dispute resolution agreement enforced).

The scope of and arbitration agreement must also be interpreted liberally.  Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.  See, Moses H. Cone Memorial Hospital v Mercury Construction Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L.Ed.2d 765 (1982); see also Dean Witter Reynolds v Byrd, supra, at 221 (courts must "rigorously enforce agreements to arbitrate.").  The scope of the mediation and arbitration provision of the Agreement certainly embraces the issue of whether Plaintiffs are entitled to the return of deposit which the Agreement itself defines as non-refundable.  Id.

Though the mediation and arbitration provision includes a venue clause requiring the proceedings to occur in London, Defendants do not seek enforcement of those provisions, which are severable.  See, Exhibit A, Section XXVIII.  See, Ingle v Circuit City Stores, Inc., 328 F.3d 1165, 1180 (9thCir. 2003) (court may sever portions of arbitration agreement).

The Court will not countenance Plaintiffs' effort to evade their mediation and arbitration obligations under the Agreement through an improper attempt to allege a RICO claim. Shearson/American Express, Inc. et al., 482 U.S. 220, 238-242, 107 S. Ct. 2332, 96 L.Ed.2d 185 (1987) (RICO claims are subject to Federal Arbitration Act).

Since the Mediation and Arbitration provision of the Agreement requires that those proceedings be completed **before** litigation commences, it is proper for the Court, upon granting the Petition, to dismiss the action without prejudice. <u>Comedy Club, Inc. v Improv. West Associates</u>, ___ F.3d ___ (No. 05-55739; 9thCir. 09/07/2007).

III

THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

A motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) challenges the legal sufficiency of the complaint, but in ruling on the motion the court need not accept as true conclusory allegations, legal characterizations, or unreasonable inferences or unwarranted deductions of fact. <u>In re Delorian Motor Corp.</u>, 991 F.2d, 1236, 1240 (6thCir. 1993); <u>SEC v Seaboard Corp.</u>, 677 F.2d 1315, 1316 (9thCir. 1982); <u>Western Mining Council v Watt</u>, 643 F.2d 618, 624 (9thCir. 1981); <u>Associated Builders, Inc. v Alabama Power Co.</u>, 505 F.2d 97, 100 (5thCir. 1974); and <u>Solis-Ramirez v U.S. Department of Justice</u>, 758 F.2d 1426, 1429 (11thCir. 1985). Nor may a court supply elements of a claim that have not been pled. <u>Ivey v Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9thCir. 1982).

Plaintiffs' allegation that an image appearing on Defendants' internet website was intended to or actually cause the public to believe that Defendants then actually owned or were presently in possession of a particular lot, cargo or quantity of scrap steel is on its face manifestly unreasonable. The court should find as a matter of law that a reasonable person would not rely upon such information to draw such an inference. (See, Complaint, page 3, paragraph 3). <u>Solis-Ramirez v U.S. Department of Justice,</u> <u>supra</u>. These allegations – that this information somehow induced Plaintiffs to tender to Defendants $52,500 – appear to be the linchpin of Plaintiffs' claim. Defendants respectfully submit that these allegations and the conclusions and inferences Plaintiff would have the court draw from them are patently unreasonable. The court must find these allegations fail to support any cognizable legal theory of liability, and grant Defendants' motion to dismiss. See, <u>Aulson v Blanchard</u>, 83 F.3d 1, 3 (court may reject Plaintiff's bald assertions and unsupportable conclusions).

The Complaint further purports to arise under the Racketeer Influence and Corrupt

1 Organizations Act of 1970 ("RICO") . See, Complaint, page 1, paragraph 1. Congress enacted the
2 RICO with the specific intent to "thwart the organized criminal invasion and acquisition of
3 legitimate business enterprises and property." Oscar v University Students Co-Operative Assn.,
4 965 F.2d 783, 786 (9thCir. 1992). RICO was intended to combat organized crime, not to provide a
5 federal claim and treble damages to every tort plaintiff. Id.

6 Nevertheless, the complaint fails completely to meet the exacting pleading requirements of
7 a civil RICO claim. Alleging a civil RICO claim requires specific factual allegations of:
8 (1) conduct; (2) of an enterprise (as defined by 18 U.S. C. Section 1962(c)); (3) through a pattern;
9 (4) of racketeering activity (i.e., "predicate acts"); (5) causing injury to plaintiff's "business or
10 property." Grimmet v Brown, 75 F.3d 506, 510 (9thCir. 1996).

11 Federal Rules of Civil Procedure, Rule 9(b) requires that in allegations of a RICO claim be
12 stated with particularity, especially the averments of alleged predicate acts of fraud or other
13 actionable misconduct supporting the RICO claim.  See, Edwards v Marin Park, Inc., 356 F.3d
14 1058, 1065-66 (9thCir. 2004). To avoid dismissal for inadequacy under Rule 9(b), a RICO
15 complaint must set forth in detail the time, place, and specific content of the false representations
16 or other wrongful conduct underlying the claims, as well as the identities of the parties to the
17 misrepresentation or other wrongful acts. Id.; see also, Alan Neuman Products, Inc. v Albright,
18 862 F.2d 1388, 1393 (9thCir. 1989). Such allegations must be sufficiently specific to give notice
19 of the particular misconduct which is alleged so that the Defendant can defend against the charge
20 with more than a general denial of wrongdoing. Bly-Magee v California, 236 F.3d 1014, 1019
21 (9thCir.2001).

22 Defendants submit the allegations of the complaint are so vague and general that it fails
23 properly to allege any of the elements of a civil RICO claim. However, some of the deficiencies
24 are so fatal that the complaint must be dismissed without leave to amend.

