```
#1407
LOUIS SPITTERS  - SBN 112064
LAW OFFICES OF LOUIS SPITTERS
96 North Third Street, Suite 500
San Jose, California  95112
(408) 293-0463


Attorney for Defendants
EDWARD Z. BINE-STOCK,
E&E STEEL TRADING, and
E&E GROUP, LLC
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| THIRU J. IMMANUEL, IMMANUEL METAL CORPORATION,<br><br>  Plaintiffs,<br><br>vs.<br><br>EDWARD Z. BINE-STOCK, E&E STEEL TRADING, and E&E GROUP, LLC,<br><br>  Defendants. | Case No.  C-07-03402 JCS<br><br>DECLARATION OF DEFENDANTS' COUNSEL RE: COMPLIANCE WITH COURT'S OCTOBER 1, 2007 PRETRIAL ORDER AND REQUEST FOR EXTENSION OF TIME FOR COMPLIANCE WITH OCTOBER 1, 2007 ORDER TO A DATE AFTER DECEMBER 14, 2007 |

TO THE HONORABLE COURT, TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

   PLEASE TAKE NOTICE that Defendants EDWARD Z. BINE-STOCK, E&E STEEL TRADING, and E&E GROUP, LLC respectfully submit the following Declaration of Defendants' Counsel in response to this Court's October 1, 2007 Pretrial Order on Plaintiff's Motion for Extension of Time in this action, and in support of a Request for Extension of Time for Compliance with the October 1, 2007 Order to a date after December 14, 2007.

///

///

///

| | | |
|---|---|---|
| 1 | DATED: October 30, 2007 | LAW OFFICES OF LOUIS SPITTERS |
| 2 | |       /s/     LOUIS SPITTERS |
| 3 | | LOUIS SPITTERS<br>Attorney for Defendants, |
| 4 | | EDWARD Z. BINE-STOCK, Individually,<br>E & E STEEL TRADING and |
| 5 | | E&E GROUP, LLC |

DECLARATION OF DEFENDANT'S COUNSEL

I, Louis Spitters, declare:

1. I am an attorney at law license to practice in the State of California and am admitted to practice before all U.S. District Courts located within the State of California. I am the attorney for Defendants in this action. If called to testify, I could and would competently testify as to the truth of the facts set forth herein.

2. I began representing Defendants in this action in early October. On October 5, 2007 I had a phone conference with plaintiff's attorney Edward Cano. At that time we reached an agreement that Defendants would have until October 26, 2007 in which to file responsive pleadings. I was informed by Mr. Cano that the Court had given him until that date to resubmit his Pro Haec Vice Application. Mr. Cano also advised he and been directed to advise the Court of the status of the case. Mr. Cano did not mention the Court's October 1, 2007 order, or the existence of any other Court orders directing any action on the part of Defendants in this action. Defendants had not been served with and were unaware of the existence of the October 1, 2007 Order Granting Plaintiff's First Motion for Extension of Time. When I had last checked the Court's website docket prior to this phone call, I found only the Court's order denying Mr. Cano's Pro Haec Vice Application.

3. On October 26, 2007, between 11:00 a.m and noon, I received a phone call from Plaintiff's counsel, in which he confirmed receipt of Defendant's responsive pleadings. I informed him that the pleadings had been filed the day before, save for a memorandum of points and authorities which would be filed that day. I was then in the process of completing and filing the memorandum at that time. I also informed Plaintiff's counsel that I was scheduled to leave my office in the next few minutes for a court appearance in San Francisco which occupy the remainder

of my day. Mr. Cano for the first time mentioned that the parties were required by a court order to make certain disclosures and reports to the court. I informed Mr. Cano that I had never such an order. I asked that he formally serve a copy upon my office, with a formal proof of service attached. I requested this so that I would have a record of when Defendants were advised of the Court's outstanding orders. Mr. Cano informed me that he was filing a second extension of time for submitting his Pro Haec Vice Application as he was in the process of associating with local counsel and needed time to tender counsel's retainer before he could submit his Application. I informed him I had no objection to the Request for Extension. He did not mention that he would be requesting an extension of time to comply with any orders of the court. Had I been informed of this, I would have requested that the extension date follow the hearing date on the motions filed by Defendants.

4. Contrary to my express request, Plaintiff's counsel did not serve a copy of the Court's pretrial order on my office. He faxed it to my office, with no proof of service, sometime during the late afternoon of October 26, 2007 after myself and my secretary had left the office.

5. I did not discover the Order until I was in the process of reviewing my mail on October 29, 2007 and did not have time to review its contents until October 30, 2007. The Court's October 1, 2007 Order directs that parties to comply with their Rule 26 meet and confer and disclosure obligations on or before October 26, 2007. Had this declarant been made aware of the existence and substance of this order in a timely and proper manner, I would have taken steps to comply with the order, or more likely, to seek an extension of time for compliance with the order.

6. At this time Defendants have filed with the Court a Petition to Enforce a **Pre-Litigation Mediation and Arbitration Agreement, and for Dismissal of the Action**, a Motion to Dismiss the Complaint for Failure to State a Claim, and a Motion to Compel Plaintiff to Post a Cost Bond. These matters are scheduled for hearing on December 14, 2007. This declarant respectfully submits that the pending motions are likely to dispose of the action. Requiring the parties to incur the time and expense of complying with the Rule 26 meet and confer and disclosure obligations when it is likely that the action will be dismissed would, this declarant

1  respectfully submits, impose an undue burden upon Defendants.  Defendants request that the Court
2  extend the time for complying with the October 1, 2007 Order to a date after December 14, 2007.
3      I declare under penalty of perjury under the laws of the United States that the foregoing is
4  true and correct and that this declaration is executed on October 30, 2007 at San Jose, California.

5              /s/    LOUIS SPITTERS
               LOUIS SPITTERS, declarant

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28