#1407
LOUIS SPITTERS - SBN 112064
LAW OFFICES OF LOUIS SPITTERS
96 North Third Street, Suite 500
San Jose, California 95112
Telephone:(408) 293-0463
Facsimile: (408) 293-9514

Attorneys for Defendants,
EDWARD Z. BINE-STOCK, individually,
E & E STEEL TRADING and
E & E GROUP, LLC

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND, CALIFORNIA DIVISION

| | |
|---|---|
| THIRU J. IMMANUEL AND IMMANUEL METAL CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD Z. BINE-STOCK, INDIVIDUALLY, E & E STEEL TRADING, and E & E GROUP, LLC,<br><br>Defendants. | Case No.  C 07 3402 CW<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONTINUE PETITION AND MOTIONS SCHEDULED FOR HEARING ON DECEMBER 20, 2007; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DEFENDANTS' COUNSEL<br><br>DATE:     tba<br>TIME:      tba<br>CTRM:    2<br>JUDGE:   Hon. Claudia Wilken |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants EDWARD Z. BINE-STOCK, INDIVIDUALLY, E & E STEEL TRADING, and E & E GROUP, LLC respectfully submit the following Response to Plaintiffs' Motion to Continue Hearing of Defendants' Petition to Enforce Pre-Litigation Mediation and Arbitration Proceeding or alternative Motion to Dismiss for Failure to State a Claim, and Motion for Posting of Cost Bond currently scheduled for hearing on December 20, 2007 in this action.

This Response, submitted pursuant to U.S. District Court, Northern District of California, Local Rules 7 and 11, is made on the grounds that Plaintiffs have not established good cause for the continuance requested.  This Response is based upon the Memorandum of Points and

Authorities and Declaration of Defendants' counsel Louis Spitters submitted herewith, exhibits thereto, upon the pleadings records and papers on file herein, matters of which the court may take judicial notice, and upon such other and further oral and documentary argument and evidence as the court may request or consider in ruling on the Motion.

DATED: December 10, 2007                    LAW OFFICES OF LOUIS SPITTERS

                                                            /s/     LOUIS SPITTERS
LOUIS SPITTERS
Attorney for Defendants,
EDWARD Z. BINE-STOCK,
INDIVIDUALLY, E & E STEEL TRADING,
AND THE E & E GROUP, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

The Court's review of its file in this action will reveal that this is a purported civil RICO action brought by Plaintiffs seeking recovery of a deposit tendered pursuant to the terms of a contract for the sale and deliver of 1000 metric tons of scrap steel. Defendants E&E Group, LLC retained the non-refundable deposit after Plaintiffs breached the agreement by failing to tender a letter of credit to secure payment for the steel as required by the terms of the parties' contract.

The parties' contract contains a Pre-Litigation Mediation and Arbitration agreement, with which Plaintiffs failed to comply prior to commencing this action. Defendant has filed appropriate motions seeking relief from Plaintiffs' non-compliance with this agreement, relief from Plaintiffs' improper civil RICO allegations, and relief requiring Plaintiffs to tender to the Court a Cost Bond.

Defendants' Motions were filed on October 25, 2007. Those matters were set for hearing on December 14, 2007 before Magistrate Judge John C. Spero. On November 9, 2007, after this action was transferred to this Court, Defendants re-noticed the hearing of these motions for December 20, 2007. Plaintiffs' opposition was due on November 30, 2007.

When no Opposition was received, on December 4, 2007, Defendants served a Notice of Non-Opposition to the motions. Thereafter, Plaintiffs' counsel requested a continuance of the hearings. The only reason given for requesting the continuance was that counsel's Pro Haec Vice

Application (counsel had filed three such applications with the Court) was not granted until November 30, 2007.  Defendants proposed that instead of continuing the motions, the parties agree upon a modified briefing schedule.  The instant motion followed.

Defendants request that the court either deny the motion and set a modified briefing schedule to allow the motions to proceed as currently scheduled, or grant a brief continuance so that the issues before the court may promptly be resolved.

II

PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE FOR A CONTINUANCE

A.    PLAINTIFFS WERE ABLE TO PREPARE OPPOSITION TO THE MOTIONS.

The sole ground upon which Plaintiffs' motion rests is the assertion that Plaintiffs could not properly have commenced preparation of opposition to the pending motions until counsels' Pro Haec Vice Application had been granted.  This assertion assumes, contrary to law, that preparing opposition to the motion while the Pro Haec Vice Application was pending would in some way have constituted the unauthorized practice of law before this Court.  Counsel knew or should have know that this was not the case.

