#1407
LOUIS SPITTERS  - SBN 112064
LAW OFFICES OF LOUIS SPITTERS
96 North Third Street, Suite 500
San Jose, California  95112
(408) 293-0463

Attorneys for Defendants,
EDWARD Z. BINE-STOCK,
INDIVIDUALLY, E & E STEEL
TRADING and THE E & E GROUP, LLC

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND, CALIFORNIA DIVISION

THIRU J. IMMANUEL AND IMMANUEL )
METAL CORPORATION, )
                           )
               Plaintiffs, )
                           )
vs. )
                           )
EDWARD Z. BINE-STOCK, )
INDIVIDUALLY, E & E STEEL )
TRADING, and E & E GROUP, LLC, )
                           )
            Defendants. )
_____ )

Case No.  C 07 3402 CW

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
FOR AWARD OF ATTORNEYS FEES
AND COSTS

| | |
|---|---|
| DATE: | March 27, 2008 |
| TIME: | 2:00 p.m. |
| CTRM: | 2 - 4th Floor |
| JUDGE: | Hon. Claudia Wilken |

**I**

**INTRODUCTION**

Plaintiffs's Complaint sought recovery of $52,500 allegedly paid to Defendants (See,

Exhibit A to Request for Judicial Notice).  What the Complaint failed to disclose, however, was

that these funds were paid to Defendant E&E Group, LLC as a non-refundable deposit pursuant to

the terms of an Agreement for the sale and shipment of 1,000 metric tons of scrap steel to India,

that Plaintiff's breached the Agreement, that the Agreement involved a commercial transaction

between companies located in the United States and India, and that their Agreement includes a

provision for pre-litigation Mediation and Arbitration.  (See, Exhibit C to Request for Judicial

Notice: Declaration of Defendant Edward Z. Bine-Stock and exhibit thereto).

1    In response to the Complaint, Defendants brought a Petition for Enforcement of the Parties'

2    Pre-Litigation Mediation and Arbitration Agreement for dismissal of this action (See, Exhibit B to

3    Request for Judicial Notice: Petition).  Plaintiffs did not oppose the Petition, but in fact agreed to

4    the Court's dismissal of the action (See, Exhibit D to Request for Judicial Notice: Plaintiff's

5    Response to Petition).  The Court subsequently dismissed the action, and entered judgment for

6    Defendants (See, Exhibit E to Request for Judicial Notice: Judgment of Dismissal).

7    The subject of Plaintiffs' Complaint was the parties' agreement for the sale of scrap steel.

8    (See, Exhibit C to Request for Judicial Notice: Declaration of Defendant Edward Z. Bine-Stock

9    and exhibit thereto).  Plaintiff's complaint is couched in part as a contract action (See, Exhibit A to

10   Request for Judicial Notice: Civil Cover Sheet [classifying the Complaint as a contract action]; and

11   Complaint [paragraphs 1-5 alleging Defendants' actions were intended to lure Plaintiff into

12   entering into a contract and caused Plaintiffs to tender funds to Defendant]).  There can be no

13   doubt that this action arises from the contract presented to the court in support of Defendants'

14   Petition.  (See, Exhibit C to Request for Judicial Notice: Declaration of Defendant Edward Z.

15   Bine-Stock and exhibit thereto).  The sum Plaintiffs allege they tendered to Defendants (See,

16   Exhibit A to Request for Judicial Notice: Complaint, paragraph 5) is identical to the deposit

17   Plaintiffs were required to pay under the parties' agreement (See, Exhibit C to Request for Judicial

18   Notice: Declaration of Defendant Edward Z. Bine-Stock and exhibit thereto - Contract, section

19   11.1 [page 6 of 29]).

20   The parties' contract further provides, at Section XXXIII (page 16 of 29) for the award of

21   attorneys fees in the event of any legal proceedings arising from the agreement, as follows:

22       "Should any Party file any action, or bring any proceeding, against another Party
         arising from this Agreement, the prevailing Party shall be entitled to recover as an
23       element of their Costs of Suit, and not as Damages, reasonable Attorneys Fees to be
         fixed by the Court, Arbitrators Mediator or Adjudicative Authority.  The prevailing
24       Party shall be entitled to recover their Costs of Suit and/or Arbitration and/or
         Mediation proceedings to final judgment.  Any Party not entitled to recover Costs
25       shall not recover Attorneys Fees."

26   As the Court has entered judgment for Defendants in this action, the Court must find Defendants

27   are the prevailing parties and award them their costs and attorneys fees incurred in this action.

28

1

## II

2

## DEFENDANTS MUST TO RECOVER THEIR ATTORNEYS FEES AS COSTS

3       This Court retains jurisdiction, even after it has dismissed an action, to award the prevailing

4   party its costs and attorneys fees.  <u>Elks National Foundation v Weber</u>, 942 F.2d 1480, 1485 (9th Cir.

5   1991).  Where, as here, the parties by their contract have agreed that the prevailing party in any

6   action between them shall be entitled to recovery of attorneys fees, the "American Rule" that

7   parties shall bear their respective legal expenses does not apply.  <u>Crowley American Transport, Inc.</u>

8   <u>v Richard Sewing Machine Co.</u>, 172 F.3d 781, 785 (11th Cir. 1999).

9       In actions grounded on the Court's diversity jurisdiction, this Court must apply the

10  applicable state law on the issue of awarding prevailing party attorneys fees.  <u>Schultz v Lamp</u>, 591

11  F.2d 1268, 1272 (9th Cir. 1978).  The authority applicable to this case arises under California law,

12  because the contract was entered into in this State.  See, <u>Marchese Bros. v A. Lyon & Sons</u> (1954)

13  123 Cal.App.2d 193, 198 (contract entered into at situs of last act necessary to make it a final

14  binding agreement); and Exhibit C to Request for Judicial Notice: Declaration of Defendant

15  Edward Z. Bine-Stock and exhibit thereto - Contract at page 23 of 29 [contract was last executed

16  by Defendant in California]).

