#1407
LOUIS SPITTERS  - SBN 112064
LAW OFFICES OF LOUIS SPITTERS
96 North Third Street, Suite 500
San Jose, California  95112
(408) 293-0463


Attorneys for Defendants,
EDWARD Z. BINE-STOCK,
INDIVIDUALLY, E & E STEEL
TRADING and THE E & E GROUP, LLC

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND, CALIFORNIA DIVISION

| | |
|---|---|
| THIRU J. IMMANUEL AND IMMANUEL METAL CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD Z. BINE-STOCK, INDIVIDUALLY, E & E STEEL TRADING, and E & E GROUP, LLC,<br><br>Defendants. | Case No.  C 07 3402 CW<br><br>DECLARATION OF DEFENDANTS' COUNSEL IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS<br><br>DATE:       March 27, 2008<br>TIME:       2:00 p.m.<br>CTRM:     2  - 4th Floor<br>JUDGE:    Hon. Claudia Wilken |

I, LOUIS SPITTERS, declare:

1.   I am an attorney at law licensed to practice before all courts of the State of California, all Federal District Courts located in California, and the Ninth Circuit Court of Appeals.  I am attorney for Defendants EDWARD Z. BINE-STOCK, E & E STEEL TRADING, and THE E & E GROUP, LLC in this action.  I have personal knowledge of the matters set forth herein.  If called to testify I could and would competently testify as to the truth of the facts stated herein.

2.   Prior to bringing this motion, I attempted to meet and confer with Plaintiff's counsel as required by Local Rule 54-6.  On January 25, 2008 I faxed to Plaintiff's attorneys a request for a telephonic meet and confer conference.  A true and accurate copy of the fax and transmission

confirmations is attached hereto as Exhibit A. In the fax, I suggested a conference on January 30, 2008 to provide counsel sufficient time to discuss the matter with their clients and amongst themselves. At 10:00 a.m. PST on January 30th, I telephoned Plaintiffs' local counsel Kevin J. Gray. I was informed by Mr. Gray's assistant that Mr. Gray did not believe he needed to be involved in the meet and confer conference. I then telephoned Plaintiff's counsel Edward Cano. There was no answer at his office. I left a message on his office's general voicemail system identifying myself, the case about which I was calling and the purpose of the call -- to meet and confer regarding this motion as advised in my previous fax. Subsequently I received communication from Mr. Cano that he was unavailable, due to court appearances, to meet and confer by telephone. I then initiated meet and confer efforts through correspondence. True and accurate copies of my meet and confer correspondence, faxes (with transmission confirmations) sent to Plaintiffs' counsel on January 31, 2008, February 5, 2008 and February 6, 2008 (misdated January 25, 2008) are attached hereto and collectively marked as Exhibit B. This declarant respectfully submits he has attempted in good faith to comply with Local Rule 54-6 prior to bringing this motion.

      3.     The Court's review of its file in this action will reveal that Plaintiffs's Complaint sought recovery of $52,500 allegedly paid to Defendants. What the Complaint failed to disclose, as reflected by the Petition and related papers filed by Defendant on October 25, 2007, is that these funds were paid to Defendant E&E Group, LLC as a non-refundable deposit pursuant to the terms of an Agreement for the sale and shipment of 1,000 metric tons of scrap steel to India, that Plaintiffs breached the Agreement, that the Agreement involved a commercial transaction between companies located in the United States and India, and that their Agreement included a provision for pre-litigation Mediation and Arbitration. In response to the Complaint, this declarant prepared and filed on behalf of Defendants a Petition for Enforcement of the Parties' Pre-Litigation Mediation and Arbitration Agreement and for dismissal of this action. After the matter was continued by the court, Plaintiffs elected not to oppose the Petition. Plaintiffs also agreed to the Court's dismissal of the action. The Court subsequently dismissed the action. Thereafter, this declarant prepared and submitted to the Court a Judgment of Dismissal, which the Court entered.

1  Defendants now seeks as recovery of their costs of suit in this action, including the attorneys fees
2  incurred in defending this specious and frivolous action.

3      4.    In considering this motion, the Court should also be aware that shortly after filing
4  the Petition, this declarant wrote, to Plaintiffs' counsel, on October 29, 2007, in accordance with
5  Rule 11, requesting that Plaintiff withdraw the RICO claim alleged in the complaint, and dismiss
6  the action against parties improperly named in the action.  The basis for the specious and frivolous
7  nature of the RICO claim were set forth in the Defendants' Rule 12(b)(6) motion that was filed
8  with and sought relief in the alternative to the remedies requested on the Petition, which motion
9  was referenced in the letter.  No response was ever received to this letter.  On December 7, 2007 I
10 sent a fax to Plaintiffs' counsel enclosing a copy of my letter of October 29th, again requesting a
11 response.  A true and accurate copy of the October 29th letter and December 7th fax are attached
12 hereto as Exhibit C.  Subsequently, I received a telephone call from Mr. Cano, in which he advised
13 that he would not dismiss any of the claims or parties in the complaint as requested.

