# REQUEST FOR JUDICIAL NOTICE
## EXHIBIT "A"

AO 440 (Rev. 10/93) Summons in a Civil Actio.

# United States District Court

Northern District _____ **DISTRICT OF** California

Thiru. J. Immanuel and
Immanuel Metal Corporation

**SUMMONS IN A CIVIL CASE**

V.

Edward Z. Bine-stock, Individually,
E &E Steel Trading and the
E&E Group, LLC.

**CASE NUMBER:**

**C 07 3402**

**JCS**

TO: (Name and address of defendant)

E&E Group LLC through its registered agent:
Legalzoom.com, Inc., Corporation # 2142832
7083 Hollywood Blvd, Suite 180
Los Angelos, CA 90026

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Edward P. Cano
314 S. Flores
San Antonio, TX 78204

an answer to the complaint which is herewith served upon you, within _____ 30 20 _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

**RICHARD W. WIEKING**

CLERK

(BY) DEPUTY CLERK

DATE

MARY ANN BUCKLEY

(Rev. 11/95)

**CIVIL COVER SHEET** 3402 JCS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as require by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the us of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Thiru J. Immanuel and

Immanuel Metal Corporation

**DEFENDANTS** Edward Z. Bine-Stock, Individual

E&E Steel Trading, and the

E&E Group, LLC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Marin County, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Edward P. Cano
314 S. Flores
San Antonio Tx 78204    (210)223-1099

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION**   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTI
(For Diversity Cases Only)                 AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☒ 6 | ☐ 5 |

**IV. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to Distric
Judge from
Magistrate
Judgment

**V. NATURE OF SUIT**   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☒ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determinatio |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | | Under Equal Access to Just |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS – Third Party | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | |

**VI. CAUSE OF ACTION**   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. 1331, 28 U.S.C. 1332, 28 U.S.C. 1337, 18 U.S.C. 1964(c)

Defendants stole principal amount of $52,500.⁰⁰ under false pretext of a contrac

**VII. REQUESTED IN
COMPLAINT:**

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
**JURY DEMAND:**   ☐ YES   ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE
7-9-07

SIGNATURE OF ATTORNEY OF RECORD
Ed____

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**COPY**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO, CALIFORNIA DIVISION

| | | |
|---|---|---|
| THIRU J. IMMANUEL AND | § | |
| IMMANUEL METAL CORPORATION | § | |
| Plaintiffs | § | E-filing |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| EDWARD Z. BINE-STOCK, | § | |
| INDIVIDUALLY, E & E STEEL | § | **C   07       3402** |
| TRADING AND THE E& E | § | |
| GROUP, ŁLC | § | |
| Defendants | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

#### JURISDICTION

**JCS**

This action arises under the Racketeer Influenced and Corrupt Organizations Act of 1970, 18 U.S.C. § 1961, and the laws of Texas. Plaintiff seeks to recover, compensatory and punitive damage sustained, as a result of the Defendants' conduct, along with the costs of this suit, interest and reasonable attorney's fees. The court's jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, 18 U.S.C. § 1964(c), and the doctrine of pendent jurisdiction.

#### PARTIES

Complainant, Thiru J. Immanuel, is an individual citizen of the sovereign of India and resides there.

Complainant, Immanuel Metal Corporation is a foreign entity, in good standing, registered and established under the laws of the sovereign of India with its principal place of business at 389/4, W.G.C. Road, Tuticorin, India.

Defendant, Edward Z. Bine-Stock, Individually, can be served at 1001 Bridgeway, #227, Sausalito, Marin County, California, USA 94965.

1

Defendant, Edward Z. Bine-Stock, doing business as E & E Steel Trading, is an entity calling itself "E & E Steel Trading" having a prinicpal place of business at 1001 Bridgeway, #227, Sausalito, Marin County, California, USA 94965.

Defendant, E & E Group, L.L.C. is a Limited Liability Company, acting by and through its managing partner and having its principal place of business at 1001 Bridgeway, #227, Sausalito, Marin County, California, USA 94965. Service can be made to its registered agent under Corporation number 2142832, legalzoom.com, inc. at 7083 Hollywood Boulevard, Suite 180, Los Angeles, California 90026

At all times pertinent to the allegations of this Complaint, the Defendants, including, but not limited to co-conspirators, were acting in concert with, or under the direction and control of the Defendants.

The acts committed by the Defendants as alleged herein were done by them personally either while present in, or by the use of the mails, telephones and other instrumentalities in interstate commerce to and from, Texas and elsewhere.

The acts of each Defendant are deemed to be the acts of, and are chargeable to and binding upon every other Defendant.

## FACTS

Defendants falsely and fraudulently represented through written and publicly accessible interstate commerce, and use of Internet international advertising, including commercial advertising originating from United States, State of California and reaching throughout the sovereign of India the following:

1.      That Defendants are engaged in the marketing, sale, and exchange of scrap metal to international purchasers for United States currency.

2

2.  That Defendants market and advertise their capability and capacity to ship, in exchange for money, bulk scrap metal abroad.

3.  In order to lure contacts for the purchase of Defendants alleged capability of providing scrap metal, the Defendants, show a projected image on the Internet of the picture attached hereto as Exhibit A, purportedly to demonstrate the Defendants' ownership, possession, and ability to ship scrap metal. The picture is actually a painting or artwork fraudulently displayed to cause a belief that the pile of scrap actually exist, which it does not.

4   Defendants, together and with others not yet known by name,

5.  Plaintiffs paid Defendant by wire transfer United States currency in the amount of $52,500.00

6.   Defendants, falsely represent, through these means, including by means of oral communication by international telephone, cellular, or internet means.

### CAUSE OF ACTION

7.  The Defendants' fraudulent acts as previously set forth herein constituted  violations       or various section of the Federal Criminal Codes pertaining to fraudulent offenses.

8.  The individual Defendants and other persons, including co-conspirators, for the purposes of executing the scheme to defraud the Plaintiffs.

9.  Each use of the Defendants' and the other individuals' scheme and artifice to defraud the Plaintiff, and in furtherance of the criminal acts set forth herein, constitutes a separate offense.

10.  The individual Defendants and other persons, including co-conspirators, for the       purposes of effectuating the aforesaid scheme, have concealed the various frauds perpetrated on the Plaintiff by, among other things, refusing to give exchange for US currency.

3

11.    The violation of the various sections of the United States Criminal Code pertaining to theft, and other fraudulent offenses which occurred on more than one occasion in the last ten years, constitutes a pattern of racketeering activity in violation of 18 U.S.C. § 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. § 1964(c).

12.    The use of the mails and wire for the purposes of effectuating the aforesaid scheme to defraud Plaintiff, which occurred on more than one occasion in the last ten years, constitutes a pattern of racketeering activity in violation of 18 U.S.C. §1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. § 1964(c).

13.    The individual Defendants' including co-conspirators, aided, abetted, counseled, commanded, induced or procured the commission of violations set forth above.

14.    Plaintiffs demand immediate return of their money, attorneys fees, expenses, cost of court, and exemplary damages.

15.    Plaintiffs demand a jury trial.

    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Edward P. Cano
314 S. Flores
San Antonio, Texas 78204
State Bar No. 03756700
Tel: (210) 223-1099
Fax: (210) 227-5353
edcanoattorney@sbcglobal.net
Attorney for Plaintiffs

5

## Welcome



  About Us  Inventory   Contact Us

*27 Years of Service*

   

Attention Steel Buyers:
**Paying too much for steel?**
**Need new suppliers?**
**Need new stock fast?**
**No time to shop around?**
**E & E Steel Trading**
**can save you time and money.**

Attention Steel Sellers:
**Too much inventory?**
**Need new customers?**
**Need to move stock fast?**
**No time to shop around?**
**E & E Steel Trading**
**can earn you time and money.**

**We specialize in:**
**Excess, Secondary, Primes**
**Domestic & International**
**Coil, Sheet, Plate**
**Structurals, Tubing & Pipe, Wire & Wire Rod**
**Hot Rolled, Pickled & Oiled, Cold Rolled,**
**Galvanized, Galvanealed, Galvalume, Aluminized,**
**Prepainted, Electro-zinc & Stainless**
**Billets, Slabs, Blooms**
**Pig Iron & Coke**

# Exhibit A





**Sign up for our Mailing List!**



⊛ subscribe  ⊛ unsubscribe

**Around the corner,
and around the world...**





 

Web Site Designed by E & E Web Sites®
a Registered Trade Name of THE E & E GROUP LLC
Copyright © 2002-2006
All Rights Reserved
E & E Steel Trading®
is a Registered Trade Name of
THE E & E GROUP LLC

7/12/2006 12:30 I



7/12/2006 12:32 1

p.14          415-331-4023          THE E & E GROUP LLC          Aug 27 07 12:12p



# REQUEST FOR JUDICIAL NOTICE
# EXHIBIT "B"

1  #1407
   LOUIS SPITTERS - SBN 112064
2  LAW OFFICES OF LOUIS SPITTERS
   96 North Third Street, Suite 500
3  San Jose, California 95112
   (408) 293-0463
4

5  Attorneys for Defendants,
   EDWARD Z. BINE-STOCK,
6  INDIVIDUALLY, E & E STEEL               **"CHAMBERS COPY"**
   TRADING AND THE E & E
7  GROUP, LLC

8                  **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
9                      **OAKLAND DIVISION**

10

11  THIRU J. IMMANUEL and IMMANUEL     )    Case No. C 07 3402 CW
    METAL CORPORATION,                 )
12                                     )    PETITION TO ENFORCE PRE-
                   Plaintiffs,         )    LITIGATION MEDIATION AND
13                                     )    ARBITRATION AGREEMENT AND FOR
    vs.                                )    DISMISSAL OF ACTION
14                                     )
    EDWARD Z. BINE-STOCK,              )
15  INDIVIDUALLY, E & E STEEL          )    DATE:      December 20, 2007
    TRADING, and E & E GROUP, LLC,     )    TIME:      2:00 p.m.
16                                     )    CTRM:      2, 4th Floor
                   Defendants.         )    JUDGE:     Hon. Claudia Wilken
17  _____  )

18

19        PETITION TO ENFORCE MEDIATION AND ARBITRATION AGREEMENT

20  TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

21        Defendants EDWARD Z. BINE-STOCK, E & E STEEL TRADING, and E & E GROUP,

22  LLC hereby Petition the Court for an Order Enforcing a Pre-Litigation Mediation and Arbitration

23  Agreement and for Dismissal of the Action, as follows:

24        1.      Defendant Edward Z. Bine-Stock is the Managing Director of E&E Group, LLC,

25  another of the defendants in this action. E&E Group, LLC is a California Limited Liability

26  Company organized and operating under the laws of the State of California, in good standing, with

27  its principal place of business located in Sausalito, California. The defendant identified a E&E

28

PETITION TO ENFORCE MEDIATION/ARBITRATION AGREEMENT                        PAGE 1

1  Steel Trading is a fictitious business name, properly registered in Marin County, which is owned
2  and used by E&E Group, LLC.

