Edward P. Cano
325 S. Flores
San Antonio, Texas 78204
Tel: (210) 223-1099
Fax: (210) 227-5353
edcanoattorney@sbcglobal.net
Texas State Bar No.: 03756700
Attorney for Plainitffs,
Thiru J. Immanuel and Immanuel
Metal Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | | |
|---|---|---|
| **THIRU J. IMMANUEL AND** | § | |
| **IMMANUEL METAL CORPORATION** | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.  C-07-03402-CW** |
| | § | |
| **EDWARD Z. BINE-STOCK,** | § | |
| **INDIVIDUALLY, E & E STEEL** | § | |
| **TRADING AND THE E& E** | § | |
| **GROUP, LLC** | § | |
| **Defendants** | § | |

## RESPONSE, OPPOSITION AND OBJECTION TO
## MOTION FOR ATTORNEYS FEES

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, the Plaintiffs in the above styled and numbered case who file this

Response and Objection to the Defendants' Motion for Attorneys Fees, and in support

hereof would show the court as follows:

1.       As set forth in the Plaintiff's Complaint, this suit is founded upon theories of

fraud, and RICO violations, emanating not only from the alleged Contract between the

parties, the validity, inducement, and procurement of which is being attacked in these

legal proceedings.    In essence, the entire legal existence of the alleged contract,

produced by fraud, and/or through an enterprise of criminal intent, is what the Plaintiff put in issue.

2.     Therefore, after these proceedings were commenced, the Defendant's insisted on the validity of the written agreement with respect to abatement of these proceedings insisting that it had a right to ascertain and determine the rights of the parties of and concerning the written agreement by binding arbitration.

3.     A written agreement to arbitrate can be waived, if not insisted upon.    Arbitration can be attained by steps set forth in the agreement, or by court order. There are no steps outlined in the agreement as to how, procedurally, Arbitration is to be voluntarily commenced.  A court order to arbitrate is efficient since a court order reduces efforts to delay, or engage in shell game tactics.

4.     It is ironic that the Defendants although having gained an acquiesced remedy of their choice of forum, in the form of Arbitration, because of the contested agreement, to further insist on the agreement in a painted up way, and say they "prevailed" in a way under the agreement so as to mandate a judicial award of attorneys' fees.    Yet, it is the Defendants who have invited this situation, and who have demonstrated an indifference to the agreement.

5.     For example, long before this case was filed, the Plaintiffs' sent a letter to the Defendant(s) informing the Defendant(s) in writing of the Plaintiffs claim, and requesting all relevant contractual documentation between the parties (The Plaintiffs counsel only had an unsigned copy of the subject agreement), and further informing the Defendants of an intention to file suit in Court for a remedy.  [Exhibit  A attached to appendix hereto and incorporated by reference]

6.     The Defendants' responded but never sent the contracts demanded, nor notified counsel for Plaintiff that the matter be insisted upon to be arbitrated.  [Exhibit B attached to appendix hereto and incorporated by reference].

7.     After counsel for the Plaintiffs indicated in a letter to opposing counsel that the Plaintiffs' would not oppose a dismissal and referral to arbitration in this case, counsel for the Plaintiffs' inquired as to whether the commencement of arbitration could be agreed to occur in the United States has not heard any response to a request to commence arbitration .  [Exhibit C attached to appendix and incorporated by reference].  The contested agreement requires not only that arbitration be held in the United Kingdom, but also that the laws of the United Kingdom would control the rights of the parties

8.     The Defendants can not have it both ways, relying on the alleged valid arbitration and/or mediation of its contested terms, then again, in argument because of the alleged contested contract, to permit attorneys fees under California Law, when the contract, expressly states that the Laws of the United Kingdom control the rights of the parties.

9.     The Defendants have hypocritically and carefully ignored and avoided the balance of the quoted provision of the alleged arbitration agreement to this court in support of their claim for attorneys' fees under California law.

10.     Section 32.1, page 15 of the alleged contract insisted upon by the Defendants twice states that:

       "The governing Law of this Contract shall be the substantive Law of England."

11.     Section 32.1, page 15 of the alleged contract insisted upon by the Defendants also provides that if the alleged binding arbitration decision in London by the arbiters not be

final and binding upon all parties, that such failure or binding effect, may be appealed to an English Court in London, which shall be "final and binding" upon all parties.

12.    Section XXII, page 16 of the alleged contract expressly says:

"..,reasonable Attorney's Fees to be fixed by the Court, Arbitrators, Mediator, **_or_** Adjudicative Authority." (Emphasis added by counsel).

