```
#1407
LOUIS SPITTERS - SBN 112064
LAW OFFICES OF LOUIS SPITTERS
96 North Third Street, Suite 500
San Jose, California 95112
(408) 293-0463


Attorneys for Defendants,
EDWARD Z. BINE-STOCK,
INDIVIDUALLY, E & E STEEL
TRADING and THE E & E GROUP, LLC
```

## THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND, CALIFORNIA DIVISION

| | |
|---|---|
| THIRU J. IMMANUEL AND IMMANUEL METAL CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD Z. BINE-STOCK, INDIVIDUALLY, E & E STEEL TRADING, and E & E GROUP, LLC,<br><br>Defendants. | Case No. C 07 3402 CW<br><br>DEFENDANTS' REPLY BRIEF ON MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DEFENDANTS' COUNSEL IN SUPPORT THEREOF<br><br>DATE:   March 27, 2008<br>TIME:   2:00 p.m.<br>CTRM:   2 - 4th Floor<br>JUDGE:  Hon. Claudia Wilken |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants EDWARD Z. BINE-STOCK, INDIVIDUALLY, E & E STEEL TRADING, and E & E GROUP, LLC augment their Motion for Attorneys Fees and Costs in the sum of $1,800 for additional attorneys fees incurred in preparing Defendants' reply papers on this Motion, making Defendants Motion for Attorneys Fees and Costs total $13,381.86.

PLEASE TAKE FURTHER NOTICE that Defendants respectfully submit the following Reply Memorandum of Points and Authorities and Reply Declaration of Counsel in support of their Motion for Attorneys Fees and Costs in this action.

# I

# INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion for Award of Attorneys Fees consists of a series of objections or arguments that do not comport with law or do not accurately reflect the record in this action. In light of the evidence and authorities submitted in support of the motion, to which Plaintiffs offer no material or relevant opposition, the objections and opposition presented by Plaintiffs must be deemed to lack any merit whatsoever. The Court should disregard the assertions in Plaintiffs' Opposition and grant Defendants' motion for an award of costs and attorneys fees in this action.

# II

# PLAINTIFFS' OPPOSITION IS IMPROPER OR IRRELEVANT

In addressing the matters raised on Plaintiffs' Opposition to Defendants' Motion for Attorneys fees, Defendants shall attempt to summarize each of the objections or arguments raised. Defendants submit that the objections and arguments raised in opposition to the Motion are factually or legally improper or inaccurate and should be disregarded by the Court in ruling on this motion.

### 1. The Allegations of the Complaint Arise from the Parties' Contract.

Plaintiffs first assert that the Court should deny the motion because the complaint arises under the RICO statute, and not the parties' contract, and that the allegations of the complaint challenge the existence of the contract. This argument provides no support for denial of the motion.

First and foremost, the allegations purporting to assert a civil RICO claim, as explained in Defendants' Motion to Dismiss under Rule 12(b)(6), of which the Court may take judicial notice, were specious at best. (See, Memorandum of Points and Authorities in Support of Petition to Enforce Pre-Litigation Mediation and Arbitration Agreement and Motion to Dismiss for Failure to State a Claim: pages 5-8). Secondly, the complaint was a transparent attempt to disguise a contract dispute under the shroud of a civil RICO claim. This Court should not countenance this disingenuous attempt to mislead the Court about the substance of the parties' dispute. See,

1 Norman v Niagra Mowhawk Power Corp., 873 F.2d 634, 637 (2d Cir.1989) ("[a]rtful invocation of controversial civil RICO, particularly when inadequately pleaded, cannot conceal the reality [of] the gravamen of the complaint").

Most significantly, attorneys fees are recoverable by the prevailing party where a contract dispute gives rise to an alleged RICO claim.  See, Stitt v Williams, 919 F.2d 516, 529-30 (9th Cir.1990); and Trustees v Golden Nugget, Inc., 697 F.Supp. 1538, 1558 (C.D.Cal.1988).

