IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIRU J. IMMANUEL and IMMANUEL METAL CORPORATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>EDWARD Z. BINE-STOCK, E&E STEEL TRADING, and E&E GROUP, LLC;<br><br>    Defendants.<br>_____/ | No. C 07-3402-CW<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS |

    Defendants Edward Z. Bine-Stock, E&E Steel Trading and E&E Group, LLC move for an award of attorneys' fees and costs. Plaintiffs Thiru J. Immanuel and Immanuel Metal Corporation oppose the motion. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court grants Defendants' motion.

BACKGROUND

    Plaintiffs filed this action on June 28, 2007. Defendants filed a petition to enforce an arbitration provision in the contract or, in the alternative, to dismiss the case for failure to

state a claim. Counsel for Plaintiffs filed a statement indicating that Plaintiffs were "in agreement with the Defendants' Petition to Enforce Pre-Litigation Mediation and Arbitration Agreement." Plaintiffs' Response at 2. The Court granted Defendants' petition to enforce the pre-litigation mediation and arbitration agreement and dismissed the case without prejudice to re-filing after mediation and arbitration.

Defendants now move for an award of $13,381.86 in attorneys' fees and costs incurred since the filing of this action.

## DISCUSSION

Defendants argue that they are entitled to fees based on a provision in the contract between the parties that provides,

> Should any Party file any action, or bring any proceedings, against another Party arising from this Agreement, the prevailing Party shall be entitled to recover as an element of their Cost of Suit, and not as Damages, reasonable Attorney's Fees to be fixed by the Court.

Defendants argue that because they are entitled, under California law, to recover their costs, they are entitled, under the contract, to recover their attorneys' fees.

Plaintiffs counter that English, not California, law controls because the contract states, "This Contract is a full recourse, commercial Contract concluded under the substantive Law of England under which applicable law the construction, interpretation, execution, validity, enforceability, performance and such other matters related hereto shall be governed." However, Plaintiffs do not argue that Defendants are not entitled to costs or attorneys' fees based on the contract, under English law.

2

The contract is quite clear that attorneys' fees are to be granted as an element of the prevailing party's costs. Because Plaintiffs have provided no argument that Defendants are not entitled to fees or costs under English law, the Court finds that Defendants are so entitled.

Plaintiffs also do not argue that the amount of fees and costs sought by Defendants is unreasonable. Having reviewed the declaration of Defendants' counsel filed in support of the motion, the Court finds that the amount requested is reasonable. However, Defendants included in their request three hours "for travel to court and to appear for the hearing on the motion." Spitters Decl. ¶ 7. The motion was taken under submission on the papers. Therefore, the Court subtracts $900, representing three hours billed at $300 per hour, for a total award of $10,681.86.

## CONCLUSION

For the foregoing reason, Defendants' motion for attorneys' fees is GRANTED in part (Docket No. 54).[1] The Court awards Defendants $10,681.86 in attorneys' fees and costs to be paid forthwith by Plaintiffs.

IT IS SO ORDERED.

Dated: 3/31/08

CLAUDIA WILKEN
United States District Judge

---

[1] Defendants' concurrently filed request for judicial notice is DENIED as unnecessary (Docket No. 59). The documents that are the subject of Defendants' request are papers and orders filed before this Court in this case. As such, they are already part of the record.

3