25 The first two elements requires proper factual allegations of the conduct of an enterprise.
26 Pleading an enterprise requires the Plaintiff to allege and prove the existence of two distinct
27 entities: (1) a person; and (2) an enterprise that is not simply the same person referred to by a
28 different name. Cedric Kushner Promotions, Ltd. v King, 533 U.S.158, 160-161, 121 S.Ct. 2087,

1  150 L.Ed.2d 198 (2001); see also Rae v Union Bank, 725 F.2d 478, 481 (9thCir. 1984).  The
2  allegations of the complaint fail to allege facts demonstrating that Defendant Edward Z. Bine-
3  Stock is legally distinct from E&E Steel Trading or E&E Group, LLC.  Cedric Kushner
4  Promotions, Ltd. v King, supra (RICO enterprise allegations do not apply to the self-employed).
5      Plaintiff must also properly allege facts demonstrating a pattern of misconduct.  A pattern,
6  for purposes of a civil RICO claim, requires at least two related acts of racketeering activity.
7  Medallion Television Enterprises v SelecTV, 833 F.2d 1360, 1364 (9thCir.1987) (where plaintiff
8  alleged that defendant performed various acts directed toward the commission of a single
9  fraudulent inducement to enter a contract, no pattern of racketeering activity existed).  As in
10  Medallion, supra, the allegations of the complaint aver that Defendants engaged in various acts
11  designed to induce Plaintiff to enter into a contract and to tender to Defendants $52,500.  Such
12  conduct is not sufficient to implicate or invoke the RICO statute.  See also, Schreiber Distribution
13  Co. V Serv-Well Furniture Co., 806 F.2d 1393, 1399 (multiple acts directed toward single
14  transaction do not constitute a pattern under RICO).
15      More significantly, the complaint fails to inform the Court or Defendants with any clarity
16  what underlying wrongful conduct – predicate acts – prescribed by the RICO statute Defendants
17  are alleged to have committed.  Cause v Cumming Family Trust, ___ F.Supp.2d ___ (No.
18  06-CV-0105; S.D.Cal. 05/25/2007).  Vague references to the use of mail and wire (see, Complaint:
19  page 4, paragraph 12) do not apprize the Court or Defendant of what proscribed conduct
20  Defendants allegedly committed.  Plaintiff is required to allege in detail the specifics content of the
21  wrongful communication or details of the wrongful conduct in order to invoke the RICO statute.
22  Edwards v Marin Park, Inc., supra.  Here, Plaintiff's apparently allege they relied upon
23  promotional material on Defendants' website, but offer not factual allegations that their reliance
24  was reasonable or that the material relied upon was false or fraudulent.  Id.
25      The complaint further neglects, after having named three defendants, to allege facts
26  demonstrating what roles, if any, they played in the alleged course of misconduct.  Neubrnner v
27  Milken, 6 F.3d 666, 671-672 (9th Cir. 1993).  Where also Plaintiffs have purported to allege
28  conspiratorial conduct (see, Complaint, page 3, paragraph 10), Plaintiffs must, but have failed to

**POINTS & AUTHORITIES RE: PETITION TO ENFORCE MEDIATION AGREEMENT, etc.**             **Page 7**

allege facts showing wrongful conduct on the part of the alleged conspirators, or identify the alleged conspirators. Id.

Based upon the deficiencies in Plaintiff's complaint, several of which cannot be remedied, especially the lack of a legally cognizable enterprise (Cedric Kushner Promotions, Ltd. v King, supra) or a pattern of misconduct (Medallion Television Enterprises v SelecTV, supra), the Court is well within its discretion in grating Defendants' motion to dismiss without leave to amend. Under these circumstances, it would be futile to permit Plaintiffs to amend the complaint. See, Reddy v Litton Industries, Inc., 912 F.2d 291, 296 (9thCir. 1990).

## IV

## PLAINTIFF MUST BE ORDERED TO POST A COST BOND

The Court, in exercise of its inherent jurisdiction, may order Plaintiff to post a cost bond in this action. Anderson v Steers, Sullivan, McNamar & Rogers, 998 F.2d 495, 496 (7thCir. 1993). This bond should include those sums which Defendant may incur as costs in the action. Id. The bond may also include Defendants' attorneys fees, where they may be recovered as costs under California law. See, California, Code of Civil Procedure, Section 1033(a)(10) and Civil Code Section 1717; Montserrat Overseas Holdings, SA v Larsen, 709 F.2d 22, 24 (9thCir. 1983). See also, Exhibit A to Declaration of Edward Z. Bine-Stock, at Section XXXIII). In assessing whether to impose this Cost Bond, the court may consider the fact that Plaintiffs are non-citizens and have no local assets. The Court may further consider that the funds sought on the complaint consist of a non-refundable deposit under a contract for sale of scrap metal which Plaintiffs breached. See, Declaration of Edward Z. Bine-Stock, paragraphs 3-6 and Exhibit A, Sections I-IV, XI and XX). See, Simulnet East Associates v Ramada Hotel Operating Co., 37 F.3d 573, 576 (9thCir. 1994) (foreign plaintiff's lack of local assets and defendant's likelihood of prevailing warrants order for posting cost bond by plaintiff).

# V

# CONCLUSION

Therefore, Defendants EDWARD Z. BINE-STOCK, E & E STEEL TRADING, and E & E GROUP, LLC respectfully requests that the Court grant the Petition to Enforce Mediation and Arbitration Agreement or Alternatively grant Defendants' Motion to Dismiss and their Motion to Compel Plaintiffs to post a Cost Bond.

Respectfully submitted,

DATED: October 25, 2007         LAW OFFICES OF LOUIS SPITTERS

        /s/     LOUIS SPITTERS
LOUIS SPITTERS
Attorney for Defendants,
EDWARD Z. BINE-STOCK, Individually,
E & E STEEL TRADING and
E&E GROUP, LLC