In circumstances remarkably similar to the one at bench, one California court has recognized that a non-resident attorney may does not commit the unauthorized practice of law assisting in an action pending in a federal district court in California.  See, Cowen v Calabrese (1964) 230 Cal.App.2d 870, reaffirmed, Bluestein v State Bar (1974) 13 Cal.3d 162, 174 n. 10 and Birbrower, Montalbano, Condon & Frank, P.C. v Superior Court (1998) 17 Cal.4th 119, 130.

In Cowen v Calabrese, supra, a party to a bankruptcy proceeding pending before the U.S. District Court for the Southern District of California retained an Illinois attorney to assist him in the bankruptcy proceedings in California.  Id. at 871.  The court observed that services were initially performed in Illinois.  Subsequently, the party telephoned the attorney in Illinois at which time the parties entered into an agreement whereby the attorney agreed to come to California to assist the party in the bankruptcy proceedings, in exchange for payment of his expenses and a fee. Id.  After the Illinois attorney had rendered services to the client in the bankruptcy proceedings in California, the client sought to avoid payment on the grounds that the attorney was not admitted to

1  practice in California. Id. at 872. The Appellate Court ruled that there was "no applicable defense
2  as to payment for these services." Id. It also held that the attorney did not commit the unlawful
3  practice of law in California, because the services were rendered in connection with a federal court
4  proceeding. Id. at 872-873.

5       Similarly, in this action, though Plaintiffs' counsel was not admitted to practice before this
6  court until November 30, 2007, he was nevertheless, by his own admission, admitted to practice in
7  Texas. There was no impediment to his performing legal work for Plaintiffs in Texas. Such
8  services would not be construed as practicing law before this Court, any more than the rendering of
9  services in Illinois or federal court in California by the attorney in Cowen v Calabrese, supra, could
10 be construed as practicing law in the courts of California. Id. at 872.

11      Local Rule 11-3 prescribes the procedure for obtaining Pro Haec Vice admission to this
12 Court, but it places no restrictions upon the ability of an attorney while an application is pending to
13 practice law within the jurisdiction in which the attorney is currently admitted to render services in
14 connection, apart from appearing in or filing papers with the court, with the action pending before
15 this court. Plaintiffs have failed to demonstrate, as a matter of law, that the pendency of the Pro
16 Haec Vice Application impaired in any way their ability to prepare opposition to the pending
17 motions.

18 B.    PLAINTIFFS HAVE NOT TIMELY SOUGHT A CONTINUANCE.

19      The continuance of a motion should be sought prior to the time opposition is due. See,
20 Local Rule 7-7(a). While Plaintiffs' Pro Haec Vice Application was pending, Plaintiffs filed a
21 number of requests for continuances of other dates in this action, but not for the pending motions.
22 A continuance should timely have been requested before their opposition was due, or immediately
23 upon the granting of the Pro Haec Vice Application, and not following receipt of Defendants'
24 Notice of Non-Opposition.

25      Prior to the filing of this motion, Plaintiffs requested of Defendants a continuance of the
26 matter. In light of time which had elapsed since the filing of the motion, and the improper basis for
27 the request, Defendants agreed to modify the briefing schedule for the motions. In lieu of asserting
28 that Plaintiffs had waived their opportunity to oppose the motions, Defendants proposed a

modified briefing schedule for the opposition and reply briefs. Plaintiffs' motion fails to advise the Court of this fact. Defendants did not receive a response to this proposal, but this motion instead. Defendants shall be prejudiced by the granting of a lengthy continuance, as they will be required to expend unnecessarily attorneys fees and costs, in defending an action and in complying with the court's pre-trial and case management orders, in an action that should not have been brought in the first instance without Plaintiffs' having complied with the parties Mediation and Arbitration agreement.

III

CONCLUSION

For the reasons discussed herein, Defendants request that the Court deny the request for continuance and set a briefing schedule that will permit the hearing on the motions to proceed on December 20th, or grant Plaintiffs a brief continuance to permit the issues presented on these motions to be addressed in a prompt fashion.

Respectfully submitted,

DATED: December 10, 2007          LAW OFFICES OF LOUIS SPITTERS

                                  _____/s/_____LOUIS SPITTERS_____
                                  LOUIS SPITTERS
                                  Attorney for Defendants,
                                  EDWARD Z. BINE-STOCK,
                                  INDIVIDUALLY, E & E STEEL TRADING,
                                  AND THE E & E GROUP, LLC

DECLARATION OF COUNSEL RE: RESPONSE TO MOTION FOR CONTINUANCE

I, Louis Spitters, declare:

1.  I am an attorney license to practice before all courts of the State of California and all Federal District Courts located in California, as well as the 9th Circuit Court of Appeals. I am the attorney for Defendants EDWARD Z. BINE-STOCK, E & E STEEL TRADING, and E & E GROUP, LLC in this action. I have personal knowledge of the matters set forth herein based upon my involvement in this action and the representation of Defendants in this action. If called to testify, I could and would competently testify as to the truth of the facts set forth herein.