17      In such circumstances, the relevant California law provides that the prevailing party in an

18  action arising from contract shall recover its costs and attorneys fees.  California Civil Code

19  §1717; <u>Diamond v John Martin Co.</u> 753 F.2d 1465 (9th Cir. 1985).  A prevailing party, as defined

20  by California Code of Civil Procedure §1032 is "one in whose favor a dismissal is entered."  <u>Cano</u>

21  <u>v Glover</u>, 143 Cal.App.4th 326, 331(2006) (defendant receiving dismissal is prevailing party,

22  whether dismissal is voluntarily or involuntarily, or with or without prejudice).  See also,

23  <u>California Common Cause v Duffy</u> (1987) 200 Cal.App.3d 730, 741-43 (party whose position is

24  vindicated held to be prevailing party); and <u>Heather Farms Homeowners Association v Robinson</u>

25  (1994) 21 Cal.App.4th 1568, 1574 (prevailing party is determined by who prevailed "on a practical

26  level").  Since the Court dismissed Plaintiff's action and entered judgment for Defendants, the

27  Court must find Defendants to be the prevailing party in this action.

28

1      California Code of Civil Procedure §1032(b) provides that the prevailing party shall

2   recover, as a matter of right, his costs incurred in any action or proceeding.  California Code of

3   Civil Procedure §1033.5(a)(10)(A)&(C) entitles Defendants to recovery of their attorneys fees and

4   costs incurred when authorized by statute or law.  The California Supreme Court has held:

5          "[w]hen a party obtains a simple, unqualified victory by completely prevailing or
           defeating all contract claims and the contract contains an provision for attorneys
6          fees, section 1717 entitles the successful party to recover reasonable attorneys fees
           incurred in prosecution or defense of those claims."

7

8   Scott Co. v Blount, Inc., 20 Cal.4th 1103, 1109 (1999).

9      The amount of fees sought by Defendant in this action $11,581.86, as reflected in the

10   accompanying declaration of Defendants' counsel, is reasonable under the circumstances of this

11   case.  California courts awarding attorneys' fees pursuant to section 1717 do not apply the lodestar

12   approach toward determining reasonable attorneys' fees.  See, Montgomery v Bio-Med Specialties,

13   Inc., 183 Cal.App.3d 1292, 1297 (1986).  Rather, California affords its trial courts broad

14   discretion, in section 1717 cases, to consider a wide number of factors.  These factors include the

15   nature of the action, the amount involved, and the skill of the attorney; however, it is the

16   experience of and assessment rendered by the trial judge is evaluating the amount of reasonable

17   attorneys fees that receives great weight and deference, which may be reversed only for an abuse of

18   discretion.  Id., at 1297-1298.  The Court should consider that Defendant would not have been

19   required to incur any of these attorneys fees and costs if Plaintiffs had complied with the parties

20   Pre-Litigation Mediation and Arbitration Agreement.  The bulk of these attorneys fees and costs

21   would not have been incurred had Plaintiffs dismissed the action as requested in Defendants'

22   October 29, 2007 Rule 11 letter.  Also, Defendants were required to incur attorneys fees to oppose

23   the purported RICO claim Plaintiffs attempted to assert in their Complaint, due to the serious

24   nature of such a claim and the penalties which attach to such a claim.  Were the Court to apply the

25   lodestar analysis, the costs and attorneys fees incurred in defending this action are reasonable in

26   light of those, which include:  (1) the time and labor required; (2) the novelty or difficulty of the

27   issues presented; (3) the skill necessary to perform the legal services properly; (4) the preclusion of

28   other employment due to acceptance of the case; (5) the customary fee charged; (6) whether the fee

1  is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount

2  involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the

3  "undesirability" of the case; (11) the nature and length of the professional relationship with the

4  client; and (12) awards in similar cases.  See, Conseils v Kaiser Cement & Gypsum Corp., 791

5  F.2d 1334, 1341-1342 (9th Cir. 1986).

6       Awards of attorneys fees are proper even where, as here, Plaintiffs have attempted to cloak

7  their action, which plainly arises from a contract that includes and attorneys fees provision, as a

8  civil RICO claim.  See, Norman v Niagra Mowhawk Power Corp., 873 F.2d 634, 637 (2d

9  Cir.1989) ("[a]rtful invocation of controversial civil RICO, particularly when inadequately

10  pleaded, cannot conceal the reality [of] the gravamen of the complaint").

11                                    **III**

12                                **CONCLUSION**

13       Therefore, Defendants EDWARD Z. BINE-STOCK, E&E STEEL TRADING and E&E

14  GROUP, LLC respectfully request that the Court grant their motion for attorneys fees and costs in

15  this action in the sum of $11,581.86, that the judgment be amended to reflect this award, and that

16  the judgment reflect that attorneys fees incurred in collecting the judgment shall be recoverable, in

17  accordance with Code of Civil Procedure Section 685.040 (see, Miller v Givens, 30 Cal.App.4th

18  18, 22 (1994); Carnes v Zamani, 488 F.3d 1057, 1061 (9th Cir. 2007)).

19                                              Respectfully submitted,

20  DATED: February 7, 2008              LAW OFFICES OF LOUIS SPITTERS

21                                               /s/ Louis Spitters
                                             LOUIS SPITTERS
22                                           Attorney for Defendants,
                                             EDWARD Z. BINE-STOCK,
23                                           INDIVIDUALLY, E & E STEEL TRADING,
                                             and THE E & E GROUP, LLC
24

25

26

27

28