14     5.    This declarant respectfully submits that the gravamen of Plaintiffs' Complaint was
15 the contract that was submitted to the Court in support of Defendants' Petition to Enforce the Pre-
16 Litigation Mediation and Arbitration agreement.  The Court may observe from reviewing
17 Plaintiffs' Civil Cover Sheet that they classified their complaint as a contract action.  Additionally,
18 the allegations of the complaint allege wrongdoing by the Defendants undertaken for the purpose
19 of "luring" Plaintiffs into entering into a contract, which they allege Defendants did not intend to
20 perform.  Notably the sum of damages claimed on the Complaint is identical to the non-refundable
21 deposit specified in the parties' agreement.   This declarant respectfully submits there can be no
22 doubt that the Complaint arises from the Contract submitted to the Court on Defendants' Petition.

23     6.    The parties' contract also contained a provision for the award of attorneys fees in
24 the event of any legal proceedings arising from the agreement.   In light of the Court's dismissal of
25 the action and entry of judgment for Defendants, this declarant respectfully submits that the Court
26 find Defendants are the prevailing parties, and award them their attorneys fees and costs incurred
27 in defending this action, which are summarized as follows:

28

| | | | |
|---|---|---|---:|
| October 2007 | Fees | | $1,320.00 |
| | Costs | | $74.38 |
| November 2007 | Fees | | $3,750.00 |
| | Costs | | $54.93 |
| December 2007 | Fees | | $1,650.00 |
| | Costs | | $202.05 |
| January 2008 | Fees | | $450.00 |
| | Costs | | $51.50 |
| Total | | | $7,552.86 |

Attached hereto and marked as Exhibit D are true and accurate copies of my billing statements sent to my clients in this action for the period of October 2007 through January 2008. My billing cycle terminates on the twentieth day of each month. Costs and fees incurred after the 20th day of each month appear on the following month's billing statement. My client is billed $300 per hour for my services in this action.

       7.       The foregoing attorneys fees and costs do not include the fees and costs incurred in the rendering of services in this matter, including complying with the Court's meet and confer process or in preparing this motion, incurred subsequent to January 20, 2008. Those fees and costs are as follows:

| Date | Service | Hours | Fees |
|---|---|---:|---:|
| 1/25/08 | Receive and Review Judgment | 0.10 | $30.00 |
| | Prepare Notice of Entry of Judgment | 0.20 | $60.00 |
| | Prepare fax to Plaintiffs' Counsel re: Meet and Confer on Motion for Attorneys Fees | 0.20 | $60.00 |
| | Costs: Fax Transmissions | | $2.00 |
| 1/30/08 | Review File and Prepare Fax to Plaintiffs' Counsel re: Defendants' Attorneys Fees and Costs | 0.30 | $90.00 |
| | Costs: Fax Transmission | | $2.00 |

| | | | | |
|---|---|---|---|---|
| 1 | | Phone Call to Kevin Gray re: Meet and Confer on Motion for | | |
| 2 | | Attorneys Fees | 0.10 | $30.00 |
| 3 | | Phone Call to Edward Cano re: Meet and Confer on Motion for | | |
| 4 | | Attorneys Fees | 0.10 | $30.00 |
| 5 | | Prepare Fax to Plaintiffs' Counsel re: Mr. Gray's Non-Participation | | |
| 6 | | in Meet and Confer and Mr. Cano's Unavailability | 0.20 | $60.00 |
| 7 | | Costs: Fax Transmissions | | $2.00 |
| 8 | | Research re: Motion for Attorneys Fees on Issues of Jurisdiction, | | |
| 9 | | Application of State Law, Lodestar Factors and California | | |
| 10 | | Authorities | 1.50 | $450.00 |
| 11 | | Prepare Notice of Motion for Attorneys Fees and Costs | 0.30 | $90.00 |
| 12 | | Prepare Motion for Attorneys Fees and Costs | 0.30 | $90.00 |
| 13 | | Prepare Memorandum of Points and Authorities in Support of | | |
| 14 | | Motion for Attorneys Fees and Costs (begun) | 1.60 | $480.00 |
| 15 | | Prepare Declaration of Defendants' Counsel in Support of Motion | | |
| 16 | | for Attorneys Fees and Costs (begun) | 1.00 | $300.00 |
| 17 | 1/31/08 | Prepare Fax to Plaintiffs' Counsel re: Meet and Confer on Motion | | |
| 18 | | For Attorneys Fees and Costs | 0.20 | $60.00 |
| 19 | | Costs: Fax Transmission | | $1.00 |
| 20 | 2/5/08 | Prepare Fax to Plaintiffs' Counsel re: Meet and Confer on Motion | | |
| 21 | | For Attorneys Fees and Costs | 0.20 | $60.00 |
| 22 | | Costs: Fax Transmission | | $1.00 |
| 23 | | Prepare Request for Judicial Notice in Support of Motion for | | |
| 24 | | Attorneys Fees and Costs | 0.40 | $120.00 |
| 25 | 2/6/08 | Prepare Fax to Plaintiffs' Counsel re: Meet and Confer on Motion | | |
| 26 | | For Attorneys Fees and Costs | 0.20 | $60.00 |
| 27 | | Costs: Fax Transmission | | $1.00 |
| 28 | | | | |

| | | | |
|---|---|---|---|
| 2/7/08 | Prepare Motion for Attorneys Fees and Costs, including Memorandum of Points and Authorities, Declaration of Defendants' Counsel in Support of Motion and Proposed Order (completed) | 1.50 | $450.00 |