3      2.      Defendants are informed and believe that Plaintiff , J. Immanuel is a citizen and
4  resident of India, and is not a citizen or resident of the United States. See Complaint, paragraph 2.
5  Defendants are informed and believe that Plaintiff Immanuel Metal Corporation is a corporation
6  organized and operating under the laws of India with its principal place of business in Tuticorin,
7  India, and which is owned or operated by Plaintiff J. Immanuel. See Complaint, paragraph 3.

8      3.      This action arises from an Agreement involving a commercial transaction between
9  citizens and residents of the countries of the United States and India. The Agreement was entered
10  into between E&E Group, LLC and Immanuel Metal Corporation. A true and accurate copy of that
11  Agreement, is attached , incorporated by reference and marked as Exhibit A to the Declaration of
12  Edward Z. Bine-Stock submitted in support of this Petition, which Agreement is incorporated by
13  reference herein.

14      4.      Jurisdiction and venue of this action and Petition proceeding arise under the
15  Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, to
16  which the United States and India are signatories and have ratified, and under 9 U.S.C. Sections
17  201-208.

18      5.      The Agreement was executed by Plaintiff on February 29, 2006 and by Defendant
19  E&E Group, LLC on March 31, 2006. It provides for Defendant E&E Group, LLC to broker the
20  sale of 1,000 metric tons of steel scrap for delivery to Plaintiff Immanuel Metal Corp. in India for
21  the contract price of $210,000, as set forth in Sections I through IV of the Agreement. The contract
22  further provides for a 25% non-refundable deposit, or $52,500 (in U.S. dollars) as set forth in
23  Section XI of the agreement. The deposit is declared by the Agreement to be non-refundable to
24  cover E&E Group LLC's expenses and lost profits in the event the buyer fails to perform its
25  obligations under the Agreement, as provide in Section XX, paragraphs 20.2 and 20.3.

26      6.      After Immanuel Metal Corp. tendered the deposit and after E&E Group, LLC
27  commenced efforts to perform its obligations under the agreement, Immanuel Metal Corp.
28  breached the Agreement by failing to procure and furnish to Defendants the Letter of Credit

1  required by Section XI, paragraph 11.2 of the Agreement.  E&E Group, LLC gave Immanuel Metal

2  Corp. notice of its non-compliance with this essential requirement of the agreement.  Immanuel

3  Metal Corp. thereafter failed or refused to obtain or furnish the required Letter of Credit.

4  Subsequent to Immanuel Metal Corp.'s failure and refusal to meet its obligations under the

5  Agreement, E&E Group declared that Immanuel Metal Corp. had breached the Agreement, and

6  advised Immanuel Metal Corp. that E&E Group would terminate the Agreement and retain the

7  non-refundable deposit to cover its expenses and lost profits from the transaction.

8      7.       Prior to bringing this action, Plaintiffs have not attempted to initiate any mediation

9  or arbitration proceedings to resolve this dispute.  Defendants have advised Plaintiffs of their

10  obligation to mediate or arbitrate this dispute, but Plaintiffs have not agreed to do so.

11      8.       The requires the parties to engage in a **pre**-litigation mediation and arbitration

12  process, as defined in Section XXXII of the Agreement, as follows:

13      "32.1    Any and all disputes arising out of this Final Contract shall be attempted in good
               faith to be settled amicably amongst the Parties.  Should such dispute(s) not be able

14                 to be resolve through such amicable negotiation, ans said, within a reasonable
               period of time, then the dispute(s) arising out of or in connection with the present

15                 Agreement, including any question regarding its existence, validity, or termination,
               or breach or alleged breach thereof, shall be submitted to consideration and

16                 settlement in the first instance to a qualified Mediator chosen by the mutual
               agreement of all Parties. . .  Thereafter, should the Parties fail to arrive at an

17                 amicable settlement as a result of said Mediation, the Matter shall be submitted for
               consideration and settlement to a triumvirate of qualified Arbitrators chosen by the

18                 mutual agreement of all Parties. . .  However, the decision of the Arbitrators shall
               not be final and binding upon all Parties but may be appealed by any Party in [a] . . .

19                 Court of Law.

20      32.2    The purpose of said adjudicatory process is two-fold:
               a.    to save expense as to any an all costs and related expenses whenever

21                     possible; and
               b.    to give the Parties a practical, progressive indication of the possible final

22                     and binding outcome of adjudication, thereby precluding the possibility of
                   unnecessary expenditure as to Time and Effort, as well as to costs and

23                     related expenses of any kind."

24      9.       This Agreement involves a commercial transaction as defined by the Convention on

25  the Recognition and Enforcement of Foreign Arbitral Awards, including Article II of the

26  Convention, rendering the transaction subject to the Federal Arbitration Act, 9 U.S.C. Sections 2

27  and 201 et seq., as the Agreement entails the international sale of scrap metal.

28

10.     The dispute that has arisen pertaining to the Agreement stems from Immanuel Metal Corp.'s claim of entitlement to recover the deposit of $52,500 paid to Defendant E&E Group, LLC under the Agreement, which deposit it forfeited by its breach of the Agreement in failing to obtain a letter of credit securing its payment of the contract price. E&E Group LLC contends the court should apply the unambiguous language of the Agreement, appearing in Section XX of the Agreement, that provides the deposit in non-refundable in the event of a breach by the buyer of the any of the provisions of Section XI of the Agreement, and that any disputes relating to the Agreement shall proceed through Mediation or Arbitration prior to the commencement of litigation.

11.     This Petition is further based upon the Memorandum of Points and Authorities and Declaration of Defendant Edward Z. Bine-Stock, the Exhibits thereto, the Request for Judicial Notice in support thereof, the pleadings records and papers on file herein, matters of which the Court may take judicial notice, and upon such other and further oral and documentary argument and evidence as may be presented at the hearing of the Petition.

## PRAYER FOR RELIEF

Wherefore, Defendants EDWARD Z. BINE-STOCK, E & E STEEL TRADING, and E&E GROUP, LLC move for an Order directing Plaintiffs THIRU J. IMMANUEL and IMMANUEL METAL CORPORATION to proceed to Mediation and Arbitration as provided in the parties' Agreement, and for an Order dismissing this action without prejudice as having been filed prematurely, and for such other and further relief as the Court may deem just and proper.

DATED: October 25, 2007                              LAW OFFICES OF LOUIS SPITTERS

                                                     /s/    LOUIS SPITTERS
                                                     LOUIS SPITTERS
                                                     Attorney for Defendants,
                                                     EDWARD Z. BINE-STOCK, Individually,
                                                     E & E STEEL TRADING and
                                                     E&E GROUP, LLC

# REQUEST FOR JUDICIAL NOTICE
# EXHIBIT "C"

1 | #1407
LOUIS SPITTERS - SBN 112064
2 | LAW OFFICES OF LOUIS SPITTERS
96 North Third Street, Suite 500
3 | San Jose, California 95112
(408) 293-0463
4 |

5 | Attorneys for Defendants,
EDWARD Z. BINE-STOCK, Individually,
6 | E & E STEEL TRADING and                                    **"CHAMBERS COPY"**
E & E GROUP, LLC
7 |

8 | **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
9 | **OAKLAND DIVISION**

10 |

11 | THIRU J. IMMANUEL AND IMMANUEL )    Case No. C 07 3402 CW
METAL CORPORATION,                )
12 |                                      )    DECLARATION OF EDWARD. Z. BINE-
                Plaintiffs,          )    STOCK IN SUPPORT OF PETITION TO
13 |                                      )    ENFORCE PRE-LITIGATION MEDIATION
vs.                               )    AND ARBITRATION AGREEMENT AND
14 |                                      )    FOR DISMISSAL OF ACTION; AND IN
EDWARD Z. BINE-STOCK,             )    SUPPORT OF ALTERNATIVE MOTION
15 | INDIVIDUALLY, E & E STEEL         )    TO DISMISS FOR FAILURE TO STATE A
TRADING, and E & E GROUP, LLC,    )    CLAIM AND FOR POSTING COST BOND
16 |                                      )    BY PLAINTIFF
                Defendants.          )
17 |                                      )
                                     )    DATE:        December 20, 2007
18 |                                      )    TIME:        2:00 p.m.
                                     )    CTRM:        2, 4th Floor
19 |                                      )    JUDGE:       Hon. Claudia Wilken

20 |

21 |         DECLARATION OF DEFENDANT EDWARD Z. BINE-STOCK IN SUPPORT OF

22 |          PETITION TO ENFORCE MEDIATION AND ARBITRATION AGREEMENT

23 |            AND MOTION TO DISMISS AND FOR POSTING OF COST BOND

24 |    I, Edward Z. Bine-Stock, declare:

25 |    1.      I am one of the Defendants in this action and am a resident of the Town of

26 | Sausalito, California. I have personal knowledge of the matters set forth herein. If called to testify,

27 | I could and would competently testify as to the truth of the facts set forth herein.