13.    Section XXIX, page 14 of the alleged contract expressly provides:

"…no extrinsic evidence whatsoever may be introduced in any Judicial or Arbitration or Mediation proceedings involving this Agreement,…"

The Defendants have provided this court with evidence, extrinsic, in nature in support of their request for relief, which is objected to and should not be considered by this court.

14.    Section XXII, page 12 of the alleged contract states:

"This Contract is a full recourse, commercial Contract concluded under the substantive Law of England under which applicable law the construction, interpretation, execution, validity, enforceability, performance and such other matters related hereto shall be governed."

15.    Section XXVII, page 13 of the alleged contract declares:

"The Language in this Agreement shall be in all cases construed simply according to its fair meaning and not strictly for or against any of the Parties."

16.    Defendants prepared the contract, therefore, all interpretations and ambiguity, here now stated to be such, and claimed by the Plaintiffs, must be resolved in favor of the Plaintiffs.

17.    Ambiguities, relevant here, include, Cost of Suit, are not the same as cost of court. Prevailing party is not defined to which alleged entitlement of attorneys fees can be requested.

18.    Athough is there is considerable whining that Attorneys fees are justifed, without consideration of the merits of this case, because the Plaintiffs rushed to a United States Court, and there being no stated procedure in the Contract as to how and what method a demand for Arbitration was to commence, particularly, when the pre-suit of claim was ignored, together with the post suit respectful inquiry to commence the process has also been ignored, then what other recourse can be reasonably be available to the Plaintiffs, other than what was Ordered by this Court that the parties be Ordered to alternative dispute resolution?

19.    Furthermore, there has been invitation of error, if one was all made, by the Defendant.  For example, the Plaintiffs were justifiably lead to believe that Cost and Attorneys Fees were different and attorneys fees were not be included in the consent to dismiss this case.  [Exhibit D to Appendix attached and incorporated by reference].

20.    The Federal authorities relied upon by the Defendant are not applicable.  More directly, there no Federal cases cited where a case due to being referred to arbitration by court order was involved, and where was no merits considered in the judicial case. More indirectly, who is the prevailing party here, if any one at all.  The Plaintiffs who needed a court order to compel some form of attention and remedy, or another. Consideration of the merits is what is needed to answer whether a party as prevailed. Exarhos vs. Exarhos, ___ Cal Rptr 3d, 2008 WL 459807 (Cal. App. 4th Dist. 2008).

21.     Federal definition of cost, particularly where the litigation is not unreasonable or vexatious, does not include attorneys fees. 28 U.S.C. 1920; 28 U.S.C.1927; <u>Schultz v. Lamb</u>, 591 F.2d 1268, 1272 (9th Cir. 1978).  Attorneys fees should not be allowed if an action is brought in good faith.  Davis vs. USX Corp. 819 F2d 1270 (4th Cir. 1987); Weichman v. Northeast Inns of Meridian, Inc. 125 FRD 139 (S.D.Miss. 1989).

22.     The contract does not expressly say that attorneys fees, in the context of prevailing parties, meant to include attorney fees to stay or dismiss an action for judicial relief otherwise deemed to one to be resolved by arbitration.   <u>See</u>  <u>Cytodyn, Inc. v. Amerimmune Pharmaceticals, Inc.,</u> ___Cal Rptr. 3d ___, 2008 WL 444637 (Cal. App. 2nd Dist. 2008).

        Wherefore Premises Considered, the Plaintiffs pray that the Defendant Motion and Request for Relief be denied.


                                        Respectfully,


                                        /s/
                                        Edward P. Cano
                                        325 S. Flores
                                        San Antonio, Texas 78204
                                        (210) 223-1099
                                        (210) 227-5353
                                        Texas Bar No. 03756700

**Acknowledgement of Service**

      The above and foregoing was e filed and e mailed to opposing counsel on March 6, 2008.

/s/_____
Edward P. Cano
Attorney at Law

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | | |
|---|---|---|
| **THIRU J. IMMANUEL AND** | § | |
| **IMMANUEL METAL CORPORATION** | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.  C-07-03402-CW** |
| | § | |
| **EDWARD Z. BINE-STOCK,** | § | |
| **INDIVIDUALLY, E & E STEEL** | § | |
| **TRADING AND THE E& E** | § | |
| **GROUP, LLC** | § | |
| **Defendants** | § | |

**ORDER ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

On this day came before the court to be heard the Motion for Attorney's Fees, filed by Defendants.  After considering the motion the court finds that it should be denied.

**IT IS THEREFORE, ORDERED**, that the Motion for Attorney's Fees is hereby DENIED.

SIGNED this _____ day of _____, 2008.

_____
HONORABLE CLAUDIA WILKEN