The fact that the complaint challenged the existence of the contract does not preclude an award of attorneys fees.  Attorneys fees are awarded in actions where the dispute centers on whether the contract exists or may be enforced.  See, Sessions Payroll Management, Inc. v. Noble Const. Co., Inc., 84 Cal.App.4th 671, 678 (2000); Ranier National Bank v Bodily, 232 Cal.App.3d 83, 86 (1991)("prevailing party is entitled to attorneys fees [under Section 1717] even when it wins on the grounds that the contract is inapplicable, invalid, unenforceable or nonexistent"); and On v Cow Hollow Properties, 22 Cal.App.3d 1568, 1574 (1990).

**2.     Defendants Properly Enforced the Parties' Mediation/Arbitration Agreement.**

Plaintiffs next assert that the motion should be denied because Defendant sought enforcement of the parties' Pre-Litigation Mediation and Arbitration agreement after this action was commenced.  Defendant was privileged and entitled to do so.  See, 9 U.S.C. Sections 2 and 201, et seq.  See, eCash Technologies, Inc. v Guagliardo, 210 F.Supp.2d 1138, 1152 (C.D.Cal. 2001)(applying litigation privilege codified in California Civil Code Section 47).

**3&18.  Defendants Did Not Waive the Mediation/Arbitration Agreement.**

Plaintiffs urge in these arguments that Defendants somehow waived or evaded enforcement of the parties' Pre-Litigation Mediation and Arbitration Agreement, and that the motion should be denied on that basis.  This argument should have been made in opposition to the Petition to Enforce the agreement.  Plaintiffs waived their right to assert it.

Plaintiffs further urge that the motion should be denied because the agreement does not have a prescribed self executing mechanism for its enforcement.  That argument, too, has been waived by Plaintiffs' failure to assert it in opposition to the subpoena.  Moreover, it is common knowledge that a mediation or arbitration agreement may be enforced by making a demand for the

applicable alternative dispute resolution process, and thereafter seeking judicial relief if the other party does not respond properly to the demand.  See, <u>Segal v Silberstein</u>, 156 Cal.App.4th 627 (2007).  Attorneys are presumed to know such an elemental principle of law.  See, <u>Caswell v U.S.</u>, 205 F.Supp. 576, 580 (N.D.Cal. 1962); <u>Warner v U.S.</u>, 204 F.Supp. 767, 771 (S.D.Cal. 1962)

**4.    Defendants are Prevailing Parties Entitled to Attorneys Fees.**

Plaintiffs next assert the motion should be denied because they cannot be considered the prevailing party in this proceeding.  This position is incorrect as a matter of law.  <u>Otay River Constructors v San Diego Expressway</u>, 158 Cal.App.4th 796, 806-807 (2008); <u>Acosta v Kerrigan</u>, 150 Cal.App.4th 1124, 1129-1132 (2007) (prevailing party on petition to compel arbitration entitled to attorneys fees under Section 1717).

**5.    Plaintiffs Failed to Mediate or Arbitrate Before Bringing This Action.**

Plaintiffs next concede that after they advised Defendants of a claim involving their agreement, they intended to proceed with litigation without complying with the parties' Pre-Litigation Mediation and Arbitration agreement.  The justification for taking this course of action should have been raised in opposition to Defendants' Petition, and provides no basis for denying the pending motion.  Plaintiffs were never foreclosed from demanding mediation and arbitration prior to bringing this action, but they admit they never did so.

**6.    The Contract Was Available to Plaintiff's Counsel from His Clients.**

Plaintiffs next assert that the motion should be denied because Defendants did not respond to a request from Plaintiff's counsel for a copy of the parties agreement.  Counsel offers no explanation why he could not have obtained these documents from his clients.  Moreover, this argument is not relevant to Defendants' entitlement to recovery of their attorneys fees incurred in this action.

**7.    Further Proceedings Between the Parties Are Not Relevant to this Motion.**

Plaintiffs next assert, inaccurately, that since the dismissal of the complaint counsel has made inquiries concerning further proceedings in furtherance of the parties' mediation and arbitration agreement. This assertion, untrue though it is, has no bearing on the pending motion even were there the slightest hint of truth to it.