2. The Court's review of its file in this action will reveal that this is a purported civil RICO action brought by Plaintiffs seeking recovery of a deposit tendered pursuant to the terms of a contract for the sale and deliver of 1000 metric tons of scrap steel. Defendants in this action contend that Defendant E&E Group, LLC, which entered into the contract with Plaintiff Immanuel Metal Corp., retained the non-refundable deposit after Plaintiffs breached the agreement by failing to tender a letter of credit to secure payment for the steel as required by the terms of the parties' contract.

3. The court may further note from Exhibit A in support of Defendants' Petition to Enforce Mediation and Arbitration Agreement that the parties' contract contains a Pre-Litigation Mediation and Arbitration agreement. Defendants contend Plaintiffs failed to comply prior to commencing this action. Defendant has filed appropriate motions seeking relief from Plaintiffs' non-compliance with this agreement, relief from Plaintiffs' improper civil RICO allegations, and relief requiring Plaintiffs to tender to the Court a Cost Bond.

4. The Court's docket in this action should reflect that Defendants' Motions were filed on October 25, 2007 and that those matters were set for hearing on December 14, 2007 before Magistrate Judge John C. Spero. On November 9, 2007, after this action was transferred to this Court, Defendants re-noticed the hearing of these motions for December 20, 2007. Plaintiffs' opposition was due on November 30, 2007.

5. When no Opposition was received, on December 4, 2007, this declarant prepared and served upon Plaintiff a Notice of Non-Opposition to the motions. On December 6, 2007 I received an undated, letter sent via email from Plaintiffs' counsel requested a continuance of the hearings. The only reason given for requesting the continuance was that counsel's Pro Haec Vice Application was not granted until November 30, 2007. It should be noted that Plaintiffs' counsel has filed three such applications with the court. The pendency of these applications has not constrained Plaintiffs' counsel from requesting continuances of other pending dates from the court. However, it was not until December 6th, one week after the opposition to the motions was due, that Plaintiffs first broached this issue. Given that the motions had been pending for nearly six weeks, that Plaintiffs had sufficient time to prepare opposition, and that the basis for requested

continuance seemed to this declarant to be suspect or specious, this declarant instead of stipulating to a continuance proposed that the parties agree upon a modified briefing schedule. Based upon prior experience with such issues, I was aware that the pendency of the Pro Haec Vice motion did not foreclose Plaintiffs' counsel from preparing opposition to the motions. I did not think this was a good faith argument based upon the law as I understand it. It appeared that Plaintiffs' counsel simply delay the preparation of a response to the motions. However, I did not wish to preclude Plaintiffs from any opportunity to respond to the motions. Since the facts and the issues presented on the motions are simple and straightforward, I did not assume that much time would be required to oppose the motions, if it were possible, in conformity with Rule 11, properly to oppose the motions. Accordingly, on December 7, 2007 this declarant prepared and sent to Plaintiffs' counsel a fax setting forth the proposed briefing schedule. A true and accurate copy of the fax is attached hereto as Exhibit A. No response to this fax was received. Instead, I received the instant motion.

6. This declarant was also surprised at the timing of Plaintiffs' request for a continuance. It was not received until two days after I had filed a Notice of Non-Opposition. The request for a continuance should have been sought, in conformity with the Local Rules, prior to the time their opposition was due. Plaintiffs had made numerous other requests for extensions and continuances of dates since the pending motions were filed and while counsel's Pro Haec Vice Applications were pending. Those requests sought extensions of compliance with the Court's pretrial and case management orders until a date following the December 20th hearing date for the Defendants' motions. I had stipulated to those continuances and extensions on the basis that the motions would be heard as scheduled, and that the parties would thereby be spared the considerable effort and expense of complying with the Court's pretrial and case management orders.

7. I inferred from Plaintiffs' requests for extensions and continuances that Plaintiff intended to proceed with the hearing of Defendants' motions as presently scheduled for December 20th, as the stipulated extensions has been premised on that date. If the lengthy continuance requested by Plaintiffs is granted, Defendants shall be prejudiced by having to incur unnecessarily attorneys fees and costs, in defending an action and in complying with the court's pre-trial and case

1 management orders. Defendants should not be required to incur these expenses in an action that
2 should not have been brought in the first instance without Plaintiffs' having complied with the
3 parties Mediation and Arbitration agreement. Defendants therefore request that the court either
4 deny the motion and set a modified briefing schedule to allow the motions to proceed as currently
5 scheduled, or grant a brief continuance so that the issues before the court may promptly be
6 resolved.

7    I declare under penalty of perjury under the laws of the United States that the foregoing is
8 true and correct and that this declaration is executed on December 10, 2007 at San Jose, California.

                             /s/    LOUIS SPITTERS
                        LOUIS SPITTERS