Total Fees and Costs (1/21/08 to 2/7/08)                                                                $2,529.00

In addition to these attorneys fees and costs, I anticipate rendering services for not less than two hours for reviewing Plaintiffs' Opposition to the motion and preparing a Reply Brief, and not less than three hours for travel to court and to appear for the hearing on the motion.  These anticipated fees, for a minimum of five hours, total $1,500.00.  Accordingly, Plaintiff seeks costs and attorneys fees in this action totaling $11,581.86.

8. This declarant respectfully submits that the amount of fees and costs incurred in the defense of this matter is reasonable in light of the circumstances of this action.  The Court should note that Defendants would not have been required to incur these fees and costs at all if Plaintiffs had complied with the terms of the parties **Pre**-Litigation Mediation and Arbitration Agreement.  Further, if Plaintiff's had dismissed the action, as requested in this declarant's October 29, 2007 Rule 11 letter addressed to Plaintiffs' counsel, the bulk of the fees Defendants were required to incur in defending this action would not have been incurred.  The court should also consider that the purported RICO claim Plaintiffs attempted to assert in their Complaint was patently frivolous in light of the record in this action.  Responding to these specious allegations required Defendant to incur additional attorneys fees, due to the serious nature of and the penalties that attach to a RICO claim.

9. If the Court elects to analyze the attorneys fees motion under a lodestar formula, this declarant respectfully submits that the fees and costs sought on this motion are reasonable, in light of the lodestar considerations:

(1) The time and labor required.  All of the time spent in the defense of this action was incurred by this declarant.  The time reflected on the billing statements is a conservative reflection of the time actually spent by this declarant on the matter.

(2) The novelty or difficulty of the issues presented. The complaint in this action raised issues involving the RICO statute, the Federal Arbitration Act, the Convention on the Recognition and Enforcement of Foreign Arbitration Awards, and the issues and procedures entailed in enforcing a pre-litigation mediation and arbitration agreement. The collection of these issues in this one matter made the case fairly complex. In analyzing whether the RICO statute could be applied to this case (and in preparing the Rule 12(b)(6) motion I concluded it could not) it was necessary to undertake a detailed review of the parties' transaction and to research thoroughly the RICO statute and the cases interpreting it. Additional research was required to determine the application of the Convention to this action.

(3) The skill necessary to perform the legal services properly. This declarant respectfully submits that the analysis of this case and the preparation of the pleadings and motions on behalf of Defendants in this case required the skills of an experienced attorney, and that I possessed and applied efficiently and effectively the skills necessary to advance successfully Defendants' interests in this action.

(4) The preclusion of other employment due to acceptance of the case. I am a sole practitioner. I performed all of the legal work undertaken on behalf of Defendants in this action. The time required to perform these services was significant, and precluded me from performing services for other clients.

(5) The customary fee charged. Defendants are charged $300 per hour for time spent on this matter. My practice is located in San Jose, and I am active in the legal community here. Based upon this experience, this hourly fee is a reasonable one for matters of this nature and is consistent with the hourly rate of other attorneys with similar experience in this legal community.

(6) Whether the fee is fixed or contingent. The fee is a fixed hourly fee.

(7) Time limitations imposed by the client or circumstances. When this matter was brought to my attention, it was a matter of urgency which required my attention. It was necessary for me to acquaint myself with the transaction documents, analyze the legal issues, evaluate the matter for my clients, and set upon a timely course of action.

1     (8) The amount involved and the results obtained. Plaintiff's complaint sought special damages of $52,000 plus treble damages, punitive damages and attorneys fees. This declarant was able to obtain a dismissal of the action.

    (9) The experience, reputation and ability of the attorney. I was admitted to the California Bar and to the Bar of this Court in 1983. I have maintained a litigation practice over the ensuing 24+ years with private firms, with the San Jose City Attorney's Office and in my solo practice over the past 14+ years.

    (10) The "undesirability" of the case. This factor would not appear to apply to this case.

    (11) The nature and length of the professional relationship with the client. I was first engaged by the Defendants to address their litigation matters approximately one year ago.

    (12) Awards in similar cases. This factor would not appear to apply to this case.

This declarant respectfully submits that the foregoing information complies with Local Rule 54-6.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed on February 7, 2008 at San Jose, California.

                                                      /s/ Louis Spitters
                                                    LOUIS SPITTERS