28 |

**DECLARATION RE: PETITION TO ENFORCE MEDIATION AGREEMENT, etc.**                          **Page 1**

1      2.      I am the CEO and Managing Director of E&E Group, LLC, one of the defendants in

2  this action. E&E Group, LLC is a California Limited Liability Company organized and operating

3  under the laws of the State of California, in good standing, with its principal place of business

4  located in Sausalito, California. The defendant identified a E&E Steel Trading is a fictitious

5  business name, properly registered in the County of Marin, and which is owned and used by E&E

6  Group, LLC.

7      3.      This action arises from a contract entered into between E&E Group, LLC and

8  Immanuel Metal Corporation, which this declarant is informed and believes is an corporation

9  organized and operating under the laws of India with its principal place of business inTuticorin,

10  India, and which is owned or operated by Plaintiff J. Immanuel. This declarant, based upon his

11  communications with Plaintiff J. Immanuel is informed and believes that he is a citizen and

12  resident of India, and is not a citizen or resident of the United States. A true and accurate copy of

13  the parties' Agreement involved in this action, with a cover transmittal letter I understand to be

14  signed by Plaintiff J. Immanuel, is attached hereto, incorporated by reference herein, and marked as

15  Exhibit A. This document was received in the ordinary course of business by E&E Group, LLC

16  from Plaintiff Immanuel Metal Corp. The only parties to the agreement are E&E Group, LLC and

17  Immanuel Metals Corp. At all times relating to this transaction, this declarant was acting in the

18  course an scope of the offices with E&E Group, LLC. E&E Steel Trading is a fictitious trade name

19  owned by E&E Group, LLC and has no separate legal existence apart from the company. This

20  declarant respectfully submits that the only proper parties to this dispute are the E&E Group, LLC

21  and Immanuel Metal Corp.

22      4.      The contract, which I understand was executed by Plaintiff on February 29, 2006

23  and was executed by this declarant on March 31, 2006, provides for E&E Group, LLC to broker

24  the sale of 1,000 metric tons of steel scrap for delivery to Plaintiffs in India at a price of $210,000

25  (in U.S. dollars), as set forth in Sections I through IV of the Agreement. The contract further

26  provides for a 25% non-refundable deposit, or $52,500 as set forth in Section XI of the agreement.

27  The deposit is declared to be non-refundable to cover E&E Group LLC's expenses and lost profits

28

1  in the event the buyer fails to perform its obligations under the agreement, as provide in Section
2  XX, paragraphs 20.2 and 20.3 of the Agreement.

3      5.      After Immanuel Metal Corp. tendered the deposit and after E&E Group, LLC
4  commenced efforts to perform its obligations under the Agreement, Immanuel Metal Corp.
5  breached the Agreement by failing to procure and furnish to the E&E Group a "Confirmed,
6  Irrevocable, Assignable, Divisible and Transferable Letter of Credit" as required by Section XI,
7  paragraph 11.2 of the Agreement. See Exhibit A: which includes an April 29, 2006 Fax from The
8  South Indian Bank, Ltd. to Plaintiffs stating: "We wish to inform you that as an internal policy
9  Measure our bank has Barred issuing Draft Letter of Credit." This document was received in the
10 ordinary course of business by E&E Group, LLC with the executed Agreement from Plaintiffs.

11     6.      E&E Group, LLC gave Immanuel Metal Corp. notice of its non-compliance with
12 this essential requirement of the Agreement mandating that it obtain a Letter of Credit. Immanuel
13 Metals Corp. thereafter failed or refused to produce the required Letter of Credit. The Agreement
14 requires this form of a letter of credit as security for the buyer's payment of the contract price.
15 Immanuel Metals Corp. could have obtained a letter of credit by transferring funds from its bank to
16 another bank that would issue a letter of credit, but it failed or refused to take such action.

17     7.      Subsequent to Immanuel Metal Corp.'s failure and refusal to meet its obligations
18 under the agreement, E&E Group declared that Immanuel Metals Corp. had breached the
19 agreement, and advised Immanuel Metal Corp. that E&E Group would terminate the Agreement
20 and retain the non-refundable deposit to cover its expenses and lost profits from the transaction.

21     8.      Prior to bringing this action, Immanuel Metal Corp. has not attempted to initiate any
22 mediation or arbitration proceedings to resolve this dispute. E&E Group, LLC has advised
23 Immanuel Metal Corp. of its obligation to mediate or arbitrate this dispute, but Immanuel Metal
24 Corp. has not agreed to do so.

25     9.      The Agreement provides for a **pre**-litigation mediation and arbitration process, at
26 Section XXXII, as follows:

27     "32.1  Any and all disputes arising out of this Final Contract shall be attempted in good
              faith to be settled amicably amongst the Parties. Should such dispute(s) not be able
28               to be resolve through such amicable negotiation, ans said, within a reasonable

period of time, then the dispute(s) arising out of or in connection with the present Agreement, including any question regarding its existence, validity, or termination, or breach or alleged breach thereof, shall be submitted to consideration and settlement in the first instance to a qualified Mediator chosen by the mutual agreement of all Parties. . . Thereafter, should the Parties fail to arrive at an amicable settlement as a result of said Mediation, the Matter shall be submitted for consideration and settlement to a triumvirate of qualified Arbitrators chosen by the mutual agreement of all Parties. . . However, the decision of the Arbitrators shall not be final and binding upon all Parties but may be appealed by any Party in [a]. . . Court of Law.

32.2    The purpose of said adjudicatory process is two-fold:
  a. to save expense as to any an all costs and related expenses whenever possible; and
  b. to give the Parties a practical, progressive indication of the possible final and binding outcome of adjudication, thereby precluding the possibility of unnecessary expenditure as to Time and Effort, as well as to costs and related expenses of any kind."

10. Based upon my review of the complaint in this action, it appears that Immanuel Metal Corp. is improperly attempting to recover the \$52,500 deposit paid under the contract, which deposit it forfeited by its breach in failing to obtain a letter of credit securing its payment of the contract price. E&E Group, LLC could not reasonably be expected to acquire 1000 metric tons of scrap steel and to arrange for its delivery in India without absolute assurance that it would be paid. The complaint appears to be drafted in an effort to recover the deposit without making reference to the parties' Agreement that requires the parties to attempt to resolve any dispute relating to the Agreement through Mediation and non-binding Arbitration prior the filing of any court action.

11. The Agreement contains a venue provision calling for any proceedings to occur in London, England. Defendants do not seek enforcement of that provision, and it may be excised from the above-quoted portion of the Agreement as provided for in Section XXVIII.

12. I therefore request the Court enforce the Mediation and Arbitration provisions of the parties' agreement, and dismiss this action, as it is premature. I also request that the Court order Plaintiffs to post a Cost Bond to secure payment of the costs and attorneys fees Defendants are likely to incur in this action. Given that Plaintiffs are non-citizens and residents of India, there is no way to assure that Defendants will be able to recover the costs and attorneys fees they are likely to incur in this action unless the Court orders Plaintiff to post a Cost Bond.

1       I declare under penalty of perjury under the law of the United States that the foregoing is

2   true and correct and that is declaration is executed on October 25, 2007 at Sausalito, California.

3

4                                  /s/    EDWARD Z. BINE-STOCK

                                 Edward Z. Bine-Stock, declarant

5

6                      ATTORNEY ATTESTATION

7   I, LOUIS SPITTERS, attest:

8       I hereby attest that I have on file all holograph signatures for any signatures indicated by a

9   "conformed" signature (/S/) within this efiled document.

10       I declare under penalty of perjury under the laws of the United States that the foregoing is

11   true and correct and that this declaration is executed on October 25, 2007 at San Jose, California.

12

13                                  /s/    LOUIS SPITTERS

                             LOUIS SPITTERS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION RE: PETITION TO ENFORCE MEDIATION AGREEMENT, etc.**              Page 5

# EXHIBIT "A"

☥

**Phone :       2326232**
**Fax      : 0461-2326234**
**Resi.   :      2323018**

# *Immanuel Metal Corporation*

**received**

**389/4, W.G.C. Road,**

**TUTICORIN - 628 001. INDIA.**

09 |25|07

## *FERROUS & NON FERROUS METAL IMPORT & EXPORT*

Date: 29th April, 2006

To,

    E & E Steel Trading,
    1001 Bridgeway, #227
    Sausalito,CA
    USA

Dear Mr Edward & Mrs Shirley,

    Sub: <u>Executed Final Contract For Final Execution from E & E</u>

    I have enclosed both the duplicates of the Final Contract Ref. No. C-E&E-IMC-0001-06 received from you and also I have initialed, signed and sealed where ever indicated. Please emboss and send one of the duplicates.

    Mr. D. Jebasither my father and the Vice President of the company will be coming there to California to meet you on 16th May 2006 at 5.00 Pm as you indicated through mail. Please confirm the appointment to us. He is in charge of the Scrap division. He will talk to you about the future business.

Yours truly,

Immanuel Metal Corporation

IMMANUEL METAL CORPORATION
389/4, W. G. C. ROAD,
TUTICORIN - 628 001.
INDIA.

Immanuel J

Sole Proprietor

<u>Encl</u>: Final Contract Ref. No. C-E&E-IMC-0001-06 2 Copies



## ANOTHER E & E CONTRACT

## FINAL SALES & PURCHASE CONTRACT

### E&E Contract Reference No.:C-E&E-IMC-0001-06

### E&E Transaction Reference No.: E&E-IMC-HMS1-1000MT-120

### Contract Construction Date: 23rd March, 2006

**SELLER**
E & E Steel Trading, a Registered Trade Name of THE E & E GROUP LLC
1001 Bridgeway, #227
Sausalito, CA 94965
U.S.A.
Represented by: Edward Z. Bine-Stock, Esq., CEO & Managing Director
Telephone: +1-415-331-4025
Fax: +1-415-331-4023
Email: EandEGroup@EandEGroup.com
Website: www.EandEGroup.com
Bank: Wells Fargo
Bank Address: 715 Bridgeway, Sausalito, California 94965 USA
Bank Telephone: +1-415-332-3355
Bank Fax: +1-415-331-5654
SWIFT Code: WFBIUS6S
Account Number: 5190165786

**BUYER**
Company Name: Immanuel Metal Corporation

**E & E Steel Trading®**
**a Registered Trade Name of THE E & E GROUP LLC**
**Telephone: (415) 331-4025    Fax: (415) 331-4023**
**Email: EandEGroup@EandEGroup.com**
**Web Site: www.EandEGroup.com**
**Address: 1001 Bridgeway, #227**
**Sausalito, Marin County, California 94965**
**U.S.A.**

Initials of Parties:    1.      2.