**REPLY MEMORANDUM OF POINTS & AUTHORITIES RE: MOTION FOR ATTORNEYS FEES    PAGE 4**

**8-11&14.   Defendants Do Not Seek to Enforce the Contract's Choice of Law or Venue Provisions.**

Plaintiffs next claim the motion should be denied because the Pre-Litigation Mediation and Arbitration agreement contains a choice of law provision specifying the law of the United Kingdom shall apply to this action. Defendants' Memorandum and Declaration supporting the Petition expressly stated it would not seek enforcement of this provision. (See, Memorandum, page 4; and Request for Judicial Notice in Support of Motion [RJN] 3: Declaration of Edward Bine-Stock, page 4). These provisions are severable. Ingle v Circuit City Stores, Inc., 328 F.3d 1185, 1180 (9th Cir. 2003). In all events these arguments should have been raised in opposition to the petition and are not relevant to the instant motion.

**12.   This Court May Determine the Amount of Defendant's Attorneys Fees.**

Plaintiffs appear next to argue that this Court lacks authority to rule on Defendants' motion for attorneys fees. This assertion is contrary to law. See, Otay River Constructors v San Diego Expressway; Acosta v Kerrigan; supra.

**13&15-16.   Sections XXIX and XXVII of the Contract Have No Application to this Motion.**

Plaintiffs assert that Section XXIX of the parties contract, a parole evidence provision, which addresses the issue of what evidence may be introduced at mediation or arbitration to interpret the agreement has some relevant to this motion. It plainly does not. Moreover, Plaintiffs have not identified what allegedly improper evidence Defendants have submitted on the motion, what evidence they object to, and why the Court should not consider it. The Court should disregard this argument in its entirety.

Plaintiff also asserts that Section XXVII of the contract, a plain language provision, also has some relevance to this motion. This is equally untrue. This motion does not entail, nor does it require, the Court to examine or interpret the parties' Contract.

In a similar vein, Plaintiffs assert that ambiguities in the parties contract should be resolved in favor of Plaintiffs. As with the points discussed above, this matter has no bearing on this motion.

1   Arguments addressing these issues should have been raised in opposition to the Petition.
2   Plaintiffs waived their right to do so, and these arguments have no bearing whatsoever on the
3   present motion.

4   **17.   "Costs of Suit" Is Not Ambiguous, and Here Includes Attorneys Fees.**

5   The Court may take judicial notice that the term costs of suit commonly understood by
6   practitioners to include those items specified in 28 U.S.C. Section 1920, but that costs include
7   attorneys fees where the parties' dispute arises from a contract providing for an award of attorneys
8   fees to the prevailing party. This is generally accepted principle in the courts of the Ninth Circuit
9   (Diamond v John Martin Co., 753 F.2d 1465 (9th Cir.)), and in the courts of he Fifth Circuit where
10  Plaintiffs' counsel practices. (First Nationwide Bank v Summer House Joint Venture, 902 F.2d
11  1197, 1199 (5th Cir. 1990)). Plaintiffs' counsel is presumed to know this fundamental legal
12  principle. Caswell v U.S.; Warner v U.S.; supra.

13  **19.   Plaintiffs Cannot Claim Ignorance that Costs Include Attorneys Fees.**

14  Plaintiffs next urge that the motion should be denied because Plaintiffs' counsel was
15  unaware that costs in this case would include attorneys fees. This assertion is patently false, for a
16  number of reasons. First and foremost, Plaintiffs sought attorneys fees on their contract. (See,
17  RJN 1: Complaint, paragraph 1). Secondly, Plaintiffs' counsel claims he was "led to believe"
18  (without stating how, or explaining why such a belief was reasonable) that attorneys fees were not
19  to be included in Defendants' costs. As explained above, Plaintiffs' counsel is presumed to know
20  this fundamental legal principle. Caswell v U.S.; Warner v U.S.; supra.