EZBE





Address: 389/4, W.G.C. Road, Tuticorin 628 001, India
Tel.: 011-91-461-2326232; Cell: 011-91-94434-77944
Fax: 011-91-461-23226234
Email: Immanuel_imc@yahoo.com
Represented by: Mr. J. Immanuel, Sole Proprietor
Website: N/A

Originating Bank for LC: The South Indian Bank Ltd.
Bank Address: Post Box No. 102, 40-41 Pereira Street, Tuticorin 628 001, India
Bank Telephone: +91-461-2330158
Bank Fax: +91-461-2321693
Sort Code:
SWIFT Code: SOININ55090
Account Number: 81-1414
Account Name: M/S Immanuel Metal Corporation
Bank Officer: Mr. Ramesh (Manager), Code No. 1280

Confirming Bank for LC: a Corresponding Bank of Wells Fargo Bank, N.A., USA,
details of which to be advised by Buyer
Bank Address:
Bank Telephone:
Bank Fax:
Sort Code:
SWIFT Code:
Account Name:
Account Number:
Bank Officer:

Originating Bank for Wire Transfer: The South Indian Bank Ltd.
Bank Address: Post Box No. 102, 40-41 Pereira Street, Tuticorin 628 001, India
Bank Telephone: +91-461-2330158
Bank Fax: +91-461-2321693
Sort Code:
SWIFT Code: SOININ55090
Account Number: 81-1414
Account Name: M/S Immanuel Metal Corporation
Bank Officer: Mr. Ramesh (Manager), Code No. 1280

$E \& E = mc^2$ SM

Page 2 of 29

**Initials of Parties:** I.

EZBE



Corresponding Bank for Wire Transfer: American Express Bank, Ltd.
Bank Address: New York, NY, USA
Bank Telephone:
Bank Fax:
Sort Code:
SWIFT Code:
Account Name:
Account Number:
Bank Officer:

**EXCLUSIVE AGENT FOR SELLER**
Name: Mr. Bernie Slaughter, E&E Director of Scrap Sales
Address: c/o P.O. Box 80706, Seattle, WA 98108
Tel.: 206-992-1671
Fax: 206-763-3844
Email: bernieslaughter@seasquall.com
Website: N/A

**EXCLUSIVE AGENT FOR BUYER**
Company Name: Global Multivision
Address: Raja: 27 Royal Crest Drive, #6, Nashua, NH 03060, USA
Sampath & Vimala: 1850 Columbia Pike, #411, Arlington, VA 22204
Represented by: Mr. Raja Ramasamy ; Sampathkumar Rengarajan; Vimala Mariappan
Tel.: Raja: (603) 821-1737; Sampath: (703) 286-7959; 717-991-1326
Fax: Raja: (253) 322-5708; Sampath: (703) 286-5906
Email: raja@globalmultivision.com; sampath@globalmultivision.com;
vimala@globalmultivision.com
Website: N/A

---

## I.  SUBJECT OF CONTRACT

This Contract is made by and between the Seller and the Buyer whereas the
Seller commits to sell and the Buyer commits to buy the under-mentioned

$$E \& E = mc^2 \text{ SM}$$

Page 3 of 29

**Initials of Parties:**    1.            2.

EZBE



goods subject to the Terms, that is, Conditions and Warranties, as stipulated below:

---
## II. DESCRIPTION OF GOODS AND SPECIFICATION
---

HMS (Heavy Melting Steel Scrap) 1 according to ISRI Code 200, 201 and 202 and the Specification in Appendix I.

---
## III. TOTAL QUANTITY
---

1,000 Metric Tonnes (One-Thousand Metric Tonnes) +- 5% of HMS 1 to be delivered within a period of approximately 30 to 45 Business Days from acceptance by Seller's Bank of Buyer's Operative Letter of Credit (LC) and according to the Delivery Schedule in Appendix II.

---
## IV. PRICE
---

The price of the Goods is established in United States Dollars (USD). The price of the goods is USD 210 (Two-Hundred-Ten USD) per Metric Tonne C&F (that is, CFR) Tuticorin Port per Incoterms 2000.

---
## V. PORT OF DELIVERY OF THE GOODS
---

Port of Tuticorin, India.

---
## VI. PACKING AND MARKING
---

**6.1** Packing: The Goods shall be packed loose in 20-foot Containers, each holding an average of 23.5 Metric Tonnes (+/- 5%). The packing shall be standard Export packing.

**6.2** Marking: The marking shall be the standard Export marking.

$$E \& E = mc^2 \text{ SM}$$

Page 4 of 29

Initials of Parties:    1. _____    2. _____

EZBE



## VII.    INSPECTION

7.1 Inspection as to Quality and Quantity is to be performed by the premier independent inspection company, Messrs. Alex Stewart Assayers at the Loading Port, at the Seller's expense.

7.2 Should the Buyer wish to be present during the Inspection at the Loading Port, he is invited to do so at his sole expense.

## VIII.    INVOICING

Invoicing is to be made on the basis of net Bill of Lading weight as duly certified by the Scrap Yard(s) and by the premier independent inspection company, Messrs. Alex Stewart Assayers.

## IX. DELIVERY

The Issuance Date(s) of the Bill(s) of Lading shall be considered the date(s) of Delivery. Delivery of the first consignment of Goods is to be made within approximately 30 (thirty) to 45 (fourty-five) Business Days from the date of acceptance of the Letter of Credit by the Seller's bank.

## X.    NOTICE OF DELIVERY

10.1    Within 48 hours after completion of Delivery of the Goods past the Ship's rail, the Seller shall send to the Buyer a Delivery Advice by fax or email with the following details:
- Contract Number.
- Name of commodity and its quantity/weight.
- Bill of Lading number and its date.

10.2    The following documents shall be presented to the Buyer for each delivered lot of Goods:

$$E \& E = mc^2 \text{ SM}$$

Page 5 of 29

**Initials of Parties:**    1. _____    2. _____

EZBE



10.2.1  Original signed Commercial Invoice issued by Seller (4 (four) duplicates, each having the legal force of an original) covering the quantity and net weight delivered.

10.2.2  Full set of original and 4 non-negotiable copies of Bill of Lading, made out to the order of the Buyer.

10.2.3  Original inspection certificate (1 original and 3 copies) of quantity, weight and quality issued by Messrs. Alex Stewart Assayers at Loading port. The obtaining of said certificate shall be paid for by the Seller. The inspection certificate shall be as per the format in Annexure 1 to Appendix 28 issued by the Government of India, Ministry of Commerce

10.2.4  Packing list.

10.2.5  Original or Duplicate of Certificate of Origin issued by Chamber of Commerce confirming USA origin.

The Seller shall fax or email or courier one set of non-negotiable Delivery documents enumerated in Paragraph 10.2 above to the Buyer within 7 (seven) Business Days after Bill of Lading date.

---

## XI. PAYMENT FOR GOODS

Payment for the Goods delivered under this Contract shall be effected in United States Dollars (USD).

11.1.    Upon Seller's issuance by email or fax of emailed Pro Forma Invoice/Acknowledgement of Order, the Buyer undertakes, within 3 (three) Business Days, to pay by Wire Transfer ("T/T") to the Seller via the Seller's Bank Account indicated on the face of Page 1 of this Final Contract, a Earnest Monies/Good Faith Deposit in the amount of 25% (Twenty-Five Percent) of the Total Value of this Contract. The Total Value of this Contract is USD 210,000 (Two-Hundred-Ten-Thousand USD). The Earnest Monies/Good Faith Deposit shall be in the sum of USD 52,500 (Fifty-Two-Thousand-Five-Hundred USD). The prompt payment of said Earnest Monies/Good Faith Deposit shall be a Condition Precedent of this Final Contract between or amongst the Parties.

$$E \& E = mc^2 \text{ }_{SM}$$

Page 6 of 29

Initials of Parties:    1. _____    2. _____
                              EZBE



**11.2.**    75% (Seventy-Five Percent) of the Invoice value shall be paid by the Buyer to the Seller by issuing a Confirmed, Irrevocable, Assignable, Divisible and Transferable Letter of Credit (LC) payable at Sight, confirmed by a Corresponding Bank of Wells Fargo Bank, N.A., USA, with the validity of at least 90 (ninety) days, filled by deposit of USD 157,500 (One-Hundred-Fifty-Seven-Thousand-Five-Hundred USD) plus an additional deposit of 5% of the Invoice value to allow for +/-5% in quantity/weight of Goods delivered, that is, USD 10,500 (Ten-Thousand-Five-Hundred USD), for a total of USD 168,000 (One-Hundred-Sixty-Eight-Thousand USD), covering 1,000 (One-Thousand) Metric Tonnes +/-5% of Goods and payable at Sight.

The appropriate portion of the Letter of Credit amount shall be payable immediately upon presentation of the documentation enumerated in Paragraph 10.2 above.

The Letter of Credit must allow for:
   a. +/-5% in quantity/weight (per each lot of Goods delivered) and in LC amount.
   b. Third party documents allowed except Invoice.
   c. All banking charges outside Seller's Bank are for Buyer's account.
   d. Confirmation by a Corresponding Bank of Wells Fargo Bank, N.A., USA, to Seller's/Beneficiary's Account.
   e. Validity of 15 (fifteen) Business Days for negotiations after Bill of Lading(s) (BL) date.

The Parties agree to the following procedure:

**11.3.**    Within a reasonable period of time of final execution of this Final Contract, the Seller shall invite the Buyer's primary decision-maker, namely, Mr. J. Immanuel, to be his guest at a location in California designated by the Seller in order to discuss business matters "face-to-face". The Seller shall be Mr. Immanuel's host for said meeting (which meeting shall be mandatory).

**11.4.**    Within a reasonable period of time of exchange of originals of this Final Contract by courier (such as FedEx, DHL, UPS, etc.), and of said subsequent meeting, the Buyer shall provide the Seller with the Buyers'

$$E \& E = mc^2 \text{ SM}$$

Page 7 of 29

Initials of Parties:    1. _____    2. _____
                        EZBE            JI



Bank Letter of Readiness indicating the Buyer's readiness to issue a
Confirmed, Irrevocable, Assignable, Divisible and Transferable Letter of
Credit payable at Sight. The format of the Bank Letter of Readiness is
provided in Appendix III and the complete text of the Letter of Credit is
provided in Appendix IV.