21  **20.   Defendants are Prevailing Parties Entitled to Attorney Fees.**

22  Plaintiff assert that the authorities cited in support of the motion are not applicable, without
23  stating why or offering any authority contrary to the principles of law set forth in the motion.
24  Plaintiff also disputes that Defendants are the prevailing party in this action. As explained
25  previously, this assertion is contrary to law. Otay River Constructors v San Diego Expressway;
26  Acosta v Kerrigan; supra.

27  The attorneys fees provision of the parties' contract provides for prevailing party attorneys
28  fees in any proceeding "arising from this Agreement." (See, RJN 3: Exhibit A to Declaration of

**REPLY MEMORANDUM OF POINTS & AUTHORITIES RE: MOTION FOR ATTORNEYS FEES   PAGE 6**

1  Edward Bine-Stock in support of Motion, Section XXXIII (page 16 of 29)).  An attorneys fees
2  provision this broad will afford recovery of attorneys fees for most any claim arising from this
3  contact, even tort claims (Marsu B.V. v Walt Disney Co., 185 F.3d 932, 939 (9th Cir. 1999), or as
4  here, a Petition to Enforce a mediation and arbitration agreement.  Otay River Constructors v San
5  Diego Expressway; Acosta v Kerrigan; supra.  Plaintiff offers no authority demonstrating that
6  Defendants have not met the well settled standard for the status of prevailing parties.  Lads
7  Trucking Co. v Board of Trustees of Western Conference of Teamsters Pension Trust Fund, 777
8  F.2d 1371, 1375-1376 (9th Cir. 1985).

9  Plaintiffs' reliance upon the recent California decision in Exarhos v Exharhos, ___
10 Cal.App.4th ___, 72 Cal.Rptr.3d 409 (2008), affords no basis for denying Defendants' Motion for
11 Attorneys Fees and Costs.  That decision affirmed the award of attorneys fees against a non-
12 signatory to the agreement, but otherwise endorses and applies the authorities and principles
13 supporting Defendants' motion.

14 **21.    This Motion for Attorneys Fees is Governed by California Law.**

15 Plaintiffs assert that the substance of Defendants' motion for attorneys fees and costs must
16 be governed by the federal definition of costs.  This position is incorrect as a matter of law.

17 Plaintiffs' opposition fails to address the indisputable facts that Plaintiffs invoked this
18 Court's diversity jurisdiction in filing this action (See, RJN 1: Plaintiff's Civil Cover Sheet,
19 Sections II and III; and RJN 1: Complaint, paragraphs 1-6, and especially paragraph 1, citing 28
20 U.S.C. Section 1332), that the parties' dispute is grounded upon and arises from a contract (See,
21 RJN 1: Plaintiff's Civil Cover Sheet, Section V [Contract action] and Section VI ["Defendants
22 stole principal amount of $52,500 under false pretext of a contract"], and Complaint: page 3,
23 paragraph 3).

24 Under these circumstances,  this Court must apply California law on the issue of awarding
25 prevailing party attorneys fees.  Schultz v Lamb, 591 F.2d 1268, 1272 (9th Cir. 1978).  Though
26 Plaintiff cites the decision in Schultz v Lamb, supra, for its reference to the federal definition of
27 costs, Plaintiffs ignore the following sentence of the opinion which mandates that this court apply
28 California law in ruling on this motion.  Id.

**REPLY MEMORANDUM OF POINTS & AUTHORITIES RE: MOTION FOR ATTORNEYS FEES    PAGE 7**

1    California law provides that the prevailing party in an action arising from contract **shall** recover its costs and attorneys fees.  California Civil Code §1717; Diamond v John Martin Co., supra.  A prevailing party, as defined by California Code of Civil Procedure §1032 is "one in whose favor a dismissal is entered."  Cano v Glover, 143 Cal.App.4th 326, 331(2006) (defendant receiving dismissal is prevailing party, whether dismissal is voluntarily or involuntarily, or with or without prejudice).  California Code of Civil Procedure §1032(b) provides that the prevailing party shall recover, as a matter of right, his costs incurred in any action or proceeding.  California Code of Civil Procedure §1033.5(a)(10)(A)&(C) entitles Defendants to recovery of their attorneys fees and costs incurred when authorized by statute or law.