11.5.    Within a reasonable period of time of receipt by the Seller of the
Buyer's Bank Letter of Readiness, the Buyer's Bank shall issue a Pre-
Advice, informing the Seller's Bank by SWIFT that according to the
Buyer's instructions, a Confirmed, Irrevocable, Assignable, Divisible and
Transferable Letter of Credit (LC) will be issued within 10 (ten) Business
Days by a Corresponding Bank of Wells Fargo Bank, N.A., USA, with the
validity of at least 90 (ninety) days, filled by deposit of USD 157,500
(One-Hundred-Fifty-Seven-Thousand-Five-Hundred USD) plus an
additional deposit of 5% of the Invoice value to allow for +/-5% in
quantity/weight of Goods delivered, that is, USD 10,500 (Ten-Thousand-
Five-Hundred USD), for a total of USD 168,000 (One-Hundred-Sixty-
Eight-Thousand USD), covering 1,000 (One-Thousand) Metric Tonnes +/-
5% of Goods and presented to the Seller's Bank.

11.6.    Within a reasonable period of time of receiving the Pre-Advice
indicated in Paragraph 11.5 above, the Seller's Bank shall confirm to the
Buyer's Bank the Seller's readiness to accept the LC.

11.7.    Within a reasonable period of time of the issuance of the said
Seller's Bank confirmation of readiness to accept the LC, the Buyer's Bank
shall carry out the transfer of the LC to the Seller's Bank.

## XII.    COST OF FINANCIAL INSTRUMENTS

The Seller shall bear the costs of financial documents opened by the Seller.
Likewise, the Buyer shall bear the cost of financial instruments opened by the
Buyer.

$$E \& E = mc^2 \text{ SM}$$

Page 8 of 29

Initials of Parties:    1. EZBE    2.



---

## XIII.    VESSEL

The Seller shall be responsible for the nomination and berthing of the appropriate Vessel and the loading of the Goods onto the said Vessel according to C&F (that is, CFR) Incoterms 2000.

---

## XIV.    ACCEPTANCE OF GOODS

The Goods delivered under the present Contract are considered as delivered by the Seller and accepted by the Buyer in respect to quantity according to the weight certificate of the aforementioned Independent, Professional Inspector, issued in the Loading Port and Bills of Lading indicating the net weight, number of Containers; and with respect to quality according to the quality certificates of the aforementioned Independent, Professional Inspector and of the Scrap Yard(s).

The right of property of the Goods, as well as the risks of damage to or loss of the Goods shall be transferred from the Seller to the Buyer at the moment of drawing upon the Buyer's LC by the Seller in payment for the consignment(s) of Goods.

In case the Buyer does not accept the Goods after presentation of documents, the Seller has the right to terminate the Contract and the Buyer must compensate the Seller for all losses and damages suffered.

---

## XV.    STORAGE & DEMURRAGE

15.1    The Goods shall be stored in the Port at the Seller's expense up to the beginning of loading, except in the case of Force Majeure, wherein the payment of any lawful charges levied shall be divided equally between the Buyer and the Seller.

15.2    The Seller shall pay for Demurrage of the Vessel in the event that the Goods are not loaded within the period allowed except in the case of Force Majeure, wherein the payment of any lawful charges levied shall be divided equally between the Buyer and the Seller.



$$E \& E = mc^2 \quad \text{\tiny SM}$$

Page 9 of 29

**Initials of Parties:**    1. _____    2. _____
EZBE



## XVI.    LICENSES

The Seller is responsible to arrange the necessary licenses and documents for Delivery to the Buyer. The Buyer shall be responsible for drawing up the licenses for the import to the country of destination.

## XVII.    COUNTRY OF DESTINATION

The Buyer specifies in writing herein the country of destination to be India. The Goods may be exported to this country of destination only. Re-export of the Goods can be legal only under the express written approval of the Seller. In no case will the Seller permit the delivery to or re-export to a country of destination which comes within any restriction in accordance with the requirements of U.S. Law.

## XVIII    FRANCHISE

In case weight is ascertained at Seaport of Loading to be beyond a weight franchise of +/-5%, then the value of the total weight difference is to be compensated between Buyer and Seller within a reasonable period of time of the Loading of the Goods.

## XIX.    FORCE MAJEURE

**19.1**    This Final Contract shall be subject to Force Majeure should any of the Force Majeure circumstances occur and have no less a duration than 7 (seven) days, namely: government restrictions, natural calamity, fire, act of elements, war hostilities (where war be declared or not), invasion, military operation, revolution, insurrection, civil war, riots, strikes, lockouts or break downs, blockage arising out of an act of God, verified illness of a grievous nature on the part of the person(s) responsible for this Contract within the Seller and/or Buyer Company(s), preventing the Buyer/Seller from wholly or partially carrying out the Contract, then the Contract shall be extended with mutual agreement for as long as these circumstances

$$E \& E = mc^2 \text{ SM}$$

Page 10 of 29

**Initials of Parties:**    1. _EZBE_    2. _____



prevail. However, each of the Parties to this agreement shall have the right
to terminate this agreement in the event of a government restriction on
export/import of metal goods. Such aforementioned condition(s) shall be
conveyed immediately in writing to the other Party in the event of Force
Majeure circumstances occurring.

19.2    In the event of such Force Majeure circumstances continuing for more
than 2 (two) months, either party has the right to refuse to fulfill its
Contractual obligation and shall immediately advise the other Party in
writing of the commencement and termination of the circumstances
preventing the performance of this Final Contract.

19.3    A certificate issued by the respective Chamber of Commerce of the
Seller's or the Buyer's country shall be sufficient proof of the existence
and duration of such Force Majeure circumstances.

19.4    However, it is understood by all Parties to this Contract that in no case
whatsoever shall any Deposit Monies of any kind paid by the Buyer to the
Seller be refunded in any manner whatsoever. Nothwithstanding the above,
the Seller shall apply any Deposit Monies paid to a future Order, if any, of
the same or greater quantity, if placed within a reasonable period of time.

---

## XX.    PENALTY

20.1    In case of failure to supply any consignment of Goods within the
agreed 30 to 45 Business Day time period due to the Seller's fault, the
Seller shall compensate the Buyer by delivering the undelivered
consignment within an additional 30 (thirty) Business Days, without the
application of penalties. Should the Seller fail to fully supply the
consignment of Goods within the said additional 30 (thirty) calendar days,
Seller shall pay a penalty at a rate not exceeding 0.1% (zero point one
percent) *per diem* of the value of the undelivered consignment of Goods,
but not exceeding 1% (one percent) of the value of the undelivered
consignment of Goods. If the Seller does not deliver the undelivered
consignment after the said additional 30 (thirty) Business Days, the Buyer
has the right to demand the cancellation of the Contract.

20.2    In case of default by the Buyer of conditions of the Contract (in
particular, but not limited to, Paragraphs 11.1 through 11.7 above), the
Buyer shall pay to the Seller a penalty in the amount of 0.1% (zero point
one percent) of the LC amount for every full day of delay, but not



Page 11 of 29

**Initials of Parties:**    1.  EZBE    2.



exceeding 1% (one percent) of the LC amount. In addition to said maximum 1% (one percent) LC amount, Buyer shall pay to the Seller the Seller's Loss of Profit and other Damages and Legal Costs and Fees including, but not limited to, Seller's Attorneys' Fees.

**20.3**    However, it is understood by all Parties to this Contract that in no case whatsoever shall any Deposit Monies of any kind paid by the Buyer to the Seller be refunded in any manner whatsoever. Nothwithstanding the above, the Seller shall apply any Deposit Monies paid to a future Order, if any, of the same or greater quantity, if placed within a reasonable period of time.

---

## XXI.    PROOF OF PRODUCT

**21.1**    Proof of the existence of the Goods being sold in accordance with this Final Contract shall be effected by inspection by the Buyer or the Buyer's Authorised Representative at the Loading Port(s) (at Buyer's sole expense), at the time of Professional Inspection, said inspections to be arranged by the Seller.

**21.2**    Further, proof of existence of the Goods shall be certified by the local Chamber of Commerce in the jurisdiction(s) in which the Goods are located. Said certification by the local Chamber of Commerce shall be provided within a reasonable period of time after the acceptance by the Seller's Bank of the Buyer's LC.

---

## XXII.    GOVERNING LAW: SUBSTANTIVE JURISDICTION

This Contract is a full recourse, commercial Contract concluded under the substantive Law of England under which applicable law the construction, interpretation, execution, validity, enforceability, performance and such other matters related hereto shall be governed.

---

## XXIII.    VENUE: GEOGRAPHICAL JURISDICTION

The Venue for resolving Disputes in person shall be London, England, United Kingdom.

$$E \& E = mc^2 \text{ \tiny SM}$$

Page 12 of 29

**Initials of Parties:**    1. _____    2. _____

EZBE



## XXIV.    CONFIDENTIALITY: NCNDA AND WORKING AGREEMENT

An NCNDA (Non-Circumvention, Non-Disclosure Agreement) and Working Agreement provided by the Seller shall be executed by both Buyer and Seller and their Agent(s) as a Condition Precedent of this Contract.

## XXV.    PARTIES BOUND

This Agreement shall be binding upon all Undersigned Parties and their Heirs, Successors, Agents, Associates, Affiliates and Assignees. Each Party shall take reasonable steps to ensure that their Employees, Agents, Representatives, Officers, Independent Contractors, Shareholders, Principals, and other Third Parties whomsoever or whatsoever also abide by the provisions of this Agreement.

## XXVI.    NOTICES

All notices, demands, consents, or requests given by the Parties shall be in writing and shall be transmitted by Telecopier or other means of Facsimile transmission and/or by email with return confirmation requested, and/or by Post, Postage Prepaid, to the other Party at the last Facsimile Number or email Address or Mailing Address the Party had designated by appropriate Notification / Communication.

## XXVII.    LANGUAGE

The Language in this Agreement shall be in all cases construed simply according to its fair meaning and not strictly for or against any of the Parties.

$$E \& E = mc^2 \text{ }_{\text{SM}}$$

Page 13 of 29

**Initials of Parties:**    1.    EZBE    2.



---

## XXVIII.   SEVERABILITY

---

Should any portion of this Agreement be declared invalid or un-enforceable by
a Court of Law in the agreed jurisdiction, then such a portion shall be deemed
to be severable from this Agreement but shall not affect the remainder thereof.