Plaintiffs' reliance on Davis v USX Corp., 819 F.2d 1270 (4th Cir 1989) purport, as implied by Plaintiff, to support a "good faith" defense to a motion for attorney fees.  In that case, the district court was found to have erred in imposing a condition on the granting of Plaintiff's voluntarily dismissal payment of a portion of the defendants' attorneys fees.  The Court of Appeals held this condition an abuse of discretion because the dismissal was not sought in bad faith, and the defendant would not suffer undue prejudice.  That decision in no way supports the denial of Defendants' motion for attorneys fees in this case, where the Plaintiffs refused to voluntarily dismiss their action (See Exhibit C to Declaration of Defendants' Counsel in Support of Motion) and has caused thereby Defendant to incur substantial attorneys fees in litigating a Petition to Enforce the parties' Pre-Litigation Mediation/Arbitration, which Plaintiffs subsequently decided not to oppose.  Defendants have been prejudiced by Plaintiffs' actions in pursuing a meritless action.

Nor does Plaintiffs' reliance upon CytoDyn, Inc. V Amerimmune Pharmaceuticals, Inc., ___ Cal.App.4th ___, 72 Cal.Rptr.3d 600 (2008) support denial of Defendants Motion for Attorneys Fees and Costs.  There the court reversed an award of attorneys fees because the contract and statute under which they were sought were not sufficiently broad to cover the action upon which Defendant prevailed.  As discussed previously in Section 20, supra, the attorneys fees provision in the parties' contract is very broad and covers the action Plaintiffs' commenced and the Petition to Enforce the parties' Pre-Litigation Mediation and Arbitration proceeding.

**REPLY MEMORANDUM OF POINTS & AUTHORITIES RE: MOTION FOR ATTORNEYS FEES     PAGE 8**

# III

# CONCLUSION

This Court, in ruling on Defendant's Motion for Attorneys Fees and Costs, should in light of the full record in this action award the full amount of attorneys fees and costs incurred by Defendants in defending this meritless action. Plaintiff commenced an action without having complied with the parties' Mediation and Arbitration agreement. Plaintiffs filed a specious, facially and fatally defective complaint purporting to allege a civil RICO action. Plaintiffs ignored a letter submitted pursuant to Rule 11 requesting that the action be dismissed, or at the very least, that individual defendants be dismissed in light of Plaintiffs' inability to alleged truthfully predicate facts necessary for the assertion of a civil RICO action. Plaintiffs ignored requests that the action be dismissed in light of their refusal to mediate and arbitrate before having brought the action. On the eve of their deadline for opposing the Petition to Enforce the parties' Pre-Litigation Mediation and Arbitration agreement, Plaintiffs elected not to oppose the Petition and allowed judgment to be entered on the complaint. (See, RJN: 4). Plaintiff half-heartedly, at best, complied with their obligation to meet and confer prior to the bringing of this motion. Finally, the opposition to the motion submitted by Plaintiffs fails to present by way of applicable legal authorities or relevant evidence, any legitimate basis for denial of the motion. Defendants have been put to a considerable expense in defending this meritless action.

Therefore, Defendants EDWARD Z. BINE-STOCK, INDIVIDUALLY, E & E STEEL TRADING, and E & E GROUP, LLC request that the Court grant their Motion for Attorneys Fees and Costs in its entirety, including the additional attorneys fees of $1,800.00 incurred in preparing this Reply, for a total of $13,381.86 in attorneys fees and costs incurred herein.

Respectfully submitted,

DATED: March 13, 2008           LAW OFFICES OF LOUIS SPITTERS

 /s/ Louis Spitters
LOUIS SPITTERS
Attorney for Defendants,
EDWARD Z. BINE-STOCK,
INDIVIDUALLY, E & E STEEL TRADING,
and THE E & E GROUP, LLC