---

## XXIX.   INTEGRATION

---

This Agreement constitutes the entire Final Sales and Purchase Contract
between or amongst the Parties and supersedes all prior Discussions,
Negotiations and Agreements relating to such Sales and Purchase Contract,
whether oral or written. The Parties further intend that this Final Sales and
Purchase Contract constitutes the complete and exclusive statement of its
Terms (Conditions and Warranties) and that no extrinsic evidence whatsoever
may be introduced in any Judicial or Arbitration or Mediation proceedings
involving this Agreement, unless such evidence, such as, but not limited to, an
Agreement, is express and in writing and is signed in writing by all of the
Parties thereto, attesting to its authenticity.

---

## XXX.   AMENDMENTS

---

Any change in, or amendment to, this Agreement including oral modification
supported by any New Consideration, must be reduced to express written
words, and must be signed by all Parties before it is considered as having
become effective.

---

## XXXI.   WAIVER

---

No waiver or default of any Part of this Agreement by any Party shall be
implied from any omission to take action against the Defaulting Party by the

$$E \& E = mc^2 \quad _{SM}$$

Page 14 of 29

**Initials of Parties:**      1. _____      2. _____

EZBE



Aggrieved Party. One or more waiver(s) of any Covenant or Term (Condition or Warranty) of this Agreement by any Party shall not be considered to be a waiver of any subsequent or similar acts of Omission and/or Commission.

## XXXII.    DISPUTES

**32.1**    Any and all disputes arising out of this Final Contract shall be attempted in good faith to be settled amicably amongst the Parties. Should such dispute(s) not be able to be resolved through such amicable negotiation, as said, within a reasonable period of time, then the dispute(s) arising out of or in connection with the present Agreement, including any question regarding its existence, validity or termination, or breach or alleged breach thereof, shall be submitted for consideration and settlement in the first instance to a qualified Mediator chosen by the mutual agreement of all Parties. The place of Mediation shall be London, England. The language to be used in the Mediation proceedings shall be English. The duration of the Mediation proceedings shall be no longer than six hours. The governing Law of this Contract shall be the substantive Law of England. Thereafter, should the Parties fail to arrive at an amicable settlement as a result of the said Mediation, the Matter shall be submitted for consideration and settlement to a triumvirate of qualified Arbitrators chosen by the mutual agreement of all Parties. The place of Arbitration shall be London, England. The language to be used in the Arbitration proceedings shall be English. The duration of the Arbitration proceedings shall be determined by the Arbitrators. The governing Law of this Contract shall be the substantive Law of England. However, the decision of the Arbitrators shall not be final and binding upon all Parties but may be appealed by any Party in an English Court of Law situated in London. The decision of the highest English Court of Law which hears an appeal by any Party shall be final and binding upon all Parties.

**32.2**    The purpose of said adjudicatory procedure is two-fold:

    **a.**    to save expense as to any and all costs and related expenses wherever possible; and

    **b.**    to give the Parties a practical, progressive indication of the possible final and binding outcome of adjudication, thereby precluding the possibility of unnecessary expenditure as to Time and Effort, as well as to costs and related expenses of any kind.



**Initials of Parties:**



## XXXIII.  ATTORNEY'S FEES, COURT & RELATED COSTS

Should any Party file any action, or bring any proceedings, against another Party arising from this Agreement, the prevailing Party shall be entitled to recover as an element of their Cost of Suit, and not as Damages, reasonable Attorney's Fees to be fixed by the Court, Arbitrators, Mediator or Adjudicative Authority. The prevailing Party shall be the Party entitled to recover their Costs of Suit and/or Arbitration and/or Mediation, whether or not such a Suit and/or Arbitration and/or Mediation proceeds to final Judgement. Any Party not entitled to recover Costs shall not recover Attorney's Fees.

## XXXIV.  RELATIONSHIP

The Parties hereto shall not be deemed to be Partners-in-Joint-Venture and no Party shall be liable for the other Party's commitments or liabilities resulting from execution of this Agreement. However, this Agreement shall not exclude any past, existing, or future Agreement wherein the Parties are Partners-in-Joint-Venture, as long as said Agreement is express and in writing and is signed by all of the Parties thereto in writing.

## XXXV.  FORCE AND EFFECT OF DOCUMENTS

The Parties hereto agree that a signed telefax or other Facsimile copy of this Agreement including signed email shall have the same force and effect as the original of these Documents.

## XXXVI.  OTHER CONDITIONS & WARRANTIES

36.1    Any amendment and/or modification and/or supplement to the present Final Contract shall be valid only if it is made in writing and signed by both Parties.

$$E \& E = mc^2 \text{ SM}$$

Page 16 of 29

Initials of Parties:    1. _____  2. _____
EZBE



**36.2**    Once fully executed, this Final Contract shall not be reproduced in any manner whatsoever, except when required for the effectuation and enforcement of this Final Contract.

**36.3**    All taxes, duties and customs fees connected with the execution of the present Final Contract and levied on the territory of the Seller shall be paid by the Seller and those levied on the territory of the Buyer shall be paid by the Buyer.

**36.4**    The Parties agree that the signing of the present Final Contract as well as each specification covering deliveries under this Final Contract may be carried out by fax and/or email, accompanied with an exchange of originals by post.

**36.5**    This Final Contract shall be valid for <u>90</u> (ninety) Business Days from the date of financial instruments coming into force. At the end of this term, this Final Contract may be extended for additional terms by express mutual agreement of the Parties in writing. Prolongation of this Final Contract may be carried out under the written approval of the Parties no less than 10 (ten) Business Days before expiration of the validity of this Contract and shall be subject to modifications necessary due to changes in appropriate markets.

**36.6**    As with any Commodity, whether Regulated or Unregulated, prices and availability shall be strictly subject to prevailing market conditions.

**36.7**    As with any Company, Seller reserves the right to change its Policies and Procedures at any time.

**36.8**    In the event of an upwards price fluctuation owing to a change in prevailing market conditions or as a result of internal Policy change(s) of the Seller Company, the difference in price shall be settled immediately by Wire Transfer ("T/T") by Buyer to Seller. Said price difference shall be settled in full and not only according to the percentage of Deposit paid, being paid, or to be paid.

**36.9**    The undersigned Parties warrant and affirm under penalty of perjury that each has the legal capacity and lawful authority vested in them to execute this Final Contract.

**36.10**    This Final Contract is drawn up in 4 (four) duplicates, in English, 2 (two) duplicates for each Party, and each duplicate having equal legal force of an original.

**36.11**    The following Appendices are integral parts of this Contract:
- Appendix I: Specification of Goods

$$E \& E = mc^2 \text{ }^{SM}$$

Page 17 of 29

**Initials of Parties:**    1. _EZBE_    2. _JI_



- Appendix II: Delivery Schedule
- Appendix III: Format of the Bank Letter of Readiness
- Appendix IV: Complete text of the Letter of Credit

**36.12** The Parties have read and understood the entire Final Contract; the signatories herein below affix their initials, signatures and seals hereto and in doing so accept the conditions and warranties herein contained in full measure. Each of the Parties hereby affirms and confirms their understanding and acceptance, and that each initial, signature and seal is hereby affixed by their decision and free will.

**36.13** During signing of the said duplicates of the Final Contract, the Parties shall exchange confirmation of authority for signing this Final Contract.

## XXXVII. COMMUNICATION

The Parties agree to initial, sign and seal said duplicates of the Final Contract and to exchange the present Final Contract by courier services (such as FedEx, DHL, UPS, etc.). However, a facsimile transmitted copy, duly initialed, signed and sealed, shall be deemed as an original if accompanied by said duplicates by courier within a reasonable period of time.

This Contract comprises <u>37</u> Articles and <u>4</u> Appendices which are integral parts of this Contract.

**IN WITNESS WHEREOF, the PARTIES** hereto and/or their authorized **REPRESENTATIVES UNDERTAKE TO EXECUTE** this **AGREEMENT:**

**SELLER:**                                    **DATE:** 31st March, 2006

**E & E STEEL TRADING**              **Company Seals:**
**a Registered Trade Name of**
**THE E & E GROUP LLC**

**Edward Z. Bine-Stock, Esq.**
**CEO & Managing Director**
**Signing for and on behalf of the Seller**

$$E \& E = mc^2 \text{ }_{SM}$$

Page 18 of 29

**Initials of Parties:**    1. _____ 2. _____
                           EZBE



---

**BUYER:**

DATE: 29|02|2006

**Immanuel Metal Corporation**

**Company Seals:**

Mr. J. Immanuel
**Sole Proprietor**
**Signing for and on behalf of the Buyer**

IMMANUEL METAL CORPORATION
389/4, W. G. C. ROAD,
TUTICORIN - 628 001.
INDIA.

E & E = mc² ˢᴹ
Page 19 of 29

**Initials of Parties:**   1. EZBE   2.



# APPENDIX I – SPECIFICATION

### E&E Contract Reference No.:C-E&E-IMC-0001-06

### E&E Transaction Reference No.: E&E-IMC-HMS1-1000MT-120

1. **Description of the Goods**

   HMS 1 in accordance with ISRI "Guidelines for Ferrous Scrap: FS-2004" provides the following general information regarding their specifications:

   a. Cleanness

   All grades shall be free of dirt, nonferrous metals, or foreign material of any kind, and excessive rust and corrosion. However, the terms "free of dirt, nonferrous metals, or foreign material of any kind" are not intended to preclude the accidental inclusion of negligible amounts where it can be shown that this amount is unavoidable in the customary preparation and handling of the particular grade involved.

   b. Off-grade material

   The inclusion in a shipment of a particular grade of iron and steel scrap of a negligible amount of metallic material which exceeds to a minor extent the applicable size limitations, or which fails to a minor extent to meet the applicable requirements as to quality or kind of material, shall not change the classification of the shipment, provided it can be shown that the inclusion of such off-grade material is unavoidable in the customary preparation and handling of the grade involved.

$$E \& E = mc^2 \text{ } _{SM}$$

Page 20 of 29

**Initials of Parties:** 1. ___ EZBE    2. ___ JP



c. Residual alloys

Wherever the term "free of alloys" is used in the classifications given
herein, it shall mean that any alloys contained in the steel are residual and have
not been added for the purpose of making an alloy steel. Steel scraps shall be
considered free of alloys when the residual alloying elements do not exceed the
following percentages:

Nickel..................................................0.45
Chromium..........................................0.20
Molybdenum......................................0.10
Manganese..........................................1.65

The combined residuals other than manganese shall not exceed a total of
0.60 percent.

d. Deviations

Any deviations from the general classifications of iron and steel scrap may
be consummated by mutual agreement between Buyer and Seller.

The Goods delivered shall be HMS 1 in accordance with ISRI Code Nos. 200,
201 and 202, as follows:

- ISRI Code 200:

    No. 1 heavy melting steel. Wrought iron and/or steel scrap ¼ inch and over
in thickness. Individual pieces not over 60 x 24 inches (charging box size)
prepared in a manner to insure compact charging.

- ISRI Code 201:

    No. 1 heavy melting steel 3 feet x 18 inches. Wrought iron and/or steel
scrap ¼ inch and over in thickness. Individual pieces not over 36 inches x 18
inches (charging box size) prepared in a manner to insure compact charging.



$$E \& E = mc^2$$ SM

**Initials of Parties:**    1. ___ EZBE    2. ___ JI



- ISRI Code 202:

    No. 1 heavy melting steel 5 feet x 18 inches. Wrought iron and/or steel scrap ¼ inch and over in thickness. Individual pieces not over 60 inches x 18 inches (charging box size) prepared in a manner to insure compact charging.

2. **Quantity**
   1,000 Metric Tonnes +/-5%.

**SELLER:**                                      **DATE:** 31st March, 2006

**E & E STEEL TRADING**                     **Company Seals:**
**a Registered Trade Name of**
**THE E & E GROUP LLC**



Edward Z. Bine-Stock, Esq.
**CEO & Managing Director**
**Signing for and on behalf of the Seller**

---

**BUYER:**                                      **DATE:** 29|04|2006.

**Immanuel Metal Corporation**              **Company Seals:**

Mr. J.Immanuel                               IMMANUEL METAL CORPORATION
**Sole Proprietor**                              380/4, W. G. C. ROAD,
**Signing for and on behalf of the Buyer**        TUTICORIN - 628 001,
                                                   INDIA.

$$E \& E = mc^2$$ SM

Page 22 of 29

**Initials of Parties:**   1.        2.
                          EZBE      JI



**E & E**
Steel Trading ®

---

## APPENDIX II – DELIVERY SCHEDULE

### E&E Contract Reference No.: C-E&E-IMC-0001-06

### E&E Transaction Reference No.: E&E-IMC-HMS1-1000MT-120

Delivery of the Goods is to be made within approximately 30 (thirty) to 45 (fourty-five) Business Days from the date of acceptance of the Letter of Credit by the Seller's bank. The total quantity of the Goods shall be 1,000 (One-Thousand) Metric Tonnes +/-5%.

**SELLER:**                                    **DATE:** 31st March, 2006

**E & E STEEL TRADING**                        **Company Seals:**
**a Registered Trade Name of**
**THE E & E GROUP LLC**



Edward Z. Bine-Stock, Esq.
**CEO & Managing Director**
Signing for and on behalf of the Seller

---

**BUYER:**                                     **DATE:** 29\04\2006

**Immanuel Metal Corporation**                 **Company Seals:**

IMMANUEL METAL CORPORATION
3B3/4. W. G. C. ROAD,
Mr. J. Immanuel                                **TUTICORIN - 628 001.**
**Sole Proprietor**                            **INDIA.**
Signing for and on behalf of the Buyer

$$E \& E = mc^2 \text{ SM}$$

Page 23 of 29

Initials of Parties:  1. _____  2. _____
                        EZBE         JI

F. No.259 - 497-8/2005

Telephone :     · + 91 461 2330158

Telex    :

Fax    :       + 91 461 2321693

Ref. No.



**The South Indian Bank Ltd.**

102, 40-41 Pereira Street

Branch  :     Tuticorin
Date    :     April 29, 2006

# LETTER OF READINESS

### E&E Contract Reference No.:C-E&E-IMC-0001-06

### E&E Transaction Reference No.: E&E-IMC-HMS1-1000MT-120

Date: April 29, 2006
To:
Edward Z. Bine-Stock, Esq., CEO & Managing Director
E & E Steel Trading
a Registered Trade Name of THE E & E GROUP LLC
1001 Bridgeway, #227
· Sausalito, CA 94965
U.S.A.
Telephone: (415) 331-4025
Fax: (415) 331-4023
Email: EandEGroup@EandEGroup.com
Website: www.EandEGroup.com

### E&E Contract Reference No.:C-E&E-IMC-0001-06

### E&E Transaction Reference No.: E&E-IMC-HMS1-1000MT-120

Dear Sir,
        In providing this Bank Letter of Readiness, SOUTH INDIA BANK, does
not assume any financial liability or any contractual relationship with the Parties.

        We certify only that Immanuel Metal Corporation has, as of this confirmation,
sufficient funds in its Account of Credit to complete the transaction indicated above

**Initials of Parties:**    1. _____    2. _____
                                EZBE

F. No.259 - 497-8/2005

Telephone :    + 91 461 2330158

Telex    :

Fax    :    + 91 461 2321693

Ref. No.



**The South Indian Bank Ltd.**
102, 40-41 Pereira Street
Tuticorin

Branch    :

Date    :    April 29, 2006

for the amount of approximately USD <u>168,000</u> (<u>One-Hundred-Sixty-Eight-Thousand</u>
<u>USD</u> ), the total LC amount in U.S. Dollars, should our Client wish to do so.

BANK OFFICER
Name, Title, Signature and Seal

BANK DETAILS
Bank Contact Person (English-speaking): Mr. Ramesh (Manager), Code No. 1280
Address: Post Box No. 102, 40-41 Pereira Street, Tuticorin 628001, India
Telephone: + 91 461 2330158
Fax: + 91 461 2321693
SWIFT: SOININ55090
Email: sibtuty@sancharnet.in

BUYER AND BANK ACCOUNT INFORMATION
Account Number: 81 - 1414
Account Name: Immanuel Metal Corporation
Legal Name: Immanuel Metal Corporation
Address: 389/4, W.G.C. Road, Tuticorin 628001, India
Contact Person (English-speaking): Immanuel . J
Telephone: + 91 461 2326232
Fax: + 91 461 2326234
Email: immanuel_imc@yahoo.com

BANK SEAL

For THE SOUTH INDIAN BANK LTD

R RAMESH 1280]
MANAGER

**Initials of Parties**:    1. _____    2. _____
    EZBE



The above form of the Bank Letter of Readiness is approved by:

**SELLER:**                                   **DATE:** 31ˢᵗ March, 2006

**E & E STEEL TRADING**                       **Company Seals:**
**a Registered Trade Name of**
**THE E & E GROUP LLC**



Edward Z. Bine-Stock, Esq.
**CEO & Managing Director**
**Signing for and on behalf of the Seller**

---

**BUYER:**                                    **DATE:** 29|04|2006.

**Immanuel Metal Corporation**               **Company Seals:**

Mr. J. Immanuel                               IMMANUEL METAL CORPORATION
**Sole Proprietor**                           389/4, W. G. C. ROAD,
**Signing for and on behalf of the Buyer**    TUTICORIN - 628 001,
                                              INDIA.

$$E \& E = mc^2 \quad {}_{SM}$$

Page 26 of 29

**Initials of Parties:**   1. _____   2. _____
                              EZBE

F. No.259 - 497-8/2005

Telephone : 2321693, 2330158-

Telex :

Fax :

Ref. No.

To
M/S. Immanuel Metal Corporation
389/4, WGC Road, Tuticorin.



BR:Tuticorin
Dt:-29/04

**The South Indian Bank Ltd.**
REGD. OFFICE: THRISSUR, KERALA

Branch : ടുട്ടിക്കോറിൻ
Date : 29.04.06

Dear Sir,

Sub:- Draft Letter of Credit
Rerf:- Your Request
----------------------------------

We wish to inform you that as an internal policy Measure our Bank has
Barred issuing Draft Letter of credits . As such We convey our inability
To issue Draft Letter of Credit .

Please inform your Counterpart accordingly.

Yours faithfully,
For THE SOUTH INDIAN BANK LTD.,

RAMESH 1290}
Senior Manager MANAGER



# **APPENDIX IV – LETTER OF CREDIT**

### **E&E Contract Reference No.:C-E&E-IMC-0001-06**

### **E&E Transaction Reference No.: E&E-IMC-HMS1-1000MT-120**

DRAFT ONLY

ON CONFIRMING BANK'S LETTERHEAD – A CORRESPONDING BANK OF
WELLS FARGO, N.A., USA

Letter of Credit No.:
Form of Credit: Confirmed, Irrevocable, Assignable, Divisible and Transferable Letter
of Credit (LC)
Date of Issue:
Date of Maturity: At Sight
Date of Expiration: 90 (ninety) Business Days from Date of Issue
Applicant:

Beneficiary:
E & E Steel Trading
a Registered Trade Name of THE E & E GROUP LLC
1001 Bridgeway, #227
Sausalito, CA 94965
U.S.A.

We, (Name of Confirming Bank), hereby open our Confirmed, Irrevocable,
Assignable, Divisible and Transferable Letter of Credit (LC) in favour of the
Beneficiary, E & E Steel Trading, for the Amount of US Dollars USD 168,000 (One-
Hundred-Sixty-Eight-Thousand USD), which is payable at Sight on presentation of
the following documents:

1. A written Demand indicating the Letter of Credit Number and Date of Issue.



$$E \& E = mc^2$$ SM

Page 27 of 29

**Initials of Parties:**    1. _____    2._____
                              EZBE          JI



2. Original signed Commercial Invoice issued by Seller/Beneficiary (4 (four) duplicates, each having the legal force of an original) covering the quantity and net weight delivered.

3. Full set of original and 4 non-negotiable copies of Bill of Lading, made out to the order of the Buyer.

4. Original inspection certificate (1 original and 3 copies) of quantity, weight and quality issued by Messrs. Alex Stewart Assayers at Loading port.

5. Packing list.

6. Original or Duplicate of Certificate of Origin issued by local American Chamber of Commerce confirming USA origin.

(This Confirmed and Irrevocable Letter of Credit must be confirmed at Applicant's expense by a Corresponding Bank of Wells Fargo Bank, N.A., USA.)

(All Demands for Payment have a Validity of 15 (fifteen) Business Days for negotiations after Bill of Lading(s) (BL) date. )

Partial Drawings and Multiple Drawings are permitted up to and including the Date of Expiration, until the total sum of this Confirmed, Irrevocable, Assignable, Divisible and Transferable Letter of Credit has been paid to the Beneficiary, E & E Steel Trading.

All Bank commissions, charges and other fees are for the account of the Applicant.

This letter of Credit is issued subject to the Uniform Customs and Practice for Documentary Credits, 1996 Revision, International Chamber of Commerce Publication No. 400/500.

By:
AUTHORIZED BANK OFFICER

By:
AUTHORIZED BANK OFFICER

$$E \& E = mc^2$$ SM

Page 28 of 29

Initials of Parties:  1. _____  2._____
                        EZBE        JI



**The above form of the Letter of Credit is approved by:**

**SELLER:**                              **DATE:** 31st March, 2006

**E & E STEEL TRADING**                  **Company Seals:**
**a Registered Trade Name of**
**THE E & E GROUP LLC**

_____
Edward Z. Bine-Stock, Esq.
**CEO & Managing Director**
**Signing for and on behalf of the Seller**

---

**BUYER:**                               **DATE:** _____.

**Immanuel Metal Corporation**           **Company Seals:**

_____.
**Mr. J. Immanuel**
**Sole Proprietor**
**Signing for and on behalf of the Buyer**

## END OF FINAL SALES & PURCHASE CONTRACT

$$E \& E = mc^2$$

SM

Page 29 of 29

**Initials of Parties:**   1. _____   2. _____
                              EZBE         JI

1       I declare under penalty of perjury under the law of the United States that the foregoing is

2   true and correct and that is declaration is executed on October 25, 2007 at Sausalito, California.

3

4                                          _____
                                           Edward Z. Blue-Stock, declarant
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION RE: PETITION TO ENFORCE MEDIATION AGREEMENT, etc.                    Page 5

# REQUEST FOR JUDICIAL NOTICE
# EXHIBIT "D"

Edward P. Cano
325 S. Flores
San Antonio, Texas 78204
Tel: (210) 223-1099
Fax: (210) 227-5353
edcanoattorney@sbcglobal.net
Texas State Bar No.: 03756700
Attorney for Plainitffs,
Thiru J. Immanuel and Immanuel
Metal Corporation

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | | |
|---|---|---|
| **THIRU J. IMMANUEL AND** | § | |
| **IMMANUEL METAL CORPORATION** | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.  C-07-03402-CW** |
| | § | |
| **EDWARD Z. BINE-STOCK,** | § | |
| **INDIVIDUALLY, E & E STEEL** | § | |
| **TRADING AND THE E& E** | § | |
| **GROUP, LLC** | § | |
| **Defendants** | § | |

### RESPONSE TO DEFENDANTS' PETITION TO ENFORCE PRE-LITIGATION
### MEDIATION AND ARBITRATION AGREEMENT AND FOR DISMISSAL
### OF ACTION; AND ALTERNATIVELY, MOTION TO DISMISS FOR
### FAILURE TO STATE A CLAIM AND FOR POSTING COST BOND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, the Plaintiffs in the above styled and numbered case who file this

Response to the Defendants' Petition to Enforce Pre-Litigation Mediation and Arbitration

Agreement and for Dismissal of Action; and Alternatively, Motion to Dismiss for Failure

to State a Claim and for Posting Bond and would show as follows:

Response to Defendants' Petition to EnforcelPre-Litigation Mediation and Arbitration
Agreement and for Dismissal of Action
Cause No. C-0703402-CW

1.      Pending before this court is the Defendants' Petition to Enforce Pre-

Litigation Mediation and Arbitration Agreement and for Dismissal of Action; and

Alternatively, Motion to Dismiss for Failure to State a Claim and for Posting Bond.

2.      The Plaintiff is in agreement with the Defendants' Petition to Enforce Pre-

Litigation Mediation and Arbitration Agreement [See attached Exhibit]. Since the

balance of the Defendants' request for relief is alternatively plead, such as the

Defendants' Rule 12(b) Motion to Dismiss, and for Cost Bond, same are moot.

3.      Therefore, Plaintiffs' request that the court grant relief consistent with an

enforcement of pre-litigation Mediation and/or Arbitration.

Wherefore Premises Considered, Plaintiffs request that relief consistent herewith be

granted.

                                        Respectfully submitted,

                                        By: /s/

                                            Edward P. Cano
                                            State Bar No. 03756700
                                            325 S. Flores
                                            San Antonio, Texas 78204
                                            (210) 223-1099
                                            (210) 227-5353
                                            Attorney for Plaintiffs

## ACKNOWLEDGMENT OF SERVICE

I, certify that a true and correct copy of this Motion and it accompanying

proposed Order will served with the Summons on each party in this case.

                                        /s/
                                        Edward P. Cano, Attorney at Law

Response to Defendants' Petition to Enforce2Pre-Litigation Mediation and Arbitration
Agreement and for Dismissal of Action
Cause No. C-0703402-CW

# REQUEST FOR JUDICIAL NOTICE
## EXHIBIT "E"

1  #1407
   LOUIS SPITTERS - SBN 112064
2  LAW OFFICES OF LOUIS SPITTERS
   96 North Third Street, Suite 500
3  San Jose, California 95112
   (408) 293-0463
4
5  Attorneys for Defendants,
   EDWARD Z. BINE-STOCK,
6  INDIVIDUALLY, E & E STEEL
   TRADING AND THE E & E
7  GROUP, LLC

8              **THE UNITED STATES DISTRICT COURT**
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                **OAKLAND, CALIFORNIA DIVISION**

10

11 THIRU J. IMMANUEL AND IMMANUEL )    Case No. C 07 3402 CW
   METAL CORPORATION,              )
12                                 )    NOTICE OF ENTRY OF JUDGMENT
                  Plaintiffs,      )    [Federal Rules of Civil Procedure, Rules 77 &
13                                 )    79]
   vs.                             )
14                                 )
   EDWARD Z. BINE-STOCK,           )
15 INDIVIDUALLY, E & E STEEL       )
   TRADING, and E & E GROUP, LLC,  )
16                                 )
                  Defendants.      )
17 _____ )

18

19 TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

20    PLEASE TAKE NOTICE that the Judgement of Dismissal attached hereto was entered by

21 the Court in this action on January 24, 2008.

22 DATED: January 25, 2008                LAW OFFICES OF LOUIS SPITTERS

23                                          /s/    LOUIS SPITTERS
                                         LOUIS SPITTERS
24                                       Attorney for Defendants,
                                         EDWARD Z. BINE-STOCK, Individually,
25                                       E & E STEEL TRADING and
                                         E&E GROUP, LLC
26

27

28

   **JUDGMENT OF DISMISSAL**                                          PAGE 1

1 | #1407
LOUIS SPITTERS - SBN 112064
2 | LAW OFFICES OF LOUIS SPITTERS
96 North Third Street, Suite 500
3 | San Jose, California 95112
(408) 293-0463
4

5 | Attorneys for Defendants,
EDWARD Z. BINE-STOCK,
6 | INDIVIDUALLY, E & E STEEL
TRADING AND THE E & E
7 | GROUP, LLC

8 | **THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9 | **OAKLAND, CALIFORNIA DIVISION**

10

11 | THIRU J. IMMANUEL AND IMMANUEL )    Case No. C 07 3402 CW
METAL CORPORATION, )
12 | )    JUDGMENT OF DISMISSAL
Plaintiffs, )    [Federal Rules of Civil Procedure, Rules 58 &
13 | )    79]
vs. )
14 | )
EDWARD Z. BINE-STOCK, )
15 | INDIVIDUALLY, E & E STEEL )
TRADING, and E & E GROUP, LLC, )
16 | )
Defendants. )
17 | )

18

19 | TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

20 | This cause came to be heard on the Petition of Defendants EDWARD Z. BINE-STOCK,

21 | E&E STEEL TRADING and E&E GROUP, LLC, to Enforce Pre-Litigation Mediation and

22 | Arbitration Agreement and for Dismissal of Action, pursuant to 9 U.S.C. Sections 2 and 201, et

23 | seq., on the grounds that the agreement upon which this action is based contains and enforceable

24 | pre-litigation mediation and arbitration agreement, and the Court having granted the Petition on

25 | December 21, 2007,

26 | IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this action is dismissed,

27 | without prejudice, on the grounds set forth in the Petition, that Judgment shall be and is hereby

28 | entered for Defendants EDWARD Z. BINE-STOCK, E&E STEEL TRADING and E&E GROUP,

JUDGMENT OF DISMISSAL             PAGE 1

1   LLC, and against Plaintiffs THIRU J. IMMANUEL and IMMANUEL METAL CORPORATION,

2   and that Defendants shall recover form Plaintiffs their costs herein.

3   Dated:   1/24/08

                                          Hon. CLAUDIA WILKENS

4                                        UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Case Name:   **Immanuel, et al. v Bine-Stock, et al.**
Case No.:      **C 07 3402 CW**

2

3 | ## PROOF OF SERVICE VIA U.S. MAIL

4 | I certify and declare as follows:

5 | I am over the age of 18 years, and not a party to this action.  My business address is 96 North

6 | Third Street, Suite 500, San Jose, California 95112, which is located in the county where the mailing

7 | described below took place.

8 | I am readily familiar with the business practice at my place of business for collection and

9 | processing of correspondence for mailing with the United States Postal Service.  Correspondence so

10 | collected and processed is deposited with the United States Postal Service that same day in the

11 | ordinary course of business.

12 | On January 25, 2008, at my place of business at 96 North Third Street, Suite 500, San Jose,

13 | California, (a copy of the attached/the following document): **NOTICE OF ENTRY OF**

14 | **JUDGMENT** was deposited in the United States Postal Service in a sealed envelope, with postage

15 | fully prepaid, addressed to:

16 | Kevin Gray
650 California St., 19th Fl.

17 | San Francisco, CA  94108
415.288.6600 / 415.288.6618 Fax

18 | **Attorney for Plaintiffs**

19 | and the envelope was placed for collection and mailing on that date following ordinary business

20 | practices.

21 | I certify and declare under penalty of perjury under the laws of the State of California that the

22 | foregoing is true and correct.

23 | Executed on January 25, 2008                                          /s/   SALLY WALLACE
                                                                                            SALLY WALLACE

24

